# Morgan Lewis

**Melissa C. Rodriguez**
+1.212.309.6394
melissa.rodriguez@morganlewis.com

July 31, 2026

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Rana v. JPMorgan Chase Bank, N.A., et al.*, **Case No. 26-CV-06351 (ALC)**

Your Honor:

We represent Defendant Lorna Hajdini ("Ms. Hajdini") in the above-referenced matter. We write respectfully to oppose Plaintiff Chirayu Rana's ("Plaintiff") letter motion to permanently seal his original Complaint, ECF No. 1. *See* ECF No. 11.

Preliminarily, Plaintiff states that "[n]o defendant has yet appeared, and there is accordingly no opposing counsel upon whom this letter may be served." ECF No. 11 at 2. This is incorrect. Although Ms. Hajdini had not yet been formally served or appeared in this action as of the date of Plaintiff's motion to seal, Plaintiff's counsel is well aware that she is represented by Morgan, Lewis & Bockius LLP, which has been representing Ms. Hajdini in the case styled *Chirayu Rana v. JPMorgan Chase & Co. et al.*, Index No. 155620/2026, which Plaintiff commenced in the New York State Supreme Court, New York County, on April 27, 2026, under a pseudonym and without first obtaining permission to proceed anonymously.[1]

---

[1] After the state court denied Plaintiff's anonymity application, Plaintiff moved to discontinue that action so that he could pursue substantially the same false allegations against Ms. Hajdini in this matter. In support of discontinuance, Plaintiff repeatedly represented in his written submissions that he accepted the anonymity ruling, would proceed under his legal name, and was not attempting to evade the consequences of that ruling. He characterized the anticipated federal action as a public, legal-name filing and argued that discontinuance would merely avoid duplicative litigation under his legal name in state court. Yet, having obtained discontinuance and commenced this action, Plaintiff now seeks to seal the only version of his federal Complaint that reveals the embedded reviewer annotations raising questions concerning the chronology, drafting, and reliability of his allegations.

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY 10178-0060          **T** +1.212.309.6000
United States                    **F** +1.212.309.6001

The Honorable Andrew L. Carter, Jr.
July 31, 2026
Page 2

Plaintiff's assertion that there was no opposing counsel to notify is particularly untenable in light of the parties' communications immediately before his sealing request. On July 27, 2026, the undersigned expressly advised Plaintiff's counsel by email that Morgan Lewis was aware Plaintiff had filed this action and discussed service through the Fed. R. Civ. P. 4 waiver of service process. *See* Exhibit A. Plaintiff's counsel therefore knew both that Ms. Hajdini was represented and precisely whom to notify before seeking permanent sealing the following day.

Furthermore, Plaintiff's application to permanently seal his original Complaint should be denied.[2] The Complaint is a judicial document subject to the well-established presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). To overcome that presumption, Plaintiff bears the burden of offering specific facts demonstrating that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Ms. Hajdini does not dispute that sealing or redaction may be appropriate where a party identifies a sufficiently compelling countervailing interest and requests relief narrowly tailored to protect that interest. Plaintiff, however, has made no such showing here. Plaintiff seeks to seal the Complaint because it contains three annotations, each labeled "Claude (proofread)."[3] His description of the material as "sensitive, internal reviewer annotations," without further explanation, does not establish that the annotations contain privileged, confidential, propriety, or otherwise protectable information, or identify another higher value that would warrant sealing this judicial document. While inadvertence may explain how the Complaint annotations they seek to shroud from the public were filed, it does not establish why they should be removed from the public record.

The request is also materially overbroad. Plaintiff seeks to seal an 82-page Complaint because it contains three annotations. Two concern punctuation and defined-term capitalization in paragraphs 225 and 230. The annotation placed alongside paragraph 238, but addressing the April 13, 2026 allegation in paragraph 236, is substantively different:

> CHRONOLOGY. This meeting is dated April 13, 2026, but the state-court action was not commenced until April 27, 2026 (Procedural History), and ¶220 alleges that as of March 1, 2026 Mr. Rana 'had commenced no lawsuit against anyone.' On April 13 there was only the EEOC charge. Consider 'Mr. Rana's EEOC charge' or 'Mr. Rana's claims.

That is not a typographical correction. It flags that the Complaint attributes advance knowledge of a "lawsuit" to a third party before any lawsuit had been commenced and proposes replacing that allegation with a materially different description. That annotation

---

[2] Of course, irrespective of whether sealed, ECF No. 1 remains part of the record and may be cited and relied upon by the parties in this litigation.
[3] Claude is an artificial intelligence ("AI") platform.

The Honorable Andrew L. Carter, Jr.
July 31, 2026
Page 3

bears directly on the chronology, factual support, and reliability of a serious (false) allegation Plaintiff elected to place before the Court. Plaintiff should not be permitted to conceal material bearing on the integrity of his pleading merely because its implications are now inconvenient.

The presumption of access exists to promote judicial accountability and public confidence in the administration of justice. *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). On the present motion and record, Plaintiff has identified no countervailing interest sufficient to overcome that presumption.

Therefore, Ms. Hajdini respectfully requests that the Court deny Plaintiff's motion on the present record and direct that ECF No. 1 be unsealed.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez

c: All Counsel of Record (via ECF)