

| Downtown Manhattan Office | Midtown Manhattan Office | Newark Office |
|---|---|---|
| One World Trade Center, 85th Floor | 825 Third Avenue, Suite 2100 | One Gateway Center, Suite 2600 |
| New York, New York 10007 | New York, New York 10022 | Newark, New Jersey 07102 |
| Philadelphia Office | Boston Office | Orlando Office |
| 1650 Market Street, Suite 3600 | 225 Franklin Street, 26th Floor | 300 N. New York Avenue, Suite 832 |
| Philadelphia, Pennsylvania 19103 | Boston, Massachusetts 02110 | Winter Park, Florida 32790 |

August 3, 2026

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

**Re:    Rana v. JPMorgan Chase Bank, N.A., et al., No. 1:26-cv-06351-LAK**

Dear Judge Kaplan:

This firm represents Plaintiff Chirayu S. Rana. We write in reply to the letters filed by Defendant Lorna Hajdini ("Hajdini") (ECF No. 19) and Defendant JPMorgan Chase Bank, N.A. ("JPMC") (ECF No. 20) and respectfully request that the Court grant Plaintiff's request that the Complaint (ECF No. 1) be permanently sealed.

The posture of this application is narrow, and it is worth stating plainly at the outset. Plaintiff filed his Complaint on July 27, 2026 (ECF No. 1), and it was inadvertently transmitted with three internal drafting annotations that had remained embedded in the underlying word-processing file. Plaintiff contacted the Clerk's Office, which provided Plaintiff with the appropriate procedures—contact the ECF Help Desk to request a temporary sealing, file a corrected pleading, and, once a Judge was assigned, file a request to have the inadvertent filing temporarily sealed.  As directed, the undersigned contacted the ECF Help Desk, which sealed the filing on a temporary basis. Plaintiff did so within hours, changing nothing of substance and removing only the internal annotations. The corrected Complaint, ECF No. 4, is public and every single one of its 320 paragraphs is publicly available. The single question before the Court is whether three internal drafting notes—the only difference between ECF No. 1 and the public pleading (ECF No. 4)—must also be published.

As a preliminary matter, neither opposition identifies any harm from sealing. JPMC's letter does not address the sealing standard, cites no authority on it, and requests no relief; it is styled solely to "correct the record" about whether Plaintiff's counsel should have copied firms that had not yet appeared. ECF No. 20.  Ms. Hajdini's letter concedes the dispositive point in a footnote: "irrespective of whether sealed, ECF No. 1 remains part of the record and may be cited and relied

upon by the parties in this litigation." ECF No. 19 at 2 n.2. Sealing thus deprives Defendants of nothing to which any litigant is entitled. It prevents only public circulation of internal drafting annotations—which is the only thing Defendants are actually seeking.

## I.    Plaintiff Followed the Clerk's Directive and the Court's ECF Rules Precisely

The Court's ECF Rules & Instructions Rule 21.7 ("Rule 21.7") prescribe a specific protocol when sensitive or confidential information is filed in error: the filer contacts the ECF Help Desk by email under the subject line "Emergency Sealing Request," whereupon the filing is temporarily sealed and made inaccessible to PACER users; the filer moves to seal, publicly; and the filer electronically files a corrected or redacted version of the mistaken filing. Id.  That is precisely what Plaintiff did, in that order, within hours of the inadvertent filing.  Nevertheless, Defendants take issue with the procedure followed by Plaintiff as directed by this Court's Clerk's Office and Rule 21.7.

Transparently, neither Defendant contends that any of those steps was wrong, untimely, or contrary to any rule. Nor does either Defendant identify anything Plaintiff should have done differently to correct the filing. That is because Plaintiff did exactly what the Clerk's Office instructed and exactly what Rule 21.7 contemplates. A litigant who follows the Court's own error-correction procedure to the letter should not have that procedure sensationalized into some wrongdoing.  Plaintiff was simply following the Court's directive.

Defendants' sole procedural complaint is that ECF No. 11 stated that no defendant had appeared and there was accordingly no opposing counsel upon whom the letter could be served. That statement was literally accurate: as of July 28, 2026, no Defendant had appeared in this action. Neither Defendant can credibly state otherwise—the record is what it is. No misdirection was intended, and none occurred. The letter motion was filed in public view, as the rules require, and was visible to Defendants and to the world the moment it was docketed—which is how both firms came to respond to it within three days. There is no prejudice, no concealment, and, most importantly, no connection whatsoever between that grievance and the pertinent rule or sealing standard.

## II.    Defendants Seek Publicity, Not Access

The purpose for which unsealing is sought is apparent from Defendants' own letters. Hajdini's letter reproduces the annotation—which she knows has been temporarily sealed—verbatim, in full, on the public docket. ECF No. 19 at 2. It then appends a footnote advising the Court, gratuitously, that "Claude is an artificial intelligence ("AI") platform." Id. at 2 n.3. Neither the block quotation nor the footnote advances any argument. Both are calculated for an audience outside this courtroom.

That has two consequences. First, having republished the material themselves, Defendants cannot credibly claim that sealing withholds information from the public. Second, their conduct answers the question the Court is actually asked to weigh. The presumption of access exists so that the public may monitor the administration of justice, not so that a litigant may extract material from an adversary's docketing error and place it into the press. And Mirlis v. Greer, 952 F.3d 51 (2d Cir. 2020), which Hajdini cites, denied access precisely where the requester's purpose was public dissemination and no corresponding public need was identified.

Here, JPMC's submission is devoted entirely to a moot service grievance and requests no relief at all. ECF No. 20. Hajdini's submission devotes its opening page and a lengthy footnote to a resolved state-court anonymity application and gratuitously characterizes Plaintiff's allegations as "false" three separate times in a letter concerning a docketing correction. ECF No. 19. None of that bears on any claim, any defense, or the sealing standard. Its only function is to disparage.

Plaintiff notes, without asking the Court to resolve anything on the merits, that this is the conduct at the center of the Complaint. Plaintiff alleges that Defendants disclosed his confidential harassment complaint to third parties in the industry; that they recast the leave JPMC itself approved under the FMLA as fraudulent; and that they ensured false narratives about him reached the financial press in order to discredit him publicly. ECF No. 4 at ¶¶ 135, 203, 207–209, 243. The Court need not credit those allegations to recognize that a request to publish an adversary's inadvertently filed internal annotations, coupled with the republication of those annotations in a public letter, is one in the same. Where the object of unsealing is embarrassment rather than judicial accountability, the presumption of access is not served by granting it.

Finally, nothing Defendants wish to argue is suppressed by sealing. If Defendants believe a chronological inconsistency appears in the operative pleading, they may say so—in a responsive pleading or in discovery—by reference to the four corners of the corrected Complaint (ECF No. 4), which is public. For Defendants, this is simply an exercise to once again publicly degrade Plaintiff and convert the Court's error-correction procedure into a publicity vehicle.

### III.    <u>The Corrected Complaint is Narrowly Tailored</u>

Ms. Hajdini argues that sealing an 82-page pleading to protect three annotations is not narrowly tailored. Plaintiff does not disagree that tailoring is required, and the redacted public version already exists: it is the file-corrected Complaint (ECF No. 4), filed at the Clerk's Office's direction. The only substantive edit made was the removal of the annotations, ***nothing else***. As Defendants well know, it would not be procedurally advantageous for any party or the public to have an operative complaint with various pages sealed and have those pages separately re-filed with redactions. It would cause needless confusion on the docket. Even assuming, *arguendo*, that Plaintiff somehow redacted the annotations, the outcome would be the same: Plaintiff would have had to re-file the entire Complaint, which has now been done. ECF No. 4.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his request and permanently seal ECF No. 1.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____

Jon L. Norinsberg, Esq.
Bennitta L. Joseph, Esq.

825 Third Avenue, Suite 2100

3

New York, New York 10022
Tel: (212) 227-5700
jon@norinsberglaw.com
bennitta@employeejustice.com

*Attorneys for Plaintiff*

cc:  All Counsel of Record (via ECF)

4