Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

September 4, 2026

**VIA ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, NY 10007

**Re: Rana v. JPMorgan Chase Bank, N.A. et al.; Case No. 1:26-cv-06351 (LAK)(OTW)**

Dear Judge Wang:

We represent Plaintiff Chirayu Rana and write this pre-motion conference letter pursuant to Section II(b) of Your Honor's Individual Rules in anticipation of a proposed motion to quash improper and abusive non-party subpoenas.

## I. Background

As alleged in the Complaint, Mr. Rana's career at JPMC ended because he was subjected to unlawful sexual violence, harassment, discrimination, and retaliation. On August 26, 2026, Defendant JPMC sent Plaintiff notices for seven of Plaintiff's former employers, while Defendant Hajdini sent Plaintiff a subpoena notice for one of Plaintiff's former employers. In addition to the employer subpoenas, Defendant Hajdini sent a subpoena notice for the complete content of all of Plaintiff's telephone records, text message records, voicemails, billing records, and location data for an almost two-year period of time. Finally, Defendant JPMC subpoenaed Plaintiff's ex-partner for incredibly intimate details related to her relationship with Plaintiff, including requesting reproductive health information. Plaintiff's counsel promptly objected to service of the subpoenas on August 27, 2026 and stated an intention to move to quash and requested that service be stayed until the issue was resolved by the Court. However, Defendants' counsel confirmed that most subpoenas had been served on the same date Plaintiff received notice or were in the process of service being effectuated. Counsel for all parties then met and conferred, but were unable to resolve the issues identified herein.

## II. The Former Employer Subpoenas Are Routinely Quashed

Numerous courts have held that it is harassing, damaging, prejudicial, and improper to serve subpoenas on a litigant's current or former employers. While there is no categorical rule against it, courts routinely quash such subpoenas. See e.g. Vuona v. Merrill Lynch & Co., 2011 U.S. Dist. LEXIS 131491, at *23 (S.D.N.Y. Nov. 11, 2011) (quashing subpoena seeking records from former employers); Henry v. Morgan's Hotel Grp., Inc., 2016 U.S. Dist. LEXIS 8406, at *10 (S.D.N.Y. Jan. 25, 2016) (same); Gambale v. Deutsche Bank, AG, No. 02 Civ. 4791 (HB) (DFE), 2003 U.S. Dist. LEXIS 27412, at *4 (S.D.N.Y. Jan. 8, 2003) (quashing subpoena seeking records from employment search firm related to former employers); Guercia v. Equinox Holdings, Inc., 2013 U.S. Dist. LEXIS 71215, at *10 (S.D.N.Y. May 20, 2013) (same).

In Vuona, the defendant subpoenaed the plaintiffs' records from a former employer on the basis that the plaintiffs had "assert[ed] they were successful at other financial institutions." Vuona, 2011 U.S. Dist. LEXIS 131491, at *23. *This is the same reason identified by Defendants' counsel here*. The court stated:

> The Court is completely unconvinced that these documents are relevant to this dispute . . . An employee's performance evaluations at one job and work environment may, or may not, bear on his or her success at a future job. Simply put, the issue here is whether [defendant's] decision-making as to Plaintiffs was based on valid considerations or was influenced by gender bias. On the record before the Court, Plaintiffs' work histories have nothing to do with that. And any peripheral relevance the requested documents might conceivably have is decisively outweighed by the potential for harassment or reputational injury presented by a subpoena to such a former employer. [Defendant's] request to subpoena documents from Plaintiffs' prior employers is, therefore, denied in its entirety.

See also Henry, 2016 U.S. Dist. LEXIS 8406 at *5 ("[plaintiff] has been prejudiced by the issuance of these subpoenas to the three former employers. . . If [he] were to seek employment at any of these [employers], his application to any of them. . . might well be adversely affected by the fact that his records had been subpoenaed in this lawsuit. While Defendant makes light of this argument, it is a legitimate concern."); Peddy v. L'Oreal USA, Inc., 2019 U.S. Dist. LEXIS 140994, at *7 (S.D.N.Y. Aug. 20, 2019) (quashing former employer subpoenas and noting the damaging effect such subpoenas can have on an employee).

There is no unique justification for former employer subpoenas here. For most of the employer subpoenas, Defendant JPMC is seeking Plaintiff's entire personnel file, including compensation and benefits, any warnings/corrective action, any requested leaves of absence and the reasons thereof; any complaints made during or after his employment, documents related to Plaintiff's separation, and any settlement/severance/separation agreement. For Plaintiff's post-JPMC employer, Defendant JPMC also seeks all documents/communications between Plaintiff and his employer regarding JPMC and any of the individual defendants. Defendant Hajdini's employer subpoena goes even further afield, seeking documents related to (1) any transfer requests

made and responses/complaints thereto, (2) documents that show Plaintiff's address(es) used during his employment, (3) location/dates of employment, (4) any alleged performance deficiencies, (5) any resume/employment application materials, (6) any separation agreement, and (7) reasons for separation.

None of these categories of information are relevant to establishing whether Mr. Rana suffered from sexual violence, harassment, discrimination, and retaliation *while employed at JPMC*. See e.g. Rodriguez v. NNR Global Logistics USA Inc., 2016 U.S. Dist. LEXIS 46093, at *14 (E.D.N.Y. Mar. 31, 2016) (plaintiff's performance at former jobs bears no relevance to pending claims when defendants "have never asserted that [their] decision to terminate Plaintiff was influenced by her prior employment").

## III. Seeking All Phone Records and Location Tracking is Improper

A subpoena commanding a non-party telecommunications provider to produce "all phone records" is "plainly overbroad and impermissible…[and] [t]he overbreadth of the subpoena is…an independent basis to quash it." Morocho v. Stars Jewelry by The A Jeweler Corp., 345 F.R.D. 292, 294 (S.D.N.Y. 2024). Here, Defendant Hajdini is seeking (1) all incoming/outgoing calls for an almost two-year time period, including the location of the cell phone at the time the calls were placed/received; (2) records for all incoming/outgoing text messages, including the location of the cell phone at the time the messages were received; (3) all billing records; (4) records regarding any data used by any device associated with Plaintiff's telephone number, including the location of the cell phone at the time of usage; (5) records identifying any other carrier or provider; and (6) the complete content of all messages sent/received, including all text, images, videos, audio files, attachments, and other media transmitted with such messages; and all voicemails or visual-voicemail messages in connection with Plaintiff's telephone number, including any associated audio files, transcripts, caller information, timestamps, metadata, and records reflecting when each voicemail was received, accessed, saved, forwarded, downloaded, or deleted.

Not only is the overbreadth of the subpoena plain on its face, but the subpoena also constitutes an extraordinary intrusion into Plaintiff and every other individual who exchanged communications with Plaintiff during the requested time period. Defendant Hajdini's position that such data is relevant to establish the specific dates, approximate time ranges, and locations of each incident alleged in the Complaint is speculative at best. Neither Defendant Hajdini nor Mr. Rana has produced responsive documents or been deposed. In addition, if Defendants receive these records, it would place an enormous burden on Plaintiff to review as a result of the overwhelmingly excessive scope of the requests.

## IV. Seeking Intimate and Reproductive Health Information from a Non-Party is Unwarranted

Finally, Defendant JPMC seeks extraordinarily private information from a non-party who was once in a relationship with Plaintiff regarding information for which Plaintiff has a privacy interest, including whether she engaged in monogamy while in a relationship with Plaintiff and the status of her reproductive health during their relationship – even going so far as to request her

medical records. Defendant JPMC should not be permitted to interfere with a non-party's privacy as a vehicle to interfere with Plaintiff's privacy in order to harass him.

These subpoenas are fishing expeditions being used as "tactical weapons" rather than as a legitimate discovery device, and that conclusion is further bolstered by the snap service of the subpoenas. The "purpose of the prior service requirement is to afford the opposing party the opportunity to object to the production called for by the subpoena." See Henry, 2016 U.S. Dist. LEXIS 8406, at *2 (citing Fed. R. Civ. P. 45(a) advisory committee's notes); see also Rebmann v. Astec, Inc., 2022 U.S. Dist. LEXIS 115100, at *7-8 (W.D.N.Y. June 29, 2022) ("[S]ervice of the subpoenas with knowledge of plaintiff's objections and without affording plaintiff the opportunity to resolve those objections with defense counsel or obtain relief from the Court prior to service of the subpoenas falls short of accepted ethical standards and far afield of the professional courtesy expected of counsel in this district").

For all of the foregoing reasons, Plaintiff respectfully requests a conference regarding the noticed subpoenas.

We thank the Court for the Court's time and consideration.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: Monica Hincken

Monica Hincken, Esq.
Kassandra Vazquez, Esq.
825 Third Ave, Suite 2100
New York, NY 10022
Tel.: (212) 227-5700
mhincken@employeejustice.com
kassandra@employeejustice.com