**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHIRAYU S. RANA,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,

Defendants.

26-cv-6351 (LAK)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Joseph & Norinsberg, LLC ("J&N") respectfully submits this memorandum of law, together with the accompanying Declaration of Jon L. Norinsberg, dated October 14, 2026 (the "Norinsberg Decl."), in support of its motion for an order granting leave to withdraw as counsel of record for Plaintiff Chirayu S. Rana ("Plaintiff" or "Mr. Rana") in the above-captioned action pursuant to Local Civil Rule 1.4(b) of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") and Rule 1.16(c) of the New York Rules of Professional Conduct, 22 N.Y.C.R.R. § 1200.0 (the "Rules"). Further, J&N respectfully requests that the Court afford Plaintiff sixty (60) days to retain new counsel and adjourn all impending deadlines, including those set forth in the Court's October 6, 2026 Revised Scheduling Order (Dkt. No. 49), to a date sufficient to permit new counsel to appear and make any appropriate filings.

## PROCEDURAL HISTORY

On July 27, 2026, Plaintiff commenced this action against Defendants JPMorgan Chase Bank, N.A. ("JPMC"), Lorna Hajdini ("Hajdini"), Brandon Graffeo ("Graffeo"), Jon Wolter

("Wolter"), and Kelly Crowe ("Crowe") (collectively, "Defendants") in connection with his employment at JPMC. Dkt. Nos. 1, 4. On August 4, 2026, the Court issued an Order for Initial Pretrial Conference. Dkt. No. 25. Following a scheduling conference on September 15, 2026, the Court entered a Scheduling Order. Dkt. No. 37. On September 28, 2026, Defendant JPMC filed an Answer (Dkt. No. 42), and Defendant Hajdini filed an Answer and Counterclaims. Dkt. No. 43. Responsive pleadings on behalf of Defendants Crowe, Graffeo, and Wolter were due on October 13, 2026. Dkt. Nos. 28-30. However, on October 12, 2026, Plaintiff filed an Amended Complaint (see Dkt. No. 53).

On October 6, 2026, the Court heard argument from the parties with respect to certain non-party subpoenas served by JPMC and Hajdini, as well as the schedule for the case. Dkt. No. 49. That day, the Court entered an Order (Dkt. No. 48) and a Revised Scheduling Order modifying the prior Scheduling Order. Dkt. No. 49.

**RELEVANT LEGAL STANDARDS**

Local Civil Rule 1.4(b) provides, in relevant part, that an attorney who has appeared for a party "may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien." Local Civ. R. 1.4(b). "All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought." Id.

District courts have broad discretion in deciding a motion to withdraw. See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999). In exercising that discretion, courts consider "the reasons

for withdrawal, and the impact of the withdrawal on the timing of the proceeding." Marciano v. DCH Auto Grp., No. 11-CV-9635 (KMK), 2016 U.S. Dist. LEXIS 202519, at *2 (S.D.N.Y. Feb. 2, 2016) (citation omitted). In assessing the reasons for withdrawal, courts in this District look to the Rules for guidance. See Steele v. Bell, No. 11 Civ. 9343 (RA), 2012 U.S. Dist. LEXIS 180405, at *6, n. 1 (S.D.N.Y. Dec. 19, 2012).

A lawyer may withdraw from representing a client where, among other grounds, "the client insists upon taking action with which the lawyer has a fundamental disagreement," Rule 1.16(c)(4), where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively," Rule 1.16(c)(7), or where "the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal," Rule 1.16(c)(12). See Ferdico v. Zweig, 82 A.D.3d 1151, 1153 (2d Dep't 2011). "Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client.'" Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (quoting Naguib v. Pub. Health Sols., No. 12-CV-2561 (ENV)(LB), 2014 U.S. Dist. LEXIS 67125, at *1 (E.D.N.Y. May 15, 2014)); see also Casper v. Lew Lieberbaum & Co., No. 97 Civ. 3016 (JGK)(RLE), 1999 U.S. Dist. LEXIS 7779, at *14 (S.D.N.Y. May 26, 1999) ("[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client."); Munoz v. City of New York, No. 04 Civ. 1105 (JGK), 2008 U.S. Dist. LEXIS 55297, at *2 (S.D.N.Y. July 14, 2008) ("The law firm has shown good cause for withdrawal based on the lack of communication with the plaintiff and the acrimonious relationship that has developed between the law firm and the plaintiff."). Once satisfactory reasons are shown, the Court need not determine who or what caused

the breakdown in the relationship. See Farmer, 60 F. Supp. 3d at 445 (citing Hallmark Capital Corp. v. Red Rose Collection, Inc., No. 96-CV-2839 (RPP)(AJP), 1997 U.S. Dist. LEXIS 16328, at *9 (S.D.N.Y. Oct. 21, 1997)).

## ARGUMENT

### I. SATISFACTORY REASONS EXIST FOR J&N'S WITHDRAWAL

J&N has concluded that professional considerations require termination of the representation, and that withdrawal is appropriate under Rule 1.16(c) because, among other bases addressed by that Rule, irreconcilable differences have arisen that render it unreasonably difficult for J&N to carry out the representation effectively. See Rule 1.16(c)(7), (12); see also Rule 1.16(c)(4). Over the past few weeks, the attorney-client relationship has deteriorated to the point that it cannot be repaired. See Norinsberg Decl. ¶¶ 3-5. It has thus become "unreasonably difficult" for J&N to continue representing Mr. Rana in this matter. Rule 1.16(c)(7); see Ferdico, 82 A.D.3d at 1153. Moreover, Mr. Rana has advised J&N that he does not oppose this motion. See Norinsberg Decl. ¶ 6.

Due to, among other things, the attorney-client privilege and J&N's confidentiality obligations to its client, J&N is unable to describe with specificity in this public filing the grounds for withdrawal that it has discussed with Plaintiff. See Am. Bar Ass'n Standing Comm. on Ethics & Pro. Resp., Formal Op. 519 (Dec. 3, 2025) (advising that a lawyer moving to withdraw should initially cite professional considerations without disclosing confidential client information and, if the court requires more, seek to make any necessary disclosure in camera or under seal); Am. Bar Ass'n Standing Comm. on Ethics & Pro. Resp., Formal Op. 476 (Dec. 19, 2016) (same, in the context of withdrawal for nonpayment); In re Gonzalez, 773 A.2d 1026 (D.C. 2001) (disciplining attorney for disclosing unnecessary client information in a publicly filed motion to withdraw).

Courts in this Circuit routinely permit counsel to submit the reasons for withdrawal under seal for precisely this reason. See Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006); DeBruhl v. Keyes, No. 23-cv-6324, 2024 U.S. Dist. LEXIS 99232, at *8 (E.D.N.Y. June 4, 2024).

Accordingly, should the Court require additional information in order to rule on this motion, J&N respectfully requests leave to submit a declaration *ex parte* and *in camera*, under seal, that protects Plaintiff's privileged and confidential information.

## II. WITHDRAWAL WILL NOT UNDULY PREJUDICE PLAINTIFF OR DISRUPT THE PROCEEDINGS

Although the Court has set a trial date, this action remains at a relatively early stage: Defendants JPMC and Hajdini answered the Complaint on September 28, 2026, the remaining Defendants' responsive pleadings were due only on October 13, 2026, and discovery is in its early stages and remains open through March 8, 2027. Dkt. Nos. 42, 43, 49; Norinsberg Decl. ¶¶ 7-9. Where, as here, "discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." Marciano, 2016 U.S. Dist. LEXIS 202519, at *5 (quoting Winkfield v. Kirschenbaum & Phillips, P.C., No. 12-CV-7424, 2013 U.S. Dist. LEXIS 12093, at *1 (S.D.N.Y. Jan. 29, 2013)).

Nonetheless, several deadlines under the Revised Scheduling Order will require the Court's attention. The deadline to amend the pleadings or add parties is November 1, 2026. Dkt. No. 49 at ¶ 1. Expert witness disclosures are due January 15, 2027, and rebuttal expert witness disclosures are due February 8, 2027. Id. at ¶ 2. All discovery, including expert witness depositions, must be completed by March 8, 2027. Id. at ¶ 3. The joint pretrial order and any motions for summary judgment are due April 9, 2027, with opposition and reply papers due April 23 and April 30, 2027, respectively. Id. at ¶ 4. Trial is currently scheduled to commence on June 1, 2027. Id. at ¶ 5. Here,

the November 1, 2026 deadline to amend the pleadings or add parties will fall within the sixty-day period J&N respectfully requests for Plaintiff to secure new counsel. In addition, Plaintiff's response to Defendant Hajdini's Counterclaims (Dkt. No. 43) is due on October 19, 2026. See Fed. R. Civ. P. 12(a)(1)(B).

Consistent with J&N's obligation to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client [and] allowing time for employment of other counsel" (Rule 1.16(e)), J&N respectfully requests that the Court allow Plaintiff a minimum of sixty (60) days to secure new counsel, and that the above-referenced deadlines, including the November 1, 2026 deadline to amend the pleadings or add parties and Plaintiff's time to respond to the Counterclaims, be adjourned subject to the Court's allowance of that period.[1]

## III. STATEMENT REGARDING RETAINING OR CHARGING LIEN

Pursuant to Local Civil Rule 1.4(b), an attorney seeking to withdraw must state whether he or she is asserting a retaining or charging lien. Here, J&N is asserting a charging lien pursuant to N.Y. Judiciary Law § 475 and is not asserting a retaining lien. See Casper, 1999 U.S. Dist. LEXIS 7779 (permitting withdrawal and granting counsel a charging lien to be determined at the conclusion of the case). J&N respectfully requests that the Court defer determination of the amount of the lien until the conclusion of this action. See Norinsberg Decl. ¶ 11.

## IV. SERVICE ON THE CLIENT

In accordance with Local Civil Rule 1.4(b), J&N is serving this motion, together with the Notice of Motion and the Norinsberg Declaration, upon Plaintiff by electronic mail and first-class

[1] In the event Plaintiff retains new counsel, J&N will cooperate to ensure a smooth transition of the matter, including the prompt transfer of the case file.

mail and upon all counsel of record via ECF, and is filing proof of such service upon Plaintiff on the docket.

**CONCLUSION**

For the foregoing reasons, J&N respectfully requests that the Court issue an Order (i) granting J&N leave to withdraw as counsel for Plaintiff Chirayu S. Rana; (ii) affording Plaintiff sixty (60) days to retain new counsel; (iii) adjourning the deadlines set forth in the Revised Scheduling Order (Dkt. No. 49), and Plaintiff's time to respond to the Counterclaims (Dkt. No. 43), accordingly; and (iv) deferring determination of J&N's charging lien until the conclusion of this action.

Dated: October 14, 2026
New York, New York

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ______________________
Jon L. Norinsberg, Esq.
Bennitta L. Joseph, Esq.
John J. Meehan, Esq.
Monica A. Hincken, Esq.
Kassandra Vazquez, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel: (212) 227-5700

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), I certify that this memorandum of law contains 1,879 words, exclusive of the caption, signature block, and certificates, as counted by the word-processing program used to prepare it.

Jon L. Norinsberg, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I caused true and correct copies of the Notice of Motion, Declaration of Jon L. Norinsberg, and Memorandum of Law in Support of Motion to Withdraw as Counsel for Plaintiff to be served upon Plaintiff Chirayu S. Rana by electronic mail and first-class mail, and upon all counsel of record via the Court's ECF system.

__________________________________

Jon L. Norinsberg, Esq.