**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIRAYU S. RANA,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,<br><br>Defendants. | 26-cv-6351 (LAK) |

**DECLARATION OF JON L. NORINSBERG IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

JON L. NORINSBERG, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney duly admitted to practice before this Court and a founding partner of Joseph & Norinsberg, LLC ("J&N"), counsel of record for Plaintiff Chirayu S. Rana ("Plaintiff" or "Mr. Rana") in the above-captioned action. I am fully familiar with the facts set forth herein based upon my personal knowledge and my review of the file maintained by J&N.

2. I respectfully submit this declaration pursuant to Local Civil Rule 1.4(b) in support of J&N's motion for leave to withdraw as counsel for Plaintiff, for an order affording Plaintiff sixty (60) days to retain new counsel, and for an adjournment of the deadlines set forth in the Court's October 6, 2026 Revised Scheduling Order (Dkt. No. 49).

**Reasons for Withdrawal**

3. Professional considerations require J&N to terminate its representation of Plaintiff. Irreconcilable differences have arisen between J&N and Plaintiff, and the attorney-client relationship has deteriorated to the point that it cannot be repaired. As a result, it has become

unreasonably difficult for J&N to carry out the representation effectively. See N.Y. Rules of Pro. Conduct 1.16(c)(7), (12).

4. The specific reasons for withdrawal involve communications protected by the attorney-client privilege and information that J&N is obligated to keep confidential under Rule 1.6 of the New York Rules of Professional Conduct, the disclosure of which in a public filing could prejudice Plaintiff. J&N therefore respectfully refrains from describing those reasons further in this declaration. Should the Court require additional information to decide this motion, J&N respectfully requests leave to submit a supplemental declaration *ex parte* and under seal for the Court's *in camera* review.

5. This motion is made in good faith and not for the purpose of delay.

6. On October 9, 2026, J&N informed Mr. Rana by telephone of its intention to seek leave to withdraw and advised him to retain new counsel promptly. During that same telephone conversation, Mr. Rana advised J&N that he does not oppose this motion.

**Procedural Posture of the Case**

7. Plaintiff commenced this action on July 27, 2026. Dkt. Nos. 1, 4. On September 28, 2026, Defendant JPMorgan Chase Bank, N.A. filed an Answer (Dkt. No. 42), and Defendant Lorna Hajdini filed an Answer and Counterclaims (Dkt. No. 43). On October 12, 2026, Plaintiff filed an Amended Complaint. A true and correct copy of the Amended Complaint (Dkt. No. 53) is annexed hereto as **Exhibit A**. Responsive pleadings on behalf of Defendants Brandon Graffeo, Jon Wolter, and Kelly Crowe to the original Complaint were due on October 13, 2026. Dkt. Nos. 28-30.

8. Plaintiff's response to Defendant Hajdini's Counterclaims is due on October 19, 2026. See Fed. R. Civ. P. 12(a)(1)(B).

9. On October 6, 2026, the Court entered a Revised Scheduling Order. Dkt. No. 49. Under that Order, the deadline to amend the pleadings or add parties is November 1, 2026; expert witness disclosures are due January 15, 2027; rebuttal expert witness disclosures are due February 8, 2027; all discovery must be completed by March 8, 2027; the joint pretrial order and any motions for summary judgment are due April 9, 2027, with opposition and reply papers due April 23 and April 30, 2027, respectively; and trial is scheduled to commence on June 1, 2027. Id. ¶¶ 1-5. Discovery is in its early stages.

10. To avoid prejudice to Plaintiff, J&N respectfully requests that the Court afford Plaintiff sixty (60) days to retain new counsel and adjourn the foregoing deadlines, including the November 1, 2026 deadline to amend the pleadings or add parties and Plaintiff's time to respond to the Counterclaims, for a period sufficient to permit new counsel to appear.

**Lien, Transfer of File, and Service**

11. J&N asserts a charging lien pursuant to N.Y. Judiciary Law § 475 and does not assert a retaining lien. J&N respectfully requests that the Court defer determination of the amount of the charging lien until the conclusion of this action.

12. Upon Plaintiff's retention of new counsel, or upon Plaintiff's request, J&N will promptly deliver the case file and will cooperate to ensure an orderly transition of the matter.

13. J&N is serving this declaration, together with the Notice of Motion and the accompanying Memorandum of Law, upon Plaintiff by electronic mail and first-class mail at his last known addresses, and upon all counsel of record via ECF, and will file proof of service upon Plaintiff on the docket.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 14, 2026

Jon L. Norinsberg