Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 15, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 26-cv-6351 (LAK)**

Dear Judge Kaplan:

This firm represents Plaintiff Chirayu S. Rana in the above-referenced action. We write pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 7.1(d), and Your Honor's Individual Practices to respectfully request that the Court (i) stay all discovery pending resolution of the motion of Joseph & Norinsberg, LLC ("J&N") for leave to withdraw as counsel (Dkt. Nos. 55–57) (the "Motion to Withdraw") and, if that motion is granted, for the period the Court affords Mr. Rana to retain new counsel; and (ii) extend Plaintiff's time to respond to Defendant Lorna Hajdini's Counterclaims (Dkt. No. 43), currently due October 19, 2026.

On October 14, 2026, J&N moved for leave to withdraw. As set forth in the supporting declaration, professional considerations require J&N to terminate the representation: irreconcilable differences have arisen between J&N and Mr. Rana, and the attorney-client relationship has deteriorated to the point that it cannot be repaired. Dkt. No. 57-1 ("Norinsberg Decl.") ¶ 3. The Motion to Withdraw asks the Court to afford Mr. Rana sixty days to retain new counsel and to adjourn the deadlines in the October 6, 2026 Revised Scheduling Order (Dkt. No. 49) accordingly. Discovery, however, continues while that motion is pending. Defendant Lorna Hajdini and Defendant JPMorgan Chase Bank, N.A. ("JPMC") have served 153 and 93 requests for the production of documents, respectively, as well as interrogatories and numerous requests for admission, and Defendant Graffeo has served interrogatories.

Here, a brief stay of discovery is warranted. The Court has inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants," Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), and may limit discovery for good cause under Rule 26(c)(1). Good cause exists here for three reasons.

First, discovery requires close and continuing collaboration between counsel and client, including collecting and producing documents, verifying interrogatory responses, preparing for and defending depositions, and making judgments about the scope of discovery and any objections. The breakdown in the attorney-client relationship described in the Motion to Withdraw makes it unreasonably difficult for J&N to perform those tasks effectively on Mr. Rana's behalf. Proceeding now risks positions being taken in discovery that successor counsel may not adopt, which would invite later disputes and duplicative work. A short pause is consistent with J&N's obligation to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client," N.Y. Rules of Pro. Conduct 1.16(e), and with the practice of courts in this Circuit of staying proceedings so that a party whose counsel has withdrawn may retain new counsel. See, e.g., Villatoro v. Skav Diner Inc., No. 23-CV-01477 (JMA) (JMW) (E.D.N.Y. Aug. 7, 2023) (granting motion to withdraw and staying all proceedings so that plaintiff could retain new counsel) United States v. Lawrence Aviation Indus., No. CV 06-4818 (JFB)(ARL), 2011 U.S. Dist. LEXIS 13777, at *3 (E.D.N.Y. Feb. 11, 2011) (granting a stay to permit the claimants to secure other counsel); Tyler v. Petersen, No. 20-CV-06186 (JMA) (JMW), 2025 LX 220626, at *6 (E.D.N.Y. Apr. 9, 2025) (court stayed all proceedings so the plaintiff could retain substitute counsel).

Second, the requested stay is brief and defined. It would last only until the Court decides the Motion to Withdraw and, if the motion is granted, through the period the Court allows for Mr. Rana to retain new counsel.

Third, a stay will not prejudice Defendants. This action was commenced less than three months ago, discovery remains open through March 8, 2027, and trial is not scheduled to begin until June 1, 2027. Dkt. No. 49 ¶¶ 3, 5. The Motion to Withdraw already asks the Court to adjust the schedule to accommodate new counsel; a stay of discovery in the interim avoids work that would otherwise have to be revisited. The requested stay would not suspend any party's or non-party's obligation to preserve potentially relevant evidence, which would remain in full effect.

Plaintiff's response to the Counterclaims is due October 19, 2026. *See* Fed. R. Civ. P. 12(a)(1)(B). Because that response will frame the issues on the Counterclaims for the remainder of the case, it should be prepared by the counsel who will litigate them. Plaintiff therefore respectfully requests that his time to respond be extended to twenty-one (21) days after new counsel appears or Plaintiff notifies the Court that he will proceed *pro se*, or to such other date as the Court sets in deciding the Motion to Withdraw.

This is Plaintiff's first request for a stay of discovery and first request for an extension of time to respond to the Counterclaims.

We thank the Court for its consideration of this request.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ______________________________
Jon L. Norinsberg, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel: (212) 227-5700

*Attorneys for Plaintiff*

cc: All counsel of record (via ECF)