Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 16, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 26-cv-6351 (LAK)**

Dear Judge Kaplan:

This firm represents Plaintiff Chirayu S. Rana in the above-referenced action. We write briefly in response to Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") Notice of Opposition (Dkt. No. 62) to Plaintiff's letter motion to stay discovery and to extend Plaintiff's time to respond to Defendant Lorna Hajdini's Counterclaims (Dkt. No. 61, the "Stay Motion"), and to respectfully request that the Court rule on the time-sensitive portion of the Stay Motion before Plaintiff's October 19, 2026 deadline to respond to the Counterclaims.

First, the relief Plaintiff seeks is ordinary. When counsel moves to withdraw, courts in this Circuit routinely pause proceedings and give the client a reasonable opportunity to retain new counsel. *See* Dkt. No. 61 at 2 (collecting cases). That practice reflects counsel's obligation, upon withdrawal, to take reasonable steps to avoid foreseeable prejudice to the client, including "allowing time for employment of other counsel." N.Y. Rules of Pro. Conduct 1.16(e). The Stay Motion asks for nothing more: a pause in discovery while the motion of Joseph & Norinsberg, LLC for leave to withdraw (Dkt. Nos. 55–57) (the "Motion to Withdraw") is decided and, if it is granted, for the period the Court allows Mr. Rana to retain new counsel. The Court has already set an expedited schedule on that motion: any opposition is due October 22, 2026, and any reply is due October 28, 2026. Dkt. No. 60. The stay Plaintiff seeks is therefore short and defined.

Second, the only prejudice JPMC identifies is delay. JPMC asserts that the stay and the requested 60-day adjournment "would be highly prejudicial to JPMorgan's defense of this action and would unduly delay the progress of this case." Dkt. No. 62 ¶ 3. JPMC does not say how. It

identifies no evidence that will be lost, no witness who will become unavailable, and no other concrete harm to its defense, and every party's obligation to preserve evidence would remain in full effect during the stay. Dkt. No. 61 at 2. A short, defined interval to permit a change of counsel is not prejudice; it is the ordinary incident of a motion to withdraw. Moreover, JPMC's objection to the 60-day period is an objection to relief requested in the Motion to Withdraw, which JPMC may raise in its opposition to that motion, due October 22. Dkt. No. 60. It is not a reason to require discovery to proceed in the meantime. This case is also at an early stage: it was commenced on July 27, 2026, fewer than three months ago, and discovery remains open through March 8, 2027. Dkt. Nos. 1, 49 ¶ 3. Where "discovery has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Marciano v. DCH Auto Grp.*, No. 11-CV-9635 (KMK), 2016 U.S. Dist. LEXIS 202519, at *5 (S.D.N.Y. Feb. 2, 2016) (citation omitted). If anything, a brief pause now will save time later, by avoiding discovery positions that successor counsel may not adopt and the disputes and duplicative work that would follow. Dkt. No. 61 at 2.

<u>Third</u>, the October 19 deadline should not lapse while JPMC prepares its response. JPMC asks the Court to defer ruling on the Stay Motion until JPMC can file a "fulsome response," Dkt. No. 62 ¶ 5, but does not say when that response will be filed. Plaintiff's response to the Counterclaims, meanwhile, is due Monday, October 19, 2026—before oppositions to the Motion to Withdraw are even due, and nine days before that motion will be fully briefed. Dkt. No. 60. The Motion to Withdraw itself asks the Court to adjourn that deadline, Dkt. No. 56 at 6–7; absent interim relief, that request will be mooted before the Court can decide it. Those Counterclaims were asserted by Ms. Hajdini, not JPMC, Dkt. No. 43, and JPMC's Notice identifies no objection specific to that deadline. Plaintiff therefore respectfully requests that, whatever schedule the Court sets for briefing the stay of discovery, the Court extend Plaintiff's time to respond to the Counterclaims pending its decision on the Stay Motion and the Motion to Withdraw, so that the deadline does not pass while those motions are being briefed.

We thank the Court for its consideration of this request.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ___________________________

Jon L. Norinsberg, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel: (212) 227-5700

*Attorneys for Plaintiff*

cc: All counsel of record (via ECF)