WINSTON TAYLOR.

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 (312) 558-5600

**Cardelle B. Spangler**
Partner
+1 (312) 558-7541
Cardelle.Spangler@winstontaylor.com

October 19, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

**Re: *Chirayu Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351-LAK**

Dear Judge Kaplan:

We write on behalf of Defendant JPMorgan Chase Bank, N.A. ("JPMC") to oppose Plaintiff's letter motion to stay all discovery pending resolution of Joseph & Norinsberg, LLC's ("J&N") motion for leave to withdraw as counsel for Plaintiff Chirayu Rana (ECF No. 61). The requested stay would be highly prejudicial to JPMC's defense of this action and would unduly delay the progress of this case.

## I. Relevant Procedural History

J&N argues that JPMC would not be prejudiced by the requested stay because "[t]his case is . . . at an early stage: it was commenced on July 27, 2026, fewer than three months ago." ECF No. 64 at 2. But that framing ignores more than a year of this dispute and JPMC's repeated efforts to obtain critical information from Plaintiff, including through fulsome discovery requests served first in state court and again in this action. JPMC has diligently pursued discovery at every step. The requested stay is merely the latest attempt to thwart those efforts.

Plaintiff first accused JPMC and its employees of "pervasive racial discrimination, a racially hostile work environment, retaliation" as well as "harassment, blackmail, sexual coercion" and "sexual assault" on May 20, 2025, via a letter from his counsel, while still a JPMC employee. ECF No. 1 ¶ 144. JPMC promptly undertook efforts to review the allegations in detail, but Plaintiff refused to meaningfully cooperate in that review: he declined to provide key details central to his claims—including the dates of the most egregious conduct alleged—or identify individuals who purportedly witnessed the events. JPMC sought this information from Plaintiff for nearly a year but never received it.

On April 27, 2026, Plaintiff filed suit against JPMC in the Supreme Court of the State of New York in an action captioned *John Doe v. JPMorgan Chase & Co. and Lorna Hajdini*, Index No. 155620/2026 (the "State Action"), represented by new counsel, Saurborn & Mair, P.C. JPMC again sought information regarding his extreme allegations, serving written discovery requests on May 21, 2026. Plaintiff never answered those requests, however, because days later, his then-counsel sought leave to withdraw and requested a 60-day stay to allow Plaintiff to retain new

counsel. JPMC opposed a lengthy stay of the case as unduly prejudicial, explaining that: "**Plaintiff's fantastical allegations have garnered significant public attention, which he and his representatives have fueled by engaging directly with media outlets. . . . JPMC and its employees stand publicly accused of significant acts of misconduct and thus have a strong interest in moving this matter expeditiously through resolution.**" State Action, NYSCEF Doc. No. 82 at 5 (emphasis added).

Days later, J&N appeared in the State Action on Plaintiff's behalf and moved to voluntarily discontinue that case without prejudice so Plaintiff could pursue "several federal causes of action central to this dispute" that "were never pleaded." State Action, NYSCEF Doc. No. 93 ¶ 2. Counsel even represented to the state court that "[n]o discovery has been served or exchanged," when JPMC had served written discovery requests on Plaintiff weeks earlier. *Id.* ¶ 6.

After the State Action was discontinued and this lawsuit was filed, JPMC promptly resumed its information-gathering efforts. JPMC again served written discovery requests on Plaintiff on August 25, 2026, and noticed Plaintiff's deposition for October 13, 2026. Plaintiff served responses to JPMC's requests for admission and interrogatories on September 30, 2026. JPMC promptly identified critical deficiencies in Plaintiff's interrogatory responses and Rule 26 initial disclosures, and sent two letters summarizing those concerns on September 30 and October 5, 2026. In its September 30 letter regarding the initial disclosures, JPMC explained:

> Plaintiff makes dozens of allegations in his Complaint regarding the purported observations of unnamed, unidentified, or anonymized individuals—including individuals whose identities Plaintiff repeatedly represents "are known to Mr. Rana" and "are preserved for disclosure in discovery." Despite these representations, Plaintiff fails to identify nearly all of these individuals in his Initial Disclosures.

In its October 5 letter, JPMC pointed out that Plaintiff's interrogatory responses "remain incomplete, internally inconsistent, and in several instances irreconcilable with the allegations in the Complaint."

On October 9, J&N represented by letter that it intended to supplement Plaintiff's interrogatory responses and initial disclosures. JPMC requested a meet and confer, which was scheduled for October 13.

As to JPMC's August 25 Requests for Production, J&N sought additional time to respond and produce documents, and JPMC agreed to extend the deadline to October 12. Because JPMC would not have Plaintiff's production in time for the originally noticed October 13 deposition, JPMC re-noticed the deposition for November 9. J&N then represented by email that Plaintiff could not meet the October 12 production deadline because its "initial imaging resulted in more than 50,000 documents and attachments, and there is more on the way." JPMC agreed to extend the production deadline to October 16 but did *not* agree to extend the October 12 deadline for written responses and objections. J&N has neither timely served responses and objections nor made any production of documents on Plaintiff's behalf.

Instead, on October 12, Plaintiff filed an Amended Complaint. ECF No. 53. On October 13, Plaintiff's counsel informed JPMC's counsel by telephone that J&N intended to withdraw and cancelled that day's meet and confer, stating that they were "not in a position to meet and confer today given that [they] intend to file a motion to withdraw as counsel." On October 14, J&N moved for leave to withdraw (ECF Nos. 55–57, the "Withdrawal Motion"), asking the Court to grant Plaintiff a 60-day adjournment to secure his fourth set of attorneys.

On October 15, J&N sent proposed revisions to a draft protective order that counsel for JPMC had shared on October 12.

## II. JPMC Would Be Prejudiced by Any Discovery Stay

While a district court has discretion to stay discovery under Fed. R. Civ. P. 26(c), "[a] court determining whether to grant a stay of discovery . . . must look to the particular circumstances and posture of each case." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). One factor is "the prejudice that would result to the party opposing the stay." *Id.* (internal quotation marks and citation omitted).

As detailed above, JPMC has been seeking the information requested in discovery in this action for well over a year. J&N has represented that it will supplement Plaintiff's deficient interrogatory responses and initial disclosures to accurately identify the persons Plaintiff alleges have knowledge of the facts in his Complaint. Plaintiff's responses to JPMC's requests for production are past due. And J&N has represented that it has access to the documents JPMC needs to defend against Plaintiff's meritless claims. Counsel is plainly in a position to provide that discovery, having represented Plaintiff since appearing in the State Action over four months ago.

Under these circumstances, any stay of discovery, however brief, would unfairly delay JPMC's access to relevant information needed to defeat Plaintiff's claims that J&N has already committed to provide.

To the extent J&N suggests that discovery should be stayed because of "irreconcilable differences" that have apparently arisen between counsel and Plaintiff, those "differences" did not prevent J&N from filing an Amended Complaint on Plaintiff's behalf just one week ago or negotiating a draft protective order with JPMC's counsel four days ago. J&N remains counsel of record while its Withdrawal Motion is pending and may not avoid its discovery responsibilities in the meantime.

Plaintiff should not be permitted to continue stonewalling JPMC's access to information critical to its defense. Because a stay would be highly prejudicial, Plaintiff's motion to stay discovery should be denied.

Respectfully submitted,

*/s/ Cardelle B. Spangler*
Cardelle B. Spangler

cc: All counsel of record (via ECF)