Morgan Lewis

**Melissa C. Rodriguez**
+1.212.309.6394
melissa.rodriguez@morganlewis.com

October 19, 2026

**VIA ECF**

The Honorable United States District Judge Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl St., Courtroom 21-B
New York, NY 10007-1312

Re: Rana v. JPMorgan Chase Bank, N.A., et al., No. 26-cv-06351-LAK

Your Honor:

We represent Defendant and Counterclaim Plaintiff Lorna Hajdini ("Ms. Hajdini"). We write in opposition to Plaintiff Chirayu Rana's ("Plaintiff") October 15, 2026 Letter Motion (ECF No. 61), filed by his third set of attorneys, Joseph & Norinsberg, LLC ("J&N"), requesting a stay of discovery and Plaintiff's October 19 deadline to respond to Ms. Hajdini's Counterclaims (ECF No. 43). Plaintiff and his string of lawyers have abused Ms. Hajdini long enough. In the year and a half since Plaintiff first made his completely fabricated claims against Ms. Hajdini, he has produced ***absolutely nothing*** to substantiate them—because he cannot. Now, for the second time in just *four months*, Plaintiff's attorneys seek to withdraw from this case (ECF No. 55) on the eve of Plaintiff's deadlines to respond to Ms. Hajdini's discovery requests and Counterclaims, asking the Court to stay those deadlines so as to avoid revealing what Ms. Hajdini has always known—that Plaintiff's claims are false. That is no basis to buy Plaintiff any more time or prejudice Ms. Hajdini by further delaying her vindication. If Plaintiff wishes to dismiss with prejudice his fabricated claims against Ms. Hajdini, he can. But Plaintiff and his attorneys can delay no longer. Plaintiff must fully respond to Ms. Hajdini's discovery requests and Counterclaims ***now***.

**Relevant Background and Procedural History**[1]**:** Plaintiff initiated the State Action on April 27, 2026. When Plaintiff's prior counsel,[2] Daniel Kaiser, abruptly sought to withdraw

[1] Ms. Hajdini incorporates Defendant JPMorgan Chase Bank, N.A.'s ("JPMC") procedural history (contained in its opposition to the Letter Motion) of this action and Plaintiff's earlier state court action, *Chirayu Rana v. JPMorgan Chase & Co, et al.*, Index No. 155620/2026 (the "State Action"). The State Action was filed in the Supreme Court of New York, New York County and references that docket are to "NYSCEF No. __."

[2] Mr. Kaiser was Plaintiff's second counsel, as Plaintiff was represented by other counsel when he submitted his May 20, 2025 internal complaint to JPMC with his false allegations about Ms. Hajdini.

from the case in late May 2026, J&N stepped in with great fanfare to replace him on June 8, 2026. NYSCEF Nos. 90-100. The same day, J&N moved to discontinue the State Action to pursue one in this Court—solely because Plaintiff "strongly prefers" to litigate in federal court. *Id.* at 93 ¶ 28; 101 at 12. Like Mr. Kaiser before him, Mr. Norinsberg played to media, issuing a same-day press release proclaiming the purported righteousness of Plaintiff's position and touting the "substantial new evidence [they] have uncovered."[3] Yet, despite advertising such alleged "evidence" and their "comprehensive review of the matter" (NYSCEF Doc. No. 93 ¶¶ 1-2), J&N refused to respond to Ms. Hajdini's outstanding discovery requests in the State Action based on their planned departure to this Court.

Plaintiff, through J&N, then filed a 320-paragraph Complaint on July 27, 2026 (ECF No. 1), going "into endless unnecessary detail," the real point of which was "to embarrass" and "get as much publicity for it as [Plaintiff] possibly could."[4] Indeed, J&N did not miss the opportunity for publicity: they issued another same-day press release highlighting Plaintiff's fabricated allegations, including that Ms. Hajdini allegedly groped him at work and in public, drugged him without his knowledge, and subjected him to repeated sexual assaults and rapes.[5] Relevant to J&N's instant request to again delay Plaintiff's discovery responses was the press release's assertion that "**[t]he federal complaint is supported by preserved communications, recorded conversations, sworn witness accounts and evidence gathered through an extensive pre-suit investigation.**" *Id.* (emphasis added). And even after this Court's September 15 admonition against trying this case "in the newspapers," (ECF No. 39, at 4:10-13) Mr. Norinsberg spoke to the New York Post on September 29, criticizing Ms. Hajdini's Counterclaims and "emphatically reject[ing]" that Plaintiff "fabricated his allegations to extract money."[6] Thereafter, on October 12, Plaintiff filed an Amended Complaint that continues to feature the most salacious allegations against Ms. Hajdini and asserts that **"Plaintiff's allegations are anchored in a pre-suit investigation encompassing witness interviews and the review of preserved electronic communications, text messages, and related data."** ECF No. 53 ¶ 298.

Having recently trumpeted their "extensive" investigation and the variety of supporting evidence in their possession, J&N now sings a very different tune. Two days after filing the Amended Complaint, J&N moved to withdraw as Plaintiff's counsel (ECF No. 55-57). The next day, J&N filed the Letter Motion to halt discovery—***with Plaintiff's responses long past due***—and their response to the Counterclaims while they attempt to quickly and quietly exit the litigation before deadlines that would have required them to reveal Plaintiff's falsehoods.

---

[3] *See* https://www.prnewswire.com/news-releases/joseph--norinsberg-llc-to-represent-former-jpmorgan-executive-chirayu-rana-in-racial-discrimination-harassment-and-retaliation-case-302793964.html
[4] *See* October 6, 2026 Hearing Transcript at 16:19-24. ECF No. 50.
[5] *See* https://www.prnewswire.com/news-releases/former-jpmorgan-executive-files-sweeping-federal-civil-rights-complaint-alleging-racism-sexual-abuse-and-retaliation-campaign-302835495.html
[6] https://nypost.com/2026/09/29/business/jpmorgan-chase-exec-accused-by-ex-banker-of-forcing-him-to-become-her-sex-slave-renews-countersuit-against-him/?utm_source=chatgpt.com

**<u>Discovery Should Not Be Stayed</u>:** Plaintiff must demonstrate good cause to stay discovery pursuant to Rule 26(c) and, among the factors the Court must consider in evaluating a stay is "the prejudice that would result to the party opposing" it. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). Courts have found prejudice where the non-movant "would be unable to make the necessary inquiries to obtain the relevant information she may need to effectively litigate the claims brought against her[.]" *United States v. Veeraswamy*, 347 F.R.D. 591, 606 (E.D.N.Y. 2024) (denying stay). Here, Plaintiff has not demonstrated good cause or that Ms. Hajdini will not be prejudiced by a stay.

- **J&N's pending withdrawal is not good cause to stay discovery.** Now that J&N have realized Plaintiff has fabricated his allegations, they ask to stay discovery so they can avoid the consequences of their participation in his fraud on this Court. But that participation—and their failure to rectify it (*see* 22 NYCRR § 1200.3.3(a), (b))—may result in the denial of their withdrawal bid, undermining any reason for a stay. Regardless, Plaintiff has been lying about Ms. Hajdini since long before J&N got involved, and he cannot delay discovery every time his attorneys realize his deception and quit. The time for Plaintiff to put up or shut up has come. *See also Sentient Flight Grp., LLC v. Klein*, 2011 WL 1431987, at *1 (S.D.N.Y. Jan. 6, 2011) (denying request to vacate scheduling order under Rule 16(b) because counsel's motion to withdraw does "not satisfy the good cause standard" where party's "current predicament" resulted from their own conduct); *see also Bueno v. Allcity Med., P.C.*, 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023) (denying stay of discovery for plaintiffs to find new counsel); *Barton v. D.C.*, 209 F.R.D. 274, 277-78 (D.D.C. 2002) (denying stay of discovery and permitting counsel to withdraw only after drafting opposition to motion to dismiss).

- **Plaintiff's responses to Ms. Hajdini's discovery requests are long past due.** Although Ms. Hajdini agreed to extend Plaintiff's September 24 deadline to provide written responses to her discovery requests through September 30 and document production deadline through October 12, she never agreed to any other extensions. For this reason alone, the requested stay should be denied.

- **This case presents unique spoliation issues.** Plaintiff must continue with discovery and produce documents while he is still represented by counsel because he cannot be trusted to properly preserve and produce, on his own, documents (including, *e.g.,* metadata) inculpating himself and exculpating Ms. Hajdini. Indeed, Plaintiff has already suggested that data in his possession may be at risk—he declined to provide a media outlet the evidence he told them he had because his "account has been compromised." According to J&N, they have 50,000 documents in their possession collected from electronic sources. Given Plaintiff's public and well-documented credibility issues and those that will soon come to light, further delay risks the destruction/loss of this evidence.

- **Plaintiff continues to participate in discovery.** J&N has participated in discovery right up through the present without issue—including *after* moving to withdraw. Indeed, as recently as October 15, J&N negotiated an extension of a discovery deadline and

provided comments on a draft protective order governing confidential discovery materials. J&N has advised that they have already collected more than 50,000 documents from Plaintiff, which should be produced immediately. The same information makes J&N equally well-suited to respond to Ms. Hajdini's Requests for Admission seeking basic factual information. There is no reason why that work cannot or should not continue now—or why Ms. Hajdini should wait even longer for the evidence Plaintiff and his lawyers have long promised the public and the parties.

- **Staying discovery will achieve nothing.** The relevance and responsiveness of Plaintiff's documents will not change with new counsel. To the contrary, if Plaintiff could secure a fourth set of attorneys, they will likely seek to withdraw and further delay matters when confronted with the reality that Plaintiff's allegations about Ms. Hajdini are utterly false.

- **Ms. Hajdini will be prejudiced by further delays.** Ms. Hajdini has been waiting for well over a year to clear her name and prove Plaintiff has no evidence to support his callous and fabricated allegations against her. If a stay is granted, it will be the *second time* J&N has thwarted Ms. Hajdini's attempt to obtain the discovery that will vindicate her and prove Plaintiff's fraud. Worse, while Plaintiff and his various counsel have spent months dodging discovery, revising their lies about Ms. Hajdini, and attacking her in the press, Ms. Hajdini has been and remains the subject of non-stop media coverage and discussion on social media. She has received countless lewd and threatening messages and has been the ongoing focal point of incessant jokes, memes, and AI-generated content of a persistently vile, degrading, and sexual nature—all because of Plaintiff's lies. She is in therapy and cannot even walk down the street like a normal human being. Every delay by Plaintiff needlessly extends Ms. Hajdini's nightmare and prejudices her right to defend herself, pursue her Counterclaims, and clear her name.

**<u>Plaintiff Should Respond to the Counterclaims by the Current Deadline</u>:** J&N's last-minute request to extend the October 19 deadline to respond to Ms. Hajdini's Counterclaims is even less compelling. J&N has had no problem promoting Plaintiff and his claims in the press, highlighting their purported "extensive" investigation, and—*after* advising Plaintiff of their intent to withdraw—filing an Amended Complaint. J&N now sheepishly argues only that the response to the Counterclaims should be "prepared by the counsel who will litigate them" because it "will frame the issues on the Counterclaims for the remainder of the case." Letter Motion at 2. But J&N are intimately familiar with the underlying facts and, unless those facts have recently changed, there is no reason Plaintiff and J&N cannot respond to the Counterclaims by the current deadline. Moreover, J&N's withdrawal is clearly no obstacle to their preparation of pleadings. As represented to the Court, J&N informed Plaintiff they could no longer represent him on October 9 (ECF No. 57 ¶ 6) and then filed a 320-paragraph Amended Complaint—again replete with falsehoods—on October 12 (ECF No. 53). As such, J&N's pending motion to withdraw cannot be a justification for failing to timely respond to Ms. Hajdini's Counterclaims.

For all of the foregoing reasons, the Court should deny Plaintiff's requested relief.

Respectfully submitted,

*/s/ Melissa C. Rodriguez*

Melissa C. Rodriguez