Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 19, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 26-cv-6351 (LAK)**

Dear Judge Kaplan:

This firm, Joseph & Norinsberg, LLC ("J&N"), represents Plaintiff Chirayu S. Rana ("Plaintiff"). We write briefly in reply to the October 19, 2026 letters of Defendant JPMorgan Chase Bank, N.A. ("JPMC") (Dkt. No. 65, "JPMC Opp.") and Defendant Lorna Hajdini (Dkt. No. 66, "Hajdini Opp.") opposing Plaintiff's letter motion to stay discovery and extend his time to respond to Ms. Hajdini's Counterclaims (Dkt. No. 61, the "Motion"). For the sake of brevity and in the interest of judicial economy, Plaintiff responds to both oppositions in this single letter.

Here, the relief Plaintiff seeks is narrow. Indeed, Plaintiff asks only that discovery pause while the Court decides J&N's motion for leave to withdraw (Dkt. Nos. 55–57, the "Motion to Withdraw"). During the pendency of the Motion to Withdraw, every party's preservation obligations would remain in full effect throughout. Motion at 2. Neither Defendant disputes that discovery remains open through March 8, 2027, or that trial is not scheduled until June 1, 2027. Dkt. No. 49 ¶¶ 3, 5. And neither identifies any deadline, deposition, or other event in this action that a stay of that length would jeopardize.

In deciding whether to stay discovery, courts weigh "the breadth of discovery sought, the burden of responding to it, [and] the prejudice that would result to the party opposing the stay." Ruilova v. 443 Lexington Ave., Inc., No. 19-CV-5205 (AJN), 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (citation omitted) (granting stay where "the scope of discovery sought [was] quite broad" and the case was "already on an extended discovery schedule"). The breadth and burden here are substantial. Defendants have served 246 document requests between them, 153 from Ms.

Hajdini alone, along with interrogatories and requests for admission, and the initial collection exceeded 50,000 documents and attachments. See Motion at 1; JPMC Opp. at 2; Hajdini Opp. at 3. Ms. Hajdini responds that the "relevance and responsiveness" of those documents "will not change with new counsel." Hajdini Opp. at 4. But the judgments that matter here, including the scope of objections, privilege determinations, and the content of sworn responses, are made by counsel together with the client and can potentially bind the client for the rest of the case. Those judgments depend on a functioning attorney-client relationship, and they are precisely the work that successor counsel would otherwise have to revisit.

Defendants' claimed prejudice rests largely on events outside this action: a pre-suit internal review, a discontinued state-court action, and press coverage. JPMC Opp. at 1–2; Hajdini Opp. at 1–2, 4. Plaintiff does not minimize the public attention Ms. Hajdini describes, but a pause measured in weeks will neither cause nor cure it. Nor does either Defendant show that such a pause would impair its ability to litigate this case, in which JPMC served its document requests on August 25, 2026, has already re-noticed Plaintiff's deposition to November 9, 2026, and more than four months of discovery remain. JPMC Opp. at 2; Dkt. No. 49 ¶ 3. That certain response deadlines ran in the days surrounding the Motion to Withdraw, Hajdini Opp. at 3, is not a reason to deny relief. Defendants' professed interest in moving this matter efficiently toward resolution is better served by discovery conducted once, by the counsel who will litigate the case, than by discovery conducted now and then reopened, supplemented, or disputed after a change of counsel.

Ms. Hajdini's spoliation concern, Hajdini Opp. at 3, is likewise misplaced. The requested stay "would not suspend any party's or nonparty's obligation to preserve potentially relevant evidence." Motion at 2. And, as both Defendants note, more than 50,000 of Plaintiff's documents have already been imaged and collected. JPMC Opp. at 2; Hajdini Opp. at 3. To the extent that the Motion to Withdraw is granted, J&N will maintain that collection intact and transfer it to successor counsel. A brief pause in production places none of that material at risk.

Ms. Hajdini also speculates about why J&N seeks to withdraw and suggests that J&N has participated in a fraud on the Court. Hajdini Opp. at 1–3. That speculation has no basis in the record and no place in the resolution of this Motion. J&N's grounds are set out in its declaration, Norinsberg Decl. ¶ 3, and a court deciding a motion to withdraw need not determine the "source of the strain" in the relationship or assign blame. Delgado v. Donald J. Trump for President, Inc., No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155 (S.D.N.Y. Mar. 10, 2023) (citation omitted) (granting withdrawal and noting that the decision "in no way impacts merits issues in the case"). J&N cannot, consistent with its confidentiality obligations, describe the breakdown further on the public docket, but will provide additional detail *ex parte* and *in camera* should the Court find it helpful.

Nor is J&N seeking to avoid its discovery responsibilities. See JPMC Opp. at 3; Hajdini Opp. at 3–4. J&N agrees that it remains counsel of record until the Court rules on the Motion to Withdraw and has acted accordingly. The Amended Complaint and protective-order comments that Defendants cite are examples of the steps J&N must take "to avoid foreseeable prejudice to the rights of the client" during a transition. N.Y. Rules of Pro. Conduct 1.16(e). That J&N completed the Amended Complaint after informing Plaintiff of its intent to withdraw, Hajdini Opp. at 4, illustrates the point. Those discrete tasks bear little resemblance to the sustained, collaborative work of collecting and producing tens of thousands of documents, verifying sworn interrogatory

responses, and preparing a client for deposition. That is why J&N sought relief from the Court rather than acting unilaterally.

Finally, JPMC does not oppose the requested extension of Plaintiff's time to respond to the Counterclaims; Ms. Hajdini does. Hajdini Opp. at 4. Her objection overlooks that Plaintiff filed an Amended Complaint on October 12, 2026. Dkt. No. 53. Ms. Hajdini's response to that pleading is not yet due, see Fed. R. Civ. P. 15(a)(3), and to the extent she reasserts her Counterclaims in it, Plaintiff's response will be directed to that pleading in any event. Requiring Plaintiff to respond to Ms. Hajdini's Answer and Counterclaims (Dkt. No. 43) now risks a filing that is superseded within days. More fundamentally, whether to answer or move against the Counterclaims, and which defenses to assert, are strategic choices that will shape the litigation of those claims and should be made by the counsel who will litigate them. Finally, Defendants Brandon Graffeo, Jon Wolter, and Kelly Crowe have not yet filed a responsive pleading.

For these reasons and those stated in the Motion, Plaintiff respectfully requests that the Court grant the Motion and order a brief stay of all discovery during the pendency of the Motion to Withdraw.

We thank the Court for its consideration.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ______________________

Jon L. Norinsberg, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel: (212) 227-5700

*Attorneys for Plaintiff*

cc: All counsel of record (via ECF)