**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIRAYU S. RANA,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,<br><br>Defendants. | Case No.: 1:26-cv-06351 (LAK) |

**DECLARATION OF MELISSA C. RODRIGUEZ**

**MELISSA C. RODRIGUEZ**, over the age of eighteen, an attorney duly admitted to practice law in the courts of the State of New York, hereby declares the following statements to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm of Morgan, Lewis & Bockius LLP, attorneys for Lorna Hajdini ("Ms. Hajdini") in the above-captioned action. Through my work on this matter, I am familiar with the procedural history and documentary materials described below. I have personal knowledge of communications in which I participated and materials I received during this litigation.

2. On April 27, 2026, Plaintiff Chirayu Rana ("Plaintiff" or "Rana"), then represented by Daniel Kaiser of Kaiser Saurborn & Mair, P.C. ("KSM"), commenced an action in the Supreme Court of the State of New York, County of New York captioned *Chirayu Rana v. JPMorgan Chase & Co, et al.*, Index No. 155620/2026 (the "State Action"). NYSCEF Doc. No. 1.

3. Plaintiff's original Complaint in the State Action asserted allegations of sexual harassment, sexual assault, racial discrimination, retaliation, and other alleged misconduct against

JPMorgan Chase Bank, N.A., ("JPMC") and Ms. Hajdini. Among the most serious allegations were Plaintiff's claims that Ms. Hajdini repeatedly accompanied him to the Manhattan apartment of an unnamed third party and sexually assaulted him there. Plaintiff claimed that two purported eyewitnesses could corroborate aspects of those allegations. NYSCEF Doc. No. 1. ¶¶ 34-56.

4. At the outset of the State Action, Plaintiff sought permission to proceed anonymously. In support of that application, Plaintiff submitted two signed witness affirmations with the witnesses' names redacted. NYSCEF Doc. Nos. 2-3, 5-6.

5. In one of the affirmations, signed and dated July 28, 2025, the alleged witness stated that she had personally witnessed Plaintiff and Ms. Hajdini around and entering the affiant's apartment building with Plaintiff, and that she "heard Ms. Hajdini say something about 'owning' and 'brownie' that sounded like, 'I own you Brownie,' or something similar to that." NYSCEF Doc. No. 6 ¶¶ 5-9.

6. In the other affirmation, signed and dated July 29, 2025, a second alleged witness claimed that while staying at Plaintiff's sister's apartment in September 2024, he was awakened by an intoxicated woman who had arrived with Plaintiff, whom Plaintiff subsequently identified as Ms. Hajdini. NYSCEF Doc. No. 5 ¶¶ 7-10. The witness claimed that Ms. Hajdini later emerged from a bedroom "completely naked," sat beside him on the couch, lit a cigarette, and repeatedly demanded that he "come join" her and Plaintiff in the bedroom, allegedly declaring, "I own Chirayu, so you'd better come join." *Id.* ¶ 11. The second affirmation also claimed Plaintiff told the witness that "Ms. Hajdini constantly harassed him and had forced him to engage in sexual behavior with her on a number of occasions." *Id.* ¶¶ 12-15.

7. On May 19, 2026, Ms. Hajdini filed her Answer, Defenses, and Counterclaims, categorically denying Plaintiff's accusations and asserting counterclaims arising from Plaintiff's

false statements about her. NYSCEF Doc. No. 12. Among other things, Ms. Hajdini denied the allegations concerning the purported incidents at the apartment and challenged Plaintiff's reliance on the witness accounts to substantiate those allegations. *Id*.

8. After KSM applied to withdraw from its representation of Plaintiff following the denial of Plaintiff's motion to process anonymously (NYSCEF Doc. Nos. 69-71), on June 8, 2026, Joseph & Norinsberg, LLC ("J&N") appeared in the State Action on Plaintiff's behalf. NYSCEF Doc. Nos. 90-91, 96-100.

9. J&N represented that it had undertaken a "comprehensive review" of the matter and, in Plaintiff's June 8 Answer and Defenses to Ms. Hajdini's counterclaims, acknowledged that individuals had provided affirmations supporting Plaintiff's claims while denying that those affirmations were improper. NYSCEF Doc. Nos. 93 ¶¶ 1-2, 95 at 4.

10. In support of discontinuance, J&N represented to the state court that allowing Plaintiff to pursue his claims in federal court would result in "absolutely no prejudice" to Defendants. NYSCEF Doc. No. 93 at 2.

11. Ms. Hajdini opposed Plaintiff's motion for voluntary discontinuance. NYSCEF Doc. No. 101. As part of that opposition, Ms. Hajdini specifically requested production of the unredacted witness affirmations Plaintiff had submitted in support of his anonymity application. *Id*. at 15-16.

12. J&N opposed the request for the unredacted witnesses' affirmations. NYSCEF Doc. No. 126. In its submissions to the state court, J&N characterized Ms. Hajdini's request as "witness intimidation with a caption on it" and invoked concerns regarding the protection of

nonparties from public exposure. *Id.* at 15-16. J&N also represented that Mr. Norinsberg "stands behind every filing he has made." *Id.* at 17.

13. On July 17, 2026, the state court issued a Decision and Order granting Plaintiff's motion to discontinue his claims without prejudice, severing Ms. Hajdini's counterclaims and directing the production of unredacted versions of the witness affirmations. NYSCEF Doc. No. 131 at 1-2. Attached hereto as **Exhibits A and B** are true and correct copies of the unredacted affirmations of Chandani Rana and Allan Flott, respectively, produced by J&N. As the affirmations reflect, the affiants are Chandani Rana (Plaintiff's sister) and Allan Flott (a family friend). *Id.*

14. Plaintiff, through J&N, commenced this action in this Court on July 27, 2026. ECF No. 1. In his original Complaint, Plaintiff relied on the substance of both witness affirmations previously submitted in the State Action. Specifically, the Complaint alleged that an individual staying at the Manhattan apartment had "sworn under penalty of perjury" to witnessing certain events involving Plaintiff and Ms. Hadini and described a "second independent witness" who purportedly observed other incidents involving them. ECF No. 1 ¶¶ 85, 92*; see generally id.* ¶¶ 81-98.

15. That pleading asserted detailed allegations of sexual assault and coercion allegedly perpetrated by Ms. Hajdini, including events purportedly occurring in the Manhattan apartment, and relied on the accounts of purported witnesses to substantiate those allegations. *Id.* ¶¶ 81-98.

16. In particular, the original Complaint alleged that a witness staying at the apartment observed Ms. Hajdini emerge naked from a bedroom, sit on the couch and light a cigarette, invite

the witness to "come join us", and return to the bedroom, after which the witness allegedly heard Plaintiff pleading with her to stop. ECF No. 1 ¶¶ 87-88.

17. The Complaint also alleged that a second independent witness observed Ms. Hajdini kissing Plaintiff's neck and grabbing his rear end, later saw Plaintiff and Ms. Hajdini entering her apartment building, and heard Ms. Hajdini say, "I own you Brownie." *Id.* ¶¶ 92, 94-95. The Complaint further alleged that Plaintiff had previously told this witness that a woman from work was sexually harassing and attempting to blackmail him. *Id.* ¶ 98.

18. These allegations are set forth in the affirmations of Allan Flott and Chandani Rana that J&N defended in the State Action. NYSCEF Doc. Nos. 5, 6, 134.

19. Pursuant to the parties' stipulation, Ms. Hajdini's counterclaims filed in this Court are to be treated as filed on the date her corresponding counterclaims were filed in the State Action. NYSCEF Doc. No. 136

20. On September 28, 2026, Ms. Hajdini filed her Answer, Defenses, and Counterclaims in this action. ECF No. 43. Ms. Hajdini categorically denied Plaintiff's allegations of sexual harassment, sexual assault, coercion, drugging, and racial discrimination, including the allegations concerning the purported incidents at the Manhattan apartment. *Id.*, Answer ¶¶ 19, 23-27, 81–98. In her counterclaims, Ms. Hajdini specifically alleged that she had never entered the apartment where Plaintiff claimed the assaults occurred and had never engaged in any sexual or romantic conduct with Plaintiff. *Id.*, Counterclaims ¶ 15.

21. Ms. Hajdini pursued discovery concerning Plaintiff's allegations. On August 25, 2026, my firm served Ms. Hajdini's First Set of Interrogatories and First Request for Production of Documents on Plaintiff through J&N. Plaintiff's written responses to the document requests were originally due September 24, 2026. Ms. Hajdini agreed to extend that deadline to September

30, 2026, and separately agreed to extend the deadline for producing responsive documents to October 12, 2026, expressly preserving her arguments concerning timeliness. Although Plaintiff served verified interrogatory responses on September 30, 2026, he did not serve written responses or objections to Ms. Hajdini's document requests by the extended deadline.

22. On October 7, 2026, my firm sent J&N a letter identifying material deficiencies in Plaintiff's September 30 interrogatory responses and September 8 initial disclosures, as well as inconsistencies between those submissions. Plaintiff has not responded to the aforementioned correspondence.

23. On October 12, 2026, J&N filed an Amended Complaint on Plaintiff's behalf. ECF No. 53. The Amended Complaint repeated the allegations concerning the Manhattan apartment and continued to rely on the purported eyewitness accounts of Chandani Rana and Allan Flott. ECF No. 53 ¶¶ 81-98.

24. J&N moved to withdraw on October 14, 2026. ECF Nos. 55-57. In its supporting declaration, J&N stated that it had advised Plaintiff on October 9, 2026 that it could no longer continue the representation. ECF No. 57.

25. On October 19, 2026, this Court expressly provided that Plaintiff's existing obligations to respond to written discovery by October 12 and produce documents by October 16 were unaffected by the Court's order addressing the requested discovery stay. ECF No. 68. Nevertheless, as stated above, Plaintiff has not produced any documents in response to Ms. Hajdini's requests.

26. To date, J&N has provided no response whatsoever to the deficiency letter, no supplemental interrogatory responses, no correct initial disclosures, and no written responses or

objections to Ms. Hajdini's document requests. Nor has Plaintiff produced a single document in response to Ms. Hajdini's requests.

27. In connection with this action, my firm issued a third-party subpoena for the production of documents to Morgan Stanley concerning Plaintiff. In response to that subpoena, Morgan Stanley produced documents to my firm. Attached hereto as **Exhibit C** are true and correct copies of documents received from Morgan Stanley bearing Bates Nos. LH-MS-000266, LH-MS-000278–000281, and LH-MS-000302–000303. Attached hereto as **Exhibit D** is a true and correct copy of a document received from Morgan Stanley bearing Bates No. LH-MS-000429.

28. I have also reviewed copies of records from the online website JustAnswer, bearing Bates Nos. LH-JUSTANSWER-000000001 and LH-JUSTANSWER-000000008–000000010. Attached hereto as **Exhibit E** are true and correct copies of the website records bearing the Bates numbers identified above.

29. On August 17, 2026, following the identification of Chandani Rana and Allan Flott as the individuals who executed the witness affirmations, counsel for JPMC served a subpoena for the production of documents on Chandani in this action. The subpoena sought, among other things, documents and communications concerning Plaintiff's alleged visits to Chandani's apartment with Ms. Hajdini; any alleged sexual harassment, sexual assault, coercion, or racial harassment Chandani purportedly witnessed; communications between Chandani and Plaintiff concerning those allegations; and documents relating to the preparation of the witness accounts.

30. Separately, on October 12, 2026 on behalf of Ms. Hajdini, my firm served a notice of subpoena to Allan Flott, the other purported eyewitness whose affirmation Plaintiff submitted in support of his application to proceed anonymously in the State Action, and on counsel for the parties. Like the subpoena issued to Chandani, the subpoena to Flott sought evidence concerning

the allegations he purportedly corroborated in his July 29, 2025 affirmation, including events allegedly occurring at Chandani's apartment in September 2024. On October 14, 2026, a process server retained by my firm attempted to serve Flott at his last known address. According to the process server's report, Flott's father answered the door and stated that Flott previously resided at that address but no longer lived there. Flott's father declined to provide his son's current address. As a result, the process server was unable to effectuate service.

31. On October 13, 2026, Patrick L. Selvey of Hamilton Clarke, LLP, counsel for Chandani, sent an email to counsel for JPMC and Johanna Berta of Quintairos, Prieto, Wood & Boyer, P.A., counsel for Flott, introducing the attorneys representing the two nonparty witnesses. In that email, Mr. Selvey stated that the nonparties wished to discuss the "timing and framework for the production of documents and affirmations recanting their prior statements" and proposed a conference for October 14, 2026. Mr. Selvey also indicated that JPMC's counsel would include counsel for Ms. Hajdini in those discussions. Later that evening, Cardelle Spangler, counsel for JPMC, responded to the email, copying me and other attorneys at my firm. Shortly thereafter, I responded to the group, identified Morgan Lewis as counsel for Ms. Hajdini, and provided my availability for the proposed conference. Attached hereto as **Exhibit F** is a true and correct copy of the October 13, 2026 email from Mr. Selvey.

32. On October 14, 2026, counsel for Chandani, Flott, JMPC and Ms. Hajdini discussed the anticipated production and proposed corrective affirmations. Later that day, Mr. Selvey circulated an email memorializing a conversation among counsel, requesting that Ms. Berta

confirm her availability for a further call and that JPMC's counsel circulate the proposed protective order or confidentiality agreement then under consideration.

33. During that call, Ms. Berta declined to accept service on behalf of her client and declined to provide a current address for Flott.

34. On October 16, 2026, I participated in a telephone conference with Mr. Selvey, Ms. Berta and counsel for JPMC to discuss the status of the proposed corrective affirmations and the anticipated production of documents. During that conference, counsel discussed a draft corrective affirmation for Chandani that JPMC's counsel had previously provided to Mr. Selvey on October 2, 2026, for Chandani's review. Mr. Selvey stated that he did not anticipate substantive issues with the proposed corrective affirmation for Chandani. Mr. Selvey further stated that he had spoken with Jon Norinsberg earlier that week and, before J&N filed its October 14, 2026 motion to withdraw, informed him that Chandani was prepared to recant her July 28, 2025 affirmation. Mr.

Selvey also stated, in substance, that he had advised Mr. Norinsberg that Chandani's prior affirmation could not be relied upon.

35. On October 20, 2026, Mr. Selvey transmitted Chandani's written subpoena responses and accompanying documents to counsel for JPMC and Ms. Hajdini.

36. On October 22, 2026, Mr. Selvey transmitted a new affirmation from Chandani in which she recants statements made in her prior affirmation filed in the State Action. Attached hereto as **Exhibit G** is a true and correct copy of Chandani's affirmation dated October 22, 2026.

I declare this 22nd day of October 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Dated: October 22, 2026
Scottsdale, Arizona

Signed by:
Melissa C. Rodriguez
24DA6CF30B8142D...

Melissa C. Rodriguez