UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIRAYU S. RANA,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,<br><br>Defendants. | Case No. 1:26-cv-06351-LAK |

**DECLARATION OF SARAH N. KREGER**

I, Sarah N. Kreger, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an associate attorney at the law firm of Winston Taylor LLP and am one of the attorneys of record for Defendant JPMorgan Chase Bank, N.A. ("JPMC") in the above-captioned matter brought by Plaintiff Chirayu Rana.

2. I have reviewed and have personal knowledge of JPMC's response in opposition to Plaintiff's counsel, Joseph & Norinsberg, LLC's ("J&N") motion to withdraw as counsel, filed herewith (the "Opposition").

3. I make this declaration based on personal knowledge in support of JPMC's Opposition.

4. Plaintiff first accused JPMC and its employees of racial discrimination, retaliation, harassment, blackmail, sexual coercion, and sexual assault on May 20, 2025, via a letter from his then-counsel, while still a JPMC employee.

5. Plaintiff soon after provided JPMC with copies of two sworn affirmations with the identities of the affiants redacted, in which both witnesses describe having first-hand knowledge

of certain misconduct purportedly undertaken by JPMC employee and co-Defendant Lorna Hajdini. Copies of each of the affirmations provided to JPMC are attached hereto as Exhibits 1 and 2.

6. In one of the affirmations, signed and dated July 28, 2025, the alleged witness stated that she had personally witnessed Plaintiff and Ms. Hajdini interact on multiple occasions, including witnessing Ms. Hajdini enter the affiant's apartment building with Plaintiff, and that she "heard Ms. Hajdini say something about 'owning' and 'brownie' that sounded like, 'I own you Brownie,' or something similar to that." *See* Ex. 1 ¶ 9.

7. In the other affirmation, signed and dated July 29, 2025, a second alleged witness claimed that an incident occurred in September 2024 when the affiant was staying at an apartment where Ms. Hajdini and Plaintiff were present. *See* Ex. 2. The witness detailed an exchange in which he claimed Ms. Hajdini propositioned the witness to "come join" her and Plaintiff in sexual activities, and that in later conversations, Plaintiff told the witness that "Ms. Hajdini constantly harassed him and had forced him to engage in sexual behavior with her on a number of occasions." *Id.* ¶¶ 11, 14.

8. Plaintiff thereafter filed suit in the Supreme Court of the State of New York in an action titled *John Doe v. JPMorgan Chase & Co. and Lorna Hajdini*, Index No. 155620/2026 (the "State Action").[1]

9. Plaintiff filed the same redacted affirmations he had previously provided to JPMC as exhibits to his application to proceed using a pseudonym in the State Action. *See* NYSCEF Doc. Nos. 5 and 6.

---

[1] Citations to publicly available filings in the State Action are referred to herein by their corresponding docket number, i.e., "NYSCEF Doc. No __."

10. After then-counsel of record moved to withdraw as counsel for Plaintiff in the State Action, J&N appeared on Plaintiff's behalf. *See* NYSCEF Doc. Nos. 90–91.

11. J&N, on Plaintiff's behalf, immediately filed a motion to voluntarily discontinue the State Action without prejudice so that Plaintiff could pursue certain claims in federal court. *See* NYSCEF Doc. Nos. 92–94.

12. In its order regarding the motion to voluntarily discontinue the State Action, the state court ordered Plaintiff to "provide unredacted copies of the witness affirmations" previously filed to counsel for Ms. Hajdini within thirty days. *See* NYSCEF Doc. No. 131 at 2.

13. Pursuant to that order, J&N provided counsel for Ms. Hajdini with unredacted copies of the affirmations, which revealed the identities of the affiants: the July 28, 2025 affirmation (Exhibit 1) was sworn by Plaintiff's sister, [redacted] and the July 29, 2025 affirmation (Exhibit 2) was sworn by a family friend, Allan Flott.

14. After Plaintiff initiated this lawsuit, JPMC issued a subpoena to produce documents to affiant [redacted] on August 26, 2026. A true and correct copy of the subpoena is attached hereto as Exhibit 3.

15. On September 7, 2026, counsel for [redacted] contacted counsel for JPMC to advise that counsel had recently been retained by [redacted] and requested an adjournment of the September 9, 2026 return date on the subpoena.

16. JPMC agreed to extend [redacted] deadline to respond to the subpoena first until September 23, 2026, and then, upon request, until September 30, 2026.

17. On September 29, 2026, counsel for [redacted] indicated that he was preparing [redacted] response to the subpoena, including a production for the following day, but wanted to confirm that there was a confidentiality order in place that would cover his client's production.

18. On October 2, 2026, I participated in a telephonic meet and confer with counsel for [redacted] Patrick L. Selvey, Esq. of Hamilton Clarke, LLP, to discuss his client's response to the subpoena.

19. On that call, Mr. Selvey stated that his client had "signed to" certain "statements that are untrue" in the past and described that his client did not want to continue to perpetuate any "false statements" she had previously signed off on.

20. Mr. Selvey volunteered on that call—without any suggestion or request from me—that his client may be willing to sign a second affirmation to substantiate that [redacted] was recanting her prior statements.

21. Mr. Selvey also advised that while he had not been in personal contact with the other affiant, family friend Allan Flott, he understood Mr. Flott was in a similar situation to his client.

22. Mr. Selvey described that both [redacted] and Mr. Flott were "led astray" by Plaintiff.

23. That evening, I summarized to Mr. Selvey the substance of my conversation with him via email, a true and correct copy of which is attached hereto as Exhibit 4. I stated, in part:

> Thank you for the call this afternoon. I write to confirm the substance of our conversation. You stated that your client, [redacted] made statements in a previous affirmation (attached for reference) which are untrue. As you described, her brother, Chirayu Rana, came to her to ask her to present the statements in the affirmation as if they were facts within her own personal knowledge, but they were not. You stated that [she] was told by her brother the affirmation would not be used in court or disclosed publicly. You stated that while she is concerned for her safety and would prefer to avoid publicity, she wants to recant her prior statements and does not want to continue to perpetuate a fraud.

24. Mr. Selvey did not dispute the substance of my October 2, 2026 email.

25. On October 13, 2026, counsel for JPMC, including lead counsel Cardelle Spangler and myself, held a telephonic meet and confer with Mr. Selvey. During that call, Mr. Selvey stated that he had been in contact with counsel for Mr. Flott and that Mr. Flott had similarly been placed in a situation wherein Plaintiff convinced him to execute a false affirmation.

26. On October 13, 2026, Mr. Selvey sent an email to counsel for JPMC, copying counsel for Mr. Flott, in which he stated that "the non-parties wish to discuss the timing and framework for the production of documents and affirmations recanting their prior statements." A true and correct copy of this email is attached hereto as Exhibit 5.

27. On a telephonic meet and confer attended by counsel for JPMC, counsel for Ms. Hajdini, and counsel for both [redacted] and Mr. Flott on October 16, 2026, Mr. Selvey stated, among other things, that he had been in contact with Jon Norinsberg of J&N, counsel of record for Plaintiff, earlier that week.

28. Mr. Selvey stated that he had recently told Mr. Norinsberg that his client, [redacted] was prepared to recant her prior July 28, 2025 affirmation.

29. Mr. Selvey expressly confirmed that he had been in contact with Mr. Norinsberg *before* J&N filed the pending motion to withdraw as counsel on October 14, 2026 (ECF Nos. 55–57).

30. On October 22, 2026, [redacted] executed a sworn declaration recanting her prior July 28, 2025 affirmation. A true and correct copy of that declaration is attached hereto as Exhibit 6.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 22, 2026 in Cook County, Illinois.

______________________________
SARAH N. KREGER