# EXHIBIT 3

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

CHIRAYU S. RANA,
*Plaintiff*
v.
JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, AND KELLY CROWE
*Defendant*

Civil Action No. 1:26-cv-06351-LAK

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: [redacted]

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Winston Taylor LLP<br>200 Park Avenue<br>New York, NY 10166-4193<br>C/O SARAH KREGER<br>Sarah.Kreger@winstontaylor.com | Date and Time:<br>September 9, 2026 - 9:30 AM |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/26/2026

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

Sarah Kreger
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _______________ , who issues or requests this subpoena, are:

Sarah Kreger, Winston Taylor LLP, 300 North LaSalle Drive, Chicago, IL 60654, (312) 558-6327

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:26-cv-06351-LAK

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and Local Civil Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York, You are commanded to produce at the time, date, and place set forth on the face of the preceding subpoena the following documents and electronically stored information.

**DEFINITIONS**

The definitions and rules of construction set forth in Local Civil Rule 26.3 are hereby incorporated and shall apply to each Document Request. Such definitions apply throughout these requests without regard to capitalization. In addition, as used herein, the following terms shall have the following meanings:

1. [redacted] "You," or "Your" refers to the individual person [redacted] and any of her current or former agents, employees, officers, executives, directors, investors, attorneys, and all other persons or entities directly or indirectly, wholly or in part, owned by, controlled by, or associated with her, and any others acting or purporting to act on her behalf.

2. "Communication(s)" as used herein means any written or electronic Document, oral statement, or meeting or conference, formal or informal, in which information was exchanged, stated, written, recorded, or in any way transferred.

3. The "Complaint" refers to the Complaint filed in the above-captioned action on July 27, 2026, Case No. 1:26-cv-06351-LAK and any subsequent amended complaints filed in this action.

4. "Document(s)" as used herein shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof including, without limitation, letters, correspondences, notes, memoranda, reports, minutes or records of meetings,

orders, diaries, statistics, telegrams, telexes, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, text messages, notations of conversations, manuals, speeches, drawings, blueprints, telephone calls, meetings, or other communications, as well as any information or material stored in electronic, mechanical, or magnetic media, such as tapes, DLT tapes, cassettes, computer or floppy disks, Jazz disks, ZIP disks, ZIP drives, microfilms, electronic mail, archived or deleted electronic mail, log files, CD-ROMs, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any electronic storage device or in any Cloud Storage Account, and any information stored or available on any hosted service provider, other remote storage facility, or on the internet including on any social media or messaging applications including, but not limited to, Instagram, Facebook, Twitter, Skype, LinkedIn, Telegram, and WhatsApp. The term shall further include all transactional records such as credit card statements, credit card receipts, debit card records, bank statements, rideshare receipts (including but not limited to Uber and Lyft), airline tickets, boarding passes, hotel folios, toll records, parking receipts, and any other records of purchase or travel, whether in physical or electronic form.

5. "ESI" means and refers to any electronically stored information stored in any medium from which such information can be obtained, either directly or after translation by You into a reasonably usable form.

6. "JPMC" refers to JPMorgan Chase Bank, N.A. and any of its respective (a) divisions, departments, parents, subsidiaries, affiliates, or other organizational or operational units; (b) predecessors, successors, or assignee entities; (c) member companies, corporations, partnerships, associations, or other business entities; and (d) present or former officers, directors,

employees, agents, consultants, accountants, attorneys (including in-house and outside counsel), or other representatives (in their individual or representative capacities).

7. The term "Person" shall mean any individual, partnership, firm, corporation, association, joint venture, governmental agency, or any other business or legal entity.

8. "Plaintiff" refers to Plaintiff Chirayu Rana, and all of his present and former attorneys, advisors, agents, and representatives.

9. The term "and/or" means "and" and in the alternative "or" and shall be construed to require the broadest possible response to each Request.

10. The terms "relate(s) to," "related to," and "relating to" as used herein shall mean pertaining to, embodying, concerning, containing, comprising, indicating, referring to, referencing, reflecting, memorializing, identifying, describing, discussing, involving, evidencing, supporting, or contradicting, in any way, in whole or in part, the subject matter referred to in the Request.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

12. "All," "any," and "each" shall be construed as all, any, and/or each as necessary to bring within the scope of the Subpoena all responses that otherwise could be construed to be outside of its scope.

13. "Concerning" and "relating to," in addition to having their customary and usual meanings, shall also include reflecting, referring to, discussing, describing, evidencing, constituting, mentioning, pertaining to, assessing, recording, comparing, considering, disclosing,

identifying, containing, commenting upon, showing, supporting, touching upon, and/or summarizing, whether in whole or in part.

14. "Including," "include," or "includes" are used in their broadest sense, and are not meant to be limiting. Any list following these terms contain one or more illustrative examples, but the list is without limitation, does not define or otherwise characterize the full extent of the category within which the illustrative examples fall, and does not constitute an exclusive, all-encompassing, or exhaustive listing of everything within the category within which the illustrative examples fall.

## INSTRUCTIONS

1. These Requests are addressed to You and Your agents, employees, officers, executives, directors, investors, attorneys, and all other persons or entities directly or indirectly, wholly or in part, owned by, controlled by, or associated with You, and any others acting or purporting to act on Your behalf. These Requests cover all Documents in Your actual or constructive possession, custody, or control including, but not limited to, Documents in the possession of any other Person or entity acting on Your behalf.

2. You are instructed to produce Documents as they are kept in Your usual course of business, or the Documents shall be organized and labeled to correspond with the categories in these Requests.

3. True and correct copies of original Documents may be supplied in lieu of producing the originals.

4. If You object to any Request in whole or in part, You must respond fully to the extent not objected to and set forth specifically in writing the grounds upon which the objection is based.

5. In the event that any Document called for by any of these Requests has been destroyed, that Document is to be identified in writing by: addressor, addressee, indicated or blind copies, date, subject matter and content, number of pages, attachments, exhibits and appendices, date of destruction, manner of destruction, and reason for destruction.

6. Documents not otherwise responsive to the provisions of this Subpoena should be produced if such Documents are or were attached to or enclosed with any Documents that are responsive to this Subpoena. Such attached or enclosed Documents include, but are not limited to, routing slips, transmittal memoranda, or letters, comments, evaluations, or similar Documents.

7. Each Request herein refers to all Documents that are either known by You to exist or can be located or discovered by reasonably diligent efforts by You or Your agents. If there are no Document(s) in Your possession, custody, or control with respect to particular Request(s), so state in response to such Request(s).

8. This Subpoena is continuing in nature, and You are required to supplement your response hereto if additional responsive Documents are created or discovered before the conclusion of this action.

9. Unless otherwise stated below, the time period for these Requests is May 1, 2024 through May 31, 2025.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Documents sufficient to confirm Your residency from May 1, 2024 through the present.

### REQUEST FOR PRODUCTION NO. 2

All Documents and Communications relating to any alleged visits to Your apartment in New York by Plaintiff, Lorna Hajdini, or any individual described in Paragraphs 85–91, 93–96, or 98 of the Complaint.

### REQUEST FOR PRODUCTION NO. 3

All Documents and Communications relating to any alleged sexual or racial harassment, sexual assault or coercion, sexual advances, or any other unlawful or inappropriate behavior that You witnessed concerning Plaintiff. This includes, but is not limited to, any Communications with Plaintiff, any individual described in Paragraphs 85–91, 93–96, or 98 of the Complaint, or any other Person.

### REQUEST FOR PRODUCTION NO. 4

All Documents You have authored or signed regarding the allegations in the Complaint.

### REQUEST FOR PRODUCTION NO. 5

All Documents and Communications concerning any individual described in Paragraphs 85–91, 93–96, or 98 of the Complaint, JPMC, and/or any of JPMC's current or former employees.

### REQUEST FOR PRODUCTION NO. 6

Documents sufficient to show all dates on which You were not present at Your apartment in New York. This could include, but is not limited to, calendars, notebooks, planners, diaries, airline or other transportation tickets or boarding passes, hotel or Airbnb or other accommodation

receipts, or similar records confirming Your whereabouts. Information that is duplicative of other responsive, produced information need not be produced.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications relating to Your visit(s) to Baruna Rana and/or Chaitanya Rana, either at their residence in Vienna, Virginia, or wherever either individual was located.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications reflecting travel by You to or from the United Arab Emirates, India, Nepal, or any other location that You visited.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications relating to any caregiving responsibilities You had for Baruna Rana, Chaitanya Rana, or any other member of Your family.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications regarding the alleged threatening messages referenced in the Complaint, including but not limited to any alleged threatening text messages or voicemails You personally received.

**REQUEST FOR PRODUCTION NO. 11**

All Communications between You and any other Person, including Plaintiff, regarding the allegations in the Complaint.