UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIRAYU S. RANA, Plaintiff, -against- JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE, Defendants. | Case No. 1:26-cv-06351-LAK |

**DEFENDANT BRANDON GRAFFEO, JONATHAN WOLTER AND KELLY CROWE'S**
**<u>OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF</u>**

Defendants Brandon Graffeo, Jonathan Wolter and Kelly Crowe (the "Individual Defendants") hereby submit this Opposition to the Motion to Withdraw as Counsel for Plaintiff (the "Motion to Withdraw") filed by Joseph & Norinsberg, LLC's ("J&N") on October 14, 2026 (Doc. No. 55).

The Individual Defendants share concerns articulated in the Opposition to the Motion to Withdraw filed by co-Defendant JPMorgan Chase Bank, N.A. ("Chase") (the "Chase Opposition"). While the Individual Defendants were first named as parties to Mr. Rana's lawsuit when his Complaint was filed in this Court on July 27, 2026, the serious—and false—allegations against them appeared in Plaintiff's initial state court complaint and throughout the various iterations of Plaintiff's complaints since that time. This has caused them ongoing prejudice, too, just as it has prejudiced Chase and Ms. Hajdini. They too have had their names baselessly sullied in the filings and in the press, and they too are entitled to an expeditious resolution of Plaintiff's allegations—which can only be achieved through timely completion of fact discovery and ultimate

resolution of this action. Permitting J&N to withdraw before completing outstanding obligations would almost certainly result in further unwarranted delay.

J&N's suggestion that their obligations can simply be transferred to replacement counsel is unrealistic. As a preliminary matter, although it appears that Plaintiff has recently engaged a fourth firm to undertake his representation (ECF Nos 69-70), it remains unclear if they have full and complete knowledge of the circumstances surrounding J&N's request to withdraw and facts that have emerged concerning Plaintiff's allegations. Even assuming Plaintiff's newly retained counsel proceeds with litigating this matter on his behalf, they will inevitably request additional time to review work already performed by existing counsel, to familiarize themselves with the procedural history and facts of this matter, and to take the steps necessary to complete Plaintiff's outstanding discovery obligations. And, if Plaintiff cannot maintain his counsel and subsequently elects to proceed *pro se*, the Individual Defendants have concerns that he will not undertake his ongoing written discovery obligations properly and in good faith, such as producing only selected communications and documents (rather than all responsive, non-privileged communications and documents). These concerns are not speculative. It has been established that Plaintiff has made false representations throughout his employment with Chase and this litigation, such as contending that his father had passed away to obtain leave when his father is very much alive and well, misrepresenting his compensation at other companies to inflate his alleged damage claims, and misrepresenting the circumstances of his departures from prior employers. The new facts that have emerged since then further establish that Plaintiff will lie and conceal evidence when it benefits him to do so.

For these reasons, and for similar reasons set forth in Arguments I and III in the Chase Opposition, the Individual Defendants respectfully oppose J&N's request to withdraw and request

that the Court decline to permit such withdrawal prior to the completion of written discovery obligations and this Court's resolution of the other issues raised by the opposition briefing to the Motion to Withdraw.

Dated: October 22, 2026

**GREENBERG TRAURIG, LLP**

By: *_/s/ Sylvia E. Simson_*

Sylvia E. Simson
Lauren Rosenblatt
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Sylvia.Simson@gtlaw.com
Lauren.Rosenblat@gtlaw.com

Kristine J. Feher
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Feherk@gtlaw.com
*Attorneys for Jonathan Wolter, Brandon Graffeo, and Kelly Crowe*