# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

CHIRAYU S. RANA,

Plaintiff,

-against-

Case No. 1:26-cv-06351-LAK

JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,

Defendants.

-----------------------------------------------------------x

**NON-PARTY BARUNA RANA'S OBJECTIONS AND RESPONSES TO DEFENDANT JPMORGAN CHASE BANK, N.A.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

PLEASE TAKE NOTICE that non-party Baruna Rana ("Non-Party" or "Ms. Rana"), by and through undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby submits these objections and responses (the "Objections and Responses") to the Subpoena to Produce Documents, Information, or Objects (the "Subpoena") issued by Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") on August 26, 2026, and served on Ms. Rana on September 8, 2026. Ms. Rana timely requested a thirty (30)-day extension of the time to object and/or respond to the Subpoena.

Ms. Rana serves these Objections and Responses to preserve all applicable rights, including without limitation any objection based on the timeliness of service and the reasonableness of the time allowed to comply under Fed. R. Civ. P. 45(d)(3)(A)(i). Nothing in these Objections and Responses shall be construed as an admission that the Subpoena was timely served, properly

issued, or enforceable as to any Request herein. Ms. Rana expressly reserves the right to supplement and amend these Objections and Responses.

Subject to and without waiver of the foregoing, Ms. Rana responds as follows:

## GENERAL OBJECTIONS

The following General Objections apply to, and are incorporated by reference into, each of the Specific Objections and Responses set forth below, whether or not separately restated in response to any individual Request:

1. Non-Party objects to the Subpoena, including the "Definitions" and "Instructions" set forth in Exhibit A thereto, to the extent they purport to impose obligations on Non-Party broader than, or inconsistent with, those set forth in the Federal Rules of Civil Procedure and/or the Local Civil Rules.

2. Non-Party objects to each Request to the extent it is overly broad, unduly burdensome, and oppressive, including without limitation the Definitions of "Document(s)," "Communication(s)," "You," and "Your," each of which sweeps within its scope materials having little or no connection to any claim or defense at issue in this action.

3. Non-Party objects to each Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, as required by Fed. R. Civ. P. 26(b)(1).

4. Non-Party objects to each Request to the extent it seeks confidential, private, or personal information of Non-Party or third parties, including without limitation medical, health, and financial information protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and other information in which Non-Party or third parties have a legitimate and cognizable expectation of privacy.

5. Non-Party objects to the Subpoena on the ground that, as served, it failed to allow a reasonable time to comply within the meaning of Fed. R. Civ. P. 45(d)(3)(A)(i).

6. Non-Party objects to each Request to the extent it seeks documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Any inadvertent production of privileged or otherwise protected material shall not constitute a waiver of any applicable privilege or protection, and Non-Party reserves all rights under Fed. R. Civ. P. 45(e)(2).

7. Non-Party objects to the Subpoena to the extent it purports to impose obligations on persons or entities other than Non-Party herself, including through the overly broad definition of "You" and "Your" in Paragraph 1 of the Definitions, which purports to include Non-Party's agents, employees, officers, executives, directors, investors, and attorneys.

8. Non-Party's response to any Request is made subject to, and without waiver of, these General Objections, and no response to a specific Request shall be construed as an admission that the Request is proper, relevant, or reasonably calculated to lead to the discovery of admissible evidence.

9. Non-Party's General and Specific Objections are made without prejudice to, and are not a waiver of, Non-Party's right to assert additional objections that may become known during the pendency of this action or in connection with any motion practice under Fed. R. Civ. P. 45(d)(3).

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications relating to any medical condition(s) You had. If Documents responsive to this Request include medical records that You maintain are protected by HIPAA, please provide separate authorization (in the form attached hereto as Exhibit 1) for JPMC to obtain all such records from each third party from whom You sought or received medical care.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Non-Party incorporates each of the General Objections above as though fully set forth herein. Non-Party further objects to this Request as overly broad and unduly burdensome insofar as it seeks "all Documents and Communications relating to any medical condition(s)" Non-Party had, without limitation to conditions bearing any relationship to the claims or defenses at issue in this action, and as seeking confidential, HIPAA-protected medical information that is not relevant or proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Non-Party further objects to this request as being unreasonably cumulative and duplicative to the extent it calls upon Non-Party to produce documents that are already available and/or known to Defendant. Non-Party also objects to the demand that she execute a blanket medical-records authorization as a condition of responding, as overbroad, improper and an extreme invasion of privacy requested of a non-party in this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Non-Party will not execute the requested authorization or provide "All Documents and Communications relating to any medical condition(s) [she] had."

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to any caregiving responsibilities that Plaintiff had with respect to You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Non-Party incorporates each of the General Objections above as though fully set forth herein. Non-Party further objects to this Request as vague and undefined as to the term "caregiving responsibilities," and as overly broad, unduly burdensome, and seeking information not relevant to any claim or defense and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). Non-Party further objects insofar as this Request seeks private and personal information concerning Non-Party's health, household, and family circumstances. Subject to and without waiving the foregoing General and Specific Objections, Non-Party states that she is not in possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents reflecting the dates on which Plaintiff was physically present at Your home in Vienna, Virginia or in Your geographic area, including but not limited to photographs, calendar entries, travel records, or Communications confirming his presence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Non-Party incorporates each of the General Objections above as though fully set forth herein. Non-Party further objects to this Request as vague and undefined as to the phrase "Your

geographic area," and as overly broad and unduly burdensome insofar as it seeks "all Documents" of every type and description, without limitation, reflecting Plaintiff's presence over an undefined geographic scope. Non-Party further objects to this request as being unreasonably cumulative and duplicative to the extent it calls upon Non-Party to produce documents that are already available and/or known to Defendant or available from a party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Non-Party states that she is not in possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications regarding the alleged threatening messages referenced in the Complaint, including but not limited to any alleged threatening text messages or voicemails You personally received.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Non-Party incorporates each of the General Objections above as though fully set forth herein. Non-Party further objects to this request as being unreasonably cumulative and duplicative to the extent it calls upon Non-Party to produce documents that are already available and/or known to Defendant or available from a party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Non-Party states that she is not in possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between You and any other Person, including Plaintiff, regarding the allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Non-Party incorporates each of the General Objections above as though fully set forth herein. Non-Party further objects to this Request as overly broad and unduly burdensome insofar as it seeks "All Communications" with "any other Person" regarding the allegations in the Complaint, without limitation. Non-Party further objects to this request as being unreasonably cumulative and duplicative to the extent it calls upon Non-Party to produce documents available from a party to this litigation.

Subject to and without waiving the foregoing General and Specific Objections, Non-Party states that she is not in possession, custody or control of any responsive documents.

## RESERVATION OF RIGHTS

Non-Party expressly reserves the right to supplement, amend, correct, or revise these Objections and Responses. Nothing in these Objections and Responses shall be deemed an admission regarding the relevance, admissibility, or discoverability of any information, nor a waiver of any objection not expressly stated herein. Non-Party reserves all rights to move for a protective order or to quash the Subpoena, in whole or in part, under Fed. R. Civ. P. 45(d)(3).

**CHHETRY & ASSOCIATES, P.C.**

Dated: New York, New York
September 24, 2026

By: /s/ *Nevin Chetry*
Nevin Chetry, Esq.
494 8th Avenue, 9th Floor
New York, NY 10001
Tel: (212) 947-1079
Email: nc@chhetrylaw.com
*Counsel for Non-party Baruna Rana*