# Exhibit A

**From:** Lance Clarke <clarke@hcllplaw.com>
**Sent:** Monday, October 26, 2026 9:06 PM
**To:** Kreger, Sarah N.
**Cc:** Patrick Selvey; Spangler, Cardelle; Melissa C. Rodriguez; Stacey Clarke; Eric M. Makinen; Brian W. Sullivan; Samuel S. Shaulson; Borne, Sophie
**Subject:** Rana v. JPMorgan Chase Bank, N.A., No. 1:26-cv-06351-LAK – Withdrawal of Confidential Designation (Declaration of Chandani Rana)
**Attachments:** Rana Corrective Declaration.pdf

Counsel,

Ms. Rana withdraws the Confidential designation on her October 22, 2026 Declaration. A copy without the designation is attached. Ms. Rana will not seek a protective order concerning her name on the public docket.

We trust this resolves the sealing issue without the need for a letter motion.

Regards,

–

HAMILTON | CLARKE LLP

**Lance A. Clarke, Esq.**
*Managing Partner*
Hamilton Clarke, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(T:) 212-729-0952
HCLLPLaw.com

**DECLARATION OF CHANDANI RANA**

I, CHANDANI RANA, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am over eighteen years of age and competent to make this declaration. Except where I state otherwise, I make it based on my own personal knowledge.

2. On July 28, 2025, I signed a document titled "Affirmation of Chandani Rana" (the "Prior Affirmation," attached as Exhibit A). I submit this declaration to correct the record and to withdraw the Prior Affirmation.

3. The Prior Affirmation describes events in 2024 involving Lorna Hajdini and my brother, Chirayu Rana, as though I saw them. I did not see them. I was not present for any of the events it describes. To the extent the Prior Affirmation states or suggests that I witnessed those events, those statements are not true, and I withdraw them.

4. In or about May 2025, my brother asked me for help with what he described as a "life or death" situation. My relationship with my brother has been strained for some time, and I did not respond right away. A family friend then contacted me on my brother's behalf, told me my brother's situation was urgent, and encouraged me to speak with him. After that, I agreed to talk to my brother.

5. In or about June 2025, I spoke with my brother. He told me that his supervisor at JPMorgan Chase, Ms. Hajdini, had sexually harassed and racially abused him; that coworkers had seen it but were afraid to come forward; and that the bank was not taking his complaint seriously. He told me he believed his life was in danger and that I was his last hope.

6. I believed what my brother told me about his experiences. At the time, I had no reason to think he was making them up.

7. My brother asked me to speak with his attorney. He told me what to say and wrote it down for me beforehand. He was in the room during my conversation with the attorney, and he passed me written notes and whispered to me about what to say.

8. The Prior Affirmation was then prepared for my signature. I did not write it. My brother's attorney prepared it. I signed it because I believed that what my brother told me, including what he told me in June 2025 as described in paragraph 5, had really happened to him, and that he was in a desperate situation.

9. Before I signed, my brother told me more than once that the document would be shown only to his lawyers and to the bank so that the bank would take his complaint seriously. He told me it would never be filed in court or used in any court proceeding, and he promised that I would never have to testify. I believed him.

10. On or about April 30, 2026, I learned that the Prior Affirmation had been submitted in connection with a New York State Court lawsuit. I did not know it had been used that way, and I never agreed to it. As soon as I learned, I told my brother I wanted nothing to do with his case.

11. I have never seen Ms. Hajdini engage in any inappropriate, sexual, harassing, threatening, or intoxicated conduct toward my brother or anyone else. To my knowledge, I have never been in the same room with her, and she has never been to my apartment. I have no personal knowledge of any such conduct by her. My brother did not visit my apartment at any point in 2024, nor did he have independent access to my apartment.

12. I also have no personal knowledge of the harassment, blackmail, or other conduct my brother described to me. Everything I know about those allegations came from him. I cannot say whether they are true or false.

13. When my brother asked me to speak with his attorney and to sign the Prior Affirmation, he knew that I had not been present for the events it describes. Shortly after I learned that my brother had filed a lawsuit, I retained counsel. My attorney attempted to speak with my brother's attorney in or around July 2026 to encourage my brother to discontinue his claim without success.

14. I withdraw the Prior Affirmation in its entirety. No court, party, or other person should rely on it for any purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 22, 2026, at New York, New York.

CHANDANI RANA