**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIRAYU S. RANA,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,<br><br>Defendants. | Case No. 1:26-cv-06351-LAK |

**SUPPLEMENTAL DECLARATION OF JON L. NORINSBERG IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

JON L. NORINSBERG declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a managing partner at Joseph & Norinsberg, LLC ("J&N"), counsel of record for Plaintiff. I submit this declaration in further support of J&N's motion to withdraw as counsel. ECF Nos. 55–57. I have personal knowledge of the facts stated below.

2. On October 8, 2026, J&N made the decision to withdraw from its representation of Plaintiff Chirayu S. Rana in this matter. That afternoon, we notified Plaintiff in writing, by email, that J&N would be filing a motion to withdraw as his counsel, subject to the Court's approval, and that the decision was final.

3. Upon receiving J&N's email notifying him of our intention to file a motion to withdraw, Plaintiff responded by requesting that we speak with him, and we agreed to do so the following morning.

4. On October 9, 2026, John Meehan, Esq., another partner at J&N, and I spoke with Plaintiff by telephone for approximately 25 minutes. Without disclosing privileged communications, we generally discussed J&N's decision, the timing of the motion, and the transition of the matter to new counsel.

5. At Plaintiff's request, J&N agreed to defer filing until after the holiday weekend to give him an opportunity to retain new counsel. The motion was therefore filed on October 14, 2026, although J&N had made and communicated its decision to withdraw six days earlier.

6. With respect to my communications with Patrick L. Selvey, Esq., counsel for Chandani Rana, the non-party witness, the first time we spoke was by telephone on the morning of September 23, 2026. That conversation concerned his client's response to JPMorgan's subpoena and related materials.

7. After our telephone call and email exchange on September 23, 2026, to the best of my recollection, I had no further communications with Mr. Selvey until he reached out to me again by telephone on October 12, 2026.

8. On October 12, 2026, at approximately 3:55 p.m., Mr. Selvey called me and, for the first time, informed me that his client was considering recanting her prior affidavit. He indicated that no final decision had yet been made.

9. That call was the first time I, or to my knowledge anyone at J&N, learned that Ms. Rana might sign a new affidavit recanting her prior affidavit. By then, J&N had already decided to withdraw four days earlier, on October 8, 2026, and had communicated that decision to Plaintiff in writing that same day.

10. The first time J&N saw or received Ms. Rana's October 22, 2026 affidavit recanting her prior affidavit was when Defendants filed it with their oppositions that same day.

11. I have reviewed the approximately 22-minute recorded interview of Ms. Rana conducted by Plaintiff's former counsel, Gregory S. Chiarello, Esq., of Outten & Golden LLP, in or about June 2025.

12. In that interview, Ms. Rana describes two separate encounters between Plaintiff and Defendant Lorna Hajdini that she states she personally witnessed, and provides surrounding details concerning those events. During the interview, she also distinguishes between matters she states she personally observed, matters she inferred, and matters she could not recall with certainty.

13. J&N has provided Plaintiff with his case file and will cooperate fully in the transition to successor counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 28, 2026

/s/ Jon L. Norinsberg

Jon L. Norinsberg