# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHIRAYU S. RANA,**<br>**PLAINTIFF,**<br>**V.**<br>**JPMORGAN CHASE BANK, N.A., et al.,**<br>**DEFENDANTS.** | **Case No.: 1:26-cv-06351-LAK** |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority, Plaintiff Chirayu S. Rana ("Plaintiff"), and Defendants JPMorgan Chase Bank, N.A., Lorna Hajdini, Brandon Graffeo, Jonathan Wolter, and Kelly Crowe ("Defendants"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. **DEFINITIONS.**

1.1 Acknowledgment: Refers to Exhibit A attached hereto, which must be executed by certain persons prior to the disclosure of "Confidential" or "Highly Confidential" Material as set forth in Section 5 of this Stipulation and Order.

1.2 Action: *Chirayu S. Rana v. JPMorgan Chase Bank, N.A., Lorna Hajdini, Brandon Graffeo, Jon Wolter, and Kelly Crowe*, Case No.: 1:26-cv-06351-LAK, pending before the Honorable Lewis A. Kaplan in the United States District Court for the Southern District of New York.

1.3 "Confidential" Discovery Material: Information (regardless of how generated, stored, or maintained), documents, communications, testimony, or tangible things obtained during discovery in the Action that the Disclosing Person reasonably and in good faith

believes contains or would disclose non-public confidential, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets or non-public research relating to any Party, their affiliates, and/or their business, that requires the protections provided in this Stipulation and Order, including, but not limited to:

i. Company business records maintained as non-public in the ordinary course;

ii. Any information, the disclosure of which would, in the good faith judgment of the Party producing the information (herein, a Disclosing Person) negatively impact or effect that Party, whether it be to the conduct of that Party's business or the business of any of the Party's customers or clients, or to an individual's privacy rights, as well as any information copied or extracted therefrom;

iii. Any testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information; or

iv. Any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c) or applicable laws or regulations.

Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential."

1.4 <u>Confidential Supervisory Information</u>: Confidential Supervisory Information includes, but is not limited to, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Bureau as set forth in 12 C.F.R. § 1070.2, and

any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

1.5 <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

1.6 <u>Disclosing Person</u>: A Party or a non-party that produces or otherwise provides Discovery Material in the Action, including through depositions, document productions, or otherwise.

1.7 <u>Discovery Material(s)</u>: All information of any kind provided in the course of discovery in the Action, including without limitation documents, communications, text messages, electronic messages of any kind or nature, electronic files, trade data, written discovery responses, deposition testimony, and deposition exhibits. Information copied or extracted from Discovery Material, as well as all copies, excerpts, summaries, or compilations thereof, shall constitute Discovery Material. Any information obtained through means outside the court's discovery processes, such as through independent investigation and/or through public access means, shall not constitute Discovery Material. Any person subject to this Stipulation and Order who receives from any other person any Discovery Material shall not disclose said Discovery

Material to anyone else except as expressly permitted hereunder.

1.8 Expert: A person who is not an owner, director, officer, or employee of a Party, who has specialized knowledge or experience in a matter pertinent to this litigation, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the prosecution or defense of the Action, including his or her employees and support personnel. This definition includes, without limitation, professional jury or trial consultants retained in connection with the Action.

1.9 Foreign Law Restricted Material: Any Discovery material that, pursuant to any foreign law or regulation, is prohibited from being transferred to the United States and/or disclosed in connection with a legal proceeding.

1.10 "Highly Confidential" Discovery Material: Discovery Material that the Disclosing Person reasonably and in good faith believes contains (a) material regarding trading and investment strategies, pricing and cost information, customer lists, business strategy, confidential trade secrets, employee personnel files of current or former employees, compensation or payroll information of current or former employees, confidential client or customer account information, and other commercial or financial information the disclosure of which to another Party or non-party would create a substantial risk of causing the Disclosing Person or JPMC's employees, customers or clients, to suffer monetary or non-monetary injury or competitive or commercial disadvantage; (b) Personal Data, as defined herein; or (c) Non-Public Personal Financial Information, as defined herein;.

1.11 In-House Counsel: Attorneys, paralegals, and other legal department personnel who are employees of a Party, to whom disclosure of Discovery Material is reasonably necessary for this litigation.

1.12 Non-Public Personal Financial Information: Any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 *et seq.* and its implementing regulations, or analogous state laws and regulations, including, but not limited to, any portion of a spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

1.13 Outside Counsel: Attorneys, paralegals, and other law firm personnel, employees, and contractors who are not employees of a Party but who are retained to represent or advise a Party in the Action.

1.14 Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.15 Personal Data: Any information related to, reflecting, associated with or identifying a natural person, other than Non-Public Personal Financial Information, that a Party or Disclosing Person (whether or not a Party) believes in good faith to be subject to federal, state, or foreign data privacy, data protection laws, the Health Insurance Portability and Accountability Act ("HIPAA") or other equivalent laws, or other privacy obligations. Personal Data constitutes material requiring special protection and includes, but is not limited to, personal identifying information (*e.g.*, a social security number), health or medical information (*e.g.,* medical records), and documents that would disclose non-public and/or private information relating to a natural person. Nothing in this section shall be used to imply that any law permits, or does not permit,

the production of certain data, regardless of whether such data is designated as "Personal Data."

1.16 Principal: An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

1.17 Professional Vendors: Persons or entities employed by the Parties or their Counsel to assist in the Action that provide litigation or trial support services (*e.g.*, photocopying; data processing; graphic production; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; mock jurors; investigators) and their employees and subcontractors.

1.18 Protected Material: Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

1.19 Receiving Party: A Party or non-party that receives Discovery Material from a Disclosing Person in the Action, including depositions, document productions, or otherwise.

1.20 SAR Related Material: Any Discovery Material that, pursuant to 31 U.S.C. 5318(g)(2)(A)(i), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations concerning potential suspicious activity, is not permitted to be produced.

2. LIMITATION ON USE OF DISCOVERY MATERIAL. All Discovery Material that is "Confidential" or "Highly Confidential" hereunder and produced or disclosed in connection with the Action shall be used during the pendency of this Action solely for the prosecution or the defense of the Action (including any attempted settlement thereof or appeal therefrom), for the enforcement of insurance rights with respect to the Action, for purposes of disclosure to or proceeding by or before government and/or law enforcement authorities or as

otherwise required by law, and for no other purpose whatsoever, including any related action, present or future, between Plaintiff and some or all of the parties, including but not limited to the action titled *John Doe v. JPMorgan Chase & Co. et al.*, pending in the Supreme Court of New York, New York County, Index No. 155620/2026 or any government and/or law enforcement proceeding. "Confidential" or "Highly Confidential" Discovery Material that contains protected health information, as that term is defined in 45 C.F.R. § 160.103, shall be used solely for the prosecution or the defense of the Action.

3. DESIGNATING DISCOVERY MATERIAL.

3.1 Initial Designation. Any Disclosing Person may, subject to the provisions of this Stipulation and Order, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A Disclosing Person shall apply a confidentiality designation only when the party has a reasonable, good faith basis that the information so designated constitutes "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material. The protections conferred by this Stipulation and Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

3.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulation and Order or as otherwise stipulated or ordered, Discovery Material must be designated for protection under this Stipulation and Order by clearly designating the material before it is disclosed or produced.

3.3 The designation of materials as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be made as follows:

3.3.1. In a cover letter transmitting a production containing Discovery Material designated under this Stipulation and Order;

3.3.2. For ESI, whenever possible, by imprinting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page or portion of a document so designated, in a manner that will not interfere with legibility or audibility, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable, need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential" or "Highly Confidential." If imprinting on the face of the document is not possible, then by (1) affixing a stamp with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the medium on which the electronic data is stored when copies are delivered to a Receiving Party; and (2) designating the production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the transmittal cover letter. Where only a portion of a document has been designated as Confidential or Highly Confidential, the Disclosing Person shall produce for future public use another copy of said Discovery Material with the confidential information redacted.

3.3.3. For produced documents, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.

3.3.4. For native files, such as Excel spreadsheets or PowerPoint presentations, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the subject line of the file.

3.3.5. For written discovery responses, by imprinting the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to a

discovery request or on each page of a response.

3.3.6. For depositions, by indicating in the record at the deposition that the transcript and/or responses shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," in which case the reporter is to label the transcript as such. Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all other Parties and the court reporter, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Discovery Material or Highly Confidential Discovery Material, in which case all counsel receiving the transcript and its exhibits will be responsible for marking the copies in their possession or under their control as directed by the Producing Party or that person's counsel. All transcripts or recordings of depositions shall be treated as "HIGHLY CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

3.3.7. For all other Discovery Material, by placing or affixing on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.

3.4 Inadvertent Failure to Identify Materials as "Confidential" or "Highly Confidential". Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such claim and can be corrected. Any Disclosing Person who inadvertently fails to identify Discovery Material as "Confidential" or "Highly Confidential" shall have fifteen (15) business days from the discovery of its oversight to correct

its failure. Such failure shall be corrected by providing the Receiving Party/Parties written notice of the error and producing substitute copies of the inadvertently produced Discovery Material with the correct designation(s). The Receiving Party/Parties shall thereafter treat the information as Confidential Discovery Material or Highly Confidential Discovery Material and shall take reasonable steps to return or destroy all prior copies of such inadvertently produced Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

3.5 Upward Designation of Information or Items Produced by Other Parties or Non-Parties. Subject to the standards of Section 3, a Party may upward designate (*i.e.*, change any Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Discovery Material produced as "Confidential" to a designation of "Highly Confidential") any Discovery Material produced by another party or non-party, provided that said Discovery Material contains the upward designating Party's own Confidential or Highly Confidential information, as defined herein.

3.5.1. Upward designation shall be accomplished by providing written notice to all other Parties and the relevant Disclosing Person identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated within thirty (30) days from the discovery by the Party that these Discovery Materials should be upward designated. The upward designated Discovery Material shall be reproduced by the Disclosing Party with the correct designation, and the Parties shall thereafter treat the upward designated Discovery Material as Confidential Discovery Material or Highly Confidential Discovery

Material. The Disclosing Party shall take reasonable steps to destroy all prior copies of such upward designated Discovery Material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Stipulation and Order, the Disclosing Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure. Failure to upward designate within thirty (30) days, alone, will not prevent a Party from obtaining the agreement of the Disclosing Person to upward designate certain Discovery Material or from moving the Court for such relief.

3.6 Upward Designations and Depositions. Should any Party seek to designate (or "upward designate") for the first time as "Confidential" or "Highly Confidential" any Discovery Material less than fifteen (15) business days before the date of a duly-noticed deposition of a deponent, then, notwithstanding any provision herein to the contrary, such Discovery Material may be shown to that deponent at his or her deposition provided that (a) the deponent is a current employee of the Disclosing Person (or, where relevant, of the "upward designating" Party); (b) any Party is the deponent; (c) the deponent has authored, received, or has knowledge of the material; or (d) the requirements of Section 5 have otherwise been satisfied.

3.7 De-Designations. If it comes to a Party's attention that any Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

4. DISCLOSURE OF DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE, WORK PRODUCT DOCTRINE, FEDERAL OR STATE REGULATION, OR FOREIGN LAW.

4.1 This Stipulation and Order is without prejudice to any Disclosing Person's

right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege, the joint defense or common interest privilege, the consulting expert privilege, the work product doctrine, or any other applicable privilege or protection, is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material as those terms are defined herein), and is without prejudice to any Party's right to contest such a claim of privilege or protection.

4.2 Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is (a) protected from disclosure under the attorney-client privilege, the joint defense or common interest privilege, the consulting expert privilege, the work product doctrine, any other applicable privilege or immunity, or that is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material) (altogether, "Privileged Material") or (b) Foreign Law Restricted Material and requests that such Discovery Material be returned, redacted, or destroyed, the disclosure shall not by itself be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to Discovery Material produced pursuant to this Order.

4.3 If a Disclosing Person believes that Privileged Material or Foreign Law Restricted Material was inadvertently produced, that Disclosing Person shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim to the extent required by applicable local rules and/or Federal Rule of Civil Procedure

26 (a "Privileged Material Notice"). When appropriate, the Disclosing Person will produce a redacted version of such Discovery Material to the Receiving Party, but the Receiving Party is to promptly halt all use and access to such Discovery Material and seek to sequester, return, or destroy it consistent with paragraphs 4.3.1 and 4.3.2 herein.

4.3.1. Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Privileged Material Notice, any Party to which the Privileged Material or Foreign Law Restricted Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies or notes regarding the Privileged Material thereof) has been sequestered (as provided below), returned, or destroyed, and shall not use such items for any purpose until further order of the Court.

4.3.2. If the Receiving Party believes that it has received Discovery Material that constitutes Privileged Material or Foreign Law Restricted Material, the Receiving Party shall notify the Disclosing Party within ten (10) business days of the discovery of such information. If the Disclosing Party confirms that such disclosure included Privileged Material or Foreign Law Restricted Material, the Receiving Party agrees to destroy or return all copies of such Discovery Material to the Disclosing Person within ten (10) business days of the discovery of such information and after Disclosing Person has produced a redacted version of such Discovery Material, shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Person will provide a redacted version of such Discovery Material to the Receiving Party.

4.3.3. Should the Receiving Party to which any Privileged Material or Foreign Law Restricted Material was produced seek to challenge the designation of such material

as privileged or protected, it shall notify the Disclosing Person in writing and shall not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting Party and the Disclosing Person shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Person's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting Party shall promptly present the issue to the Court for a determination of the Disclosing Person's claim of privilege or protection. The production of Privileged Material or Foreign Law Restricted Material, whether inadvertent or otherwise, shall not by itself serve as the basis of any such motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so), return or destroy such disclosed Privileged Material or Foreign Law Restricted Material and all copies thereof within five (5) business days of the Court's ruling.

5. ACCESS TO AND USE OF PROTECTED MATERIAL.

5.1 Disclosure of Confidential Discovery Material: Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or item designated as "Confidential" only to the following persons:

5.1.1. Any Party to this Action;

5.1.2. The Court and court personnel in the Action and any appellate court in the Action;

5.1.3. The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff;

5.1.4. The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action;

5.1.5. The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff;

5.1.6. The Receiving Party's Principals;

5.1.7. Professional court reporters, their staffs, video operators transcribing depositions or testimony in the Action, and Professional Vendors (such as copy-service providers and document-management consultants) to whom disclosure is reasonably necessary for the Action;

5.1.8. Persons who Counsel have a good faith basis to believe are authors or recipients (including those referenced as "cc" or "bcc" recipients on a document (collectively, "cc's")) of the Confidential Discovery Material or who had access to or the authority to access or obtain such Confidential Discovery Material in the normal or authorized course of business (including but not limited to such Person's supervisor(s) at or after the time the material was created);

5.1.9. Any person who is a current employee of the Disclosing Person to whom disclosure is reasonably necessary for the prosecution or defense of the Action and whom Counsel reasonably and in good faith believes has prior knowledge of, access to, or involvement with the Confidential Discovery Material or the subject matter reflected therein;

5.1.10. Any witness who is called, or who Counsel for a Party in good faith believes may be called, to testify at trial or deposition in the Action, provided that (1) the testimony of such person has been duly noticed in writing to every party in the Action, or such

person has been identified as a person with knowledge in a party's initial disclosures or responses to interrogatories, or has been listed on a party's pre-trial witness list, and (2) such person has executed the Acknowledgment;

5.1.11. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Confidential Discovery Material shall designate any portion of the report that contains Confidential Discovery Material as "CONFIDENTIAL";

5.1.12. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment; and

5.1.13. Any other person or entity who Counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

5.1.14. Any disclosure permitted by this Section may be made only to the extent reasonably necessary to prosecute or defend the Action.

5.2 <u>Disclosure of "Highly Confidential" Discovery Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Disclosing Person, a Receiving Party may disclose any information or items designated as "Highly Confidential" only to the following persons:

5.2.1. The Court and court personnel in the Action and any appellate court in the Action;

5.2.2. The Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action and their legal, clerical, or support staff, including temporary or contract staff;

5.2.3. The Receiving Party's In-House Counsel to whom it is reasonably necessary to disclose the information for the Action;

5.2.4. The Parties' insurers and insurers' counsel participating in matters relating to the Action and their legal, clerical, or support staff, including temporary or contract staff;

5.2.5. Professional court reporters, stenographers, video operators transcribing depositions or testimony in the Action, and Professional Vendors (such as copy-service providers and document-management consultants) to whom disclosure is reasonably necessary for the Action;

5.2.6. Any person who Counsel has a good faith basis to believe authored or previously received the Highly Confidential Discovery Material (including "cc's"), or who had access to such Highly Confidential Discovery Material in the normal course of business in their capacity as a co-worker in the same business unit or as a direct or indirect supervisor of or compliance monitor of an author, recipient, or "cc" of such material;

5.2.7. For employee personnel files, compensation information, medical or health-related information, or other sensitive or personal information, the specific individual to whom the personal documents and information relates;

5.2.8. During the conduct of or in preparation for their depositions, to anyone who is a former or current employee of the Disclosing Person who Counsel reasonably and in good faith believes (a) authored, received, reviewed, had access to, or otherwise has

knowledge of the Highly Confidential Discovery Material; (b) participated in or has knowledge concerning the events, transactions, or subject matter reflected in such material; or (c) must be shown such material because disclosure is reasonably necessary to prepare for or elicit testimony in the Action, provided that such person has executed the Acknowledgment;

5.2.9. Any Expert to whom disclosure is reasonably necessary for the Action, provided that the Expert has first executed the Acknowledgment, and further provided that any report created by such Expert that relies on or incorporates Highly Confidential Discovery Material in whole or in part shall be designated as "HIGHLY CONFIDENTIAL" by the party responsible for its creation;

5.2.10. Any mediator or arbitrator engaged by the Parties to the Action, provided such person has first executed the Acknowledgment; and

5.2.11. Any person or entity who Counsel for the Disclosing Person agrees, after conferring in good faith, should have access to Highly Confidential Discovery Material or who, upon motion with good cause shown, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is at issue), the Court orders may have access.

5.2.12. Any disclosure permitted by this section may be made only to the extent reasonably necessary to prosecute or defend the Action.

5.3 Responsibility for Compliance. Counsel for the Party that discloses "Confidential" or "Highly Confidential" Discovery Material shall be responsible for assuring compliance with the terms of this Stipulation and Order with respect to persons to whom such "Confidential" or "Highly Confidential" Discovery Material is disclosed and shall obtain and retain the original Acknowledgments executed by qualified recipients of "Confidential" or

"Highly Confidential" Discovery Material (if such execution is required by the terms of this Stipulation and Order).

6. EFFECT OF STIPULATION AND ORDER. This Order binds the Parties and non-parties to treat as Confidential or Highly Confidential any Discovery Material so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of Personal Data or Non-Public Personal Financial Information permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement.

7. CONSENT TO DISCLOSURE OF US PERSONAL DATA OR NON-PUBLIC PERSONAL FINANCIAL INFORMATION. To the extent any United States federal or state law or other United States legal authority governing the disclosure or use of Personal Data or Non-Public Personal Financial Information ("Personal Data or Non-Public Personal Financial Information Law") requires a Disclosing Person and/or Receiving Party to obtain a subpoena or court order before disclosing any Personal Data or Non-Public Personal Financial Information, in light of the protections provided for in this Stipulation and Order, the volume of documents to be produced and the ongoing oversight of the Court, this Stipulation and Order shall constitute an express direction that the Disclosing Person and/or Receiving Party is exempted from obtaining such court-ordered subpoena, having to notify and/or obtain consent from any person or entity prior to the disclosure of Personal Data or Non-Public Personal Financial Information in the Action, and/or having to provide a certification that notice has been waived for good cause. To the extent that any Personal Data or Non-Public Personal Financial

Information Law requires that any person or entity be notified prior to disclosure of Personal Data or Non-Public Personal Financial Information except where such notice is prohibited by court order, this Order shall constitute an express direction that Disclosing Persons and Receiving Parties are prohibited from providing such notice in the Action; provided, however, that this Stipulation and Order shall not prohibit any Disclosing Person and/or Receiving Party from contacting any person or entity for any other purpose. Any Disclosing Person or Receiving Party may seek additional orders from the Court that such Party believes may be necessary to comply with any Personal Data or Non-Party Financial Information Law.

8. COURT FILINGS. Any Receiving Party who seeks to file with the Court any Discovery Materials that have previously been designated by any Producing Party as "Confidential" or "Highly Confidential," shall either (a) obtain the Producing Party's permission to remove the "Confidential" or "Highly Confidential" designation for the Discovery Material, or (b) pursuant to Federal Rule of Civil Procedure 5.2 and all other applicable rules, apply for an order of the court to seal and/or redact such materials upon written motion. In determining whether good cause or another compelling reason exists to seal and/or redact the information in question, the Court weighs the public's interest in access against the privacy interests of each relevant Party. Absent a Court Order denying a motion to seal, a Receiving Party may not file in the public record any Discovery Material designated as Confidential or Highly Confidential hereunder.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS OUTSIDE THE SCOPE OF THIS ACTION.

9.1 If, at any time, any Discovery Material governed by this Stipulation and Order are requested from or subpoenaed from any Party by any court, administrative or legislative body, or by any other person or entity purporting to have authority to seek or require the production thereof, the Party to which the request or subpoena is directed shall, to the extent

permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and in no event more than five (5) business days after receipt of the request or subpoena give written notice to the relevant Disclosing Person through all Outside Counsel of record for such Disclosing Person and must include a copy of the request or subpoena in question.

9.2 The Party to whom the request or subpoena is directed also must immediately inform in writing the person who caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Stipulation and Order and deliver a copy of this Stipulation and Order promptly to the person who cause the delivery of the request or issuance of the subpoena.

9.3 To the extent permitted by law, the Party to which the request or subpoena is directed shall not produce material for at least ten (10) business days after notice of the request or subpoena is provided to the Disclosing Person in order to provide the Disclosing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material. To the extent the Disclosing Person requires additional time, it shall so state and the Party receiving the request or subpoena shall afford such reasonable additional time to take necessary actions before making any production.

9.4 If the Party to which the request or subpoena is directed is compelled by applicable law or a court order to respond to the request or subpoena in less than ten business (10) days, the Party to whom the subpoena is directed shall, to the extent permitted by law, notify the Disclosing Person of this fact. In no event shall such Discovery Material subject to this Order and Stipulation be produced to a third party by a Party pursuant to a request or subpoena without providing the Disclosing Person an opportunity to quash, limit or object, absent a court order to

do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" or "Highly Confidential" under this Order and Stipulation is produced in response to a request or subpoena, the recipient of the request or subpoena shall take commercially reasonable steps to ensure that the protections afforded under this Order and Stipulation shall continue to apply to such Discovery Material, including by designating them similarly.

9.5 The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Person an opportunity to protect its confidentiality interest where the request was sent from or in the court from which the subpoena or order is issued. The Disclosing Person shall bear all responsibility for any objections to the production of such Discovery Material, except that a Party receiving any request or subpoena shall not voluntarily make any production to a third party of a Disclosing Person's "Confidential" or "Highly Confidential" Discovery Material until resolution of any objections interposed by the Disclosing Person, unless compelled by court order issued after giving notice to the Disclosing Person.

9.6 Notwithstanding any other provision in this Stipulation and Order, nothing in this Stipulation and Order shall be construed as prohibiting or otherwise restricting any party from providing documents to or otherwise voluntarily communicating with the U.S. Securities and Exchange Commission, the Financial Industry Regulatory Authority, the Commodity Futures Trading Commission, or any other governmental, regulatory, or self-regulatory organization about a potential violation of law or as authorizing or requiring a Party or non-party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court.

10. CHALLENGES TO DESIGNATIONS.

10.1 Entry of this Stipulation and Order shall be without prejudice to any Party's motion for relief from or the modification of the provisions hereof or to any other motion in the course of the Action. A Party may object to a designation or upward designation of Discovery Material as "Confidential" or "Highly Confidential" up to thirty (30) days after the close of discovery. The Party challenging the designation shall notify the Disclosing Person (or the designating Party, as applicable), in writing, of its disagreement and specifically identify the information in dispute.

10.2 Following receipt of the written notification under section 10.1 of this Stipulation and Order, counsel for the Disclosing Person (or the designating Party, as applicable) and the Party challenging the designation shall meet and confer in an effort to resolve any disagreement. If, despite their good faith effort, the Parties do not resolve their disagreement within ten (10) days of the Disclosing Person's or Receiving Party's receipt of the written notice, any Party contesting the designation may thereafter apply to the Court on notice, consistent with the governing local rules and individual practices of the assigned judge, on the propriety of the designation.

10.3 Where a Party challenges a designation of "Confidential" or "Highly Confidential" as a result of such a designation, the challenging Party must initiate the motion before the Court, but it is the burden of the Disclosing Person (or the designating Party, as applicable) seeking protection under this order to demonstrate that the designation is appropriate.

10.4 Until the Receiving Party applies to the Court for a ruling on the designation and until the Court rules on that motion, the Discovery Material in question will be treated as "Confidential" or "Highly Confidential" under this Stipulation and Order, and a

challenge under this section shall not affect a Party's right of access to "Confidential" or "Highly Confidential" Discovery Material or to disclose information as provided for in this Stipulation and Order. A Party does not by itself waive its right to challenge a "Confidential" or "Highly Confidential" designation by not electing to mount a challenge promptly after the original designation is made.

11. INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY. If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must immediately (a) notify in writing the Disclosing Person of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation and Order; and (d) request such person or persons to execute the Acknowledgment.

12. USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED INFORMATION. Nothing herein shall impose any restriction on the use or disclosure by a Party or its agent of its own information, or of publicly available information, or of information lawfully available to that party, or of information that lawfully came into the possession of the Party independent of any disclosure of Discovery Material made in the Action.

13. ADVICE TO CLIENT. Nothing in this Stipulation and Order will bar or otherwise restrict Outside Counsel or In-House Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" or "Highly Confidential" Discovery Material in rendering such advice.

14. PRE-TRIAL APPLICATION ONLY. This Stipulation and Order shall apply to

pre-trial proceedings in the Action only. The Parties agree to confer in good faith on a protective order to govern during trial in the Action. This Stipulation and Order, however, shall remain in effect until such time as an order to govern trial proceedings is entered.

15. DURATION OF ORDER/RETURN OF DISCOVERY MATERIAL. All provisions of this Stipulation and Order restricting the use of Discovery Material shall continue to be binding after the conclusion of the Action unless otherwise agreed or ordered by the Court. Within ninety (90) days of the conclusion of the Action (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise, and where the time for any further appeals has expired), all Parties in receipt of Discovery Material in the Action shall make commercially reasonable efforts to either return such materials and copies thereof to the Disclosing Person or destroy such materials and certify that fact. The Receiving Party is not required to return or destroy Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) is located in the email archive system or archived electronic files of departed employees; (iii) must be retained pursuant to the Receiving Party's legal or regulatory retention obligations; (iv) is subject to legal hold obligations or (v) is only retrievable through the use of specialized tools or techniques not used in the ordinary course, or otherwise is not reasonably accessible, identifiable, segregable, or capable of deletion through commercially reasonable efforts; provided however, that these materials continue to be subject to the terms of this Stipulation and Order, and nothing herein shall require a Receiving Party to restore, retrieve, or otherwise make accessible such Discovery Material for purposes of complying with this section. Backup storage media will not be restored for purposes of returning or certifying destruction of Discovery Material but such retained information shall continue to be treated in accordance

with the Stipulation and Order. Counsel of record shall also be permitted to keep a copy of Discovery Material to the extent that it is incorporated into any pleadings, motions, or other work product. In that case, counsel of record shall continue to treat the Discovery Material in accordance with this Stipulation and Order. Upon request, counsel of record shall certify in writing that they have complied with this section.

16. RESERVATION OF RIGHTS. Nothing contained in this Stipulation and Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by another Party. Nothing in this Stipulation and Order shall be deemed an admission that any particular information designated as “Confidential” or “Highly Confidential” is entitled to protection under the Stipulation and Order, applicable rules, such as Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Stipulation and Order shall be construed as granting any person or entity a right to receive specific “Confidential” or “Highly Confidential” information where a court has entered an order precluding that person or entity from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as “Confidential” or “Highly Confidential.” The Parties agree that by stipulating to entry of this Stipulation and Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation and Order. Nothing in this Stipulation and Order shall affect the right of any party or non-party to oppose any request for discovery or any ground permitted by the Federal Rules of Civil Procedure or any other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any such ground. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the

Discovery Material covered by this Stipulation and Order. Nothing in this Stipulation and Order relieves the Parties from any obligation in existence prior to the entry of this Stipulation and Order to maintain the confidentiality of documents, information, and/or communications previously provided or to be provided to any Party relating to this Action.

17. STANDARD OF CARE.

17.1 The recipient of any Discovery Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Discovery Material shall not be copied, reproduced, extracted or abstracted, except to the extent that such copying, reproduction, extraction or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the designated material on which they are based.

17.2 In addition, the recipient of "Confidential" or "Highly Confidential" Discovery Materials shall protect these materials with the same degree of care that they use to protect and safeguard their own like information. Such measures shall include, but are not limited to, restricting access to the data to persons authorized to receive such material under Section 5, and ensuring that the data is not copied, reproduced, extracted or abstracted except to the extent that such acts are reasonably necessary for the conduct of the Action. Any such copies, reproductions, extractions or abstractions are "Confidential" or "Highly Confidential" Discovery Materials and are subject to the same restrictions and controls. When any Receiving Party ships any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that

format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material by secure courier including FedEx or UPS or other secure method and retain a tracking number for the materials. If the Receiving Party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Disclosing Person and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

17.3 If a Receiving Party or authorized recipient engaged by a Receiving Party discovers the loss of any Discovery Material due to a breach of security, including any actual or suspected unauthorized access, relating to a Disclosing Person's documents or information designated as Confidential Information or Highly Confidential, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to the Disclosing Person of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Disclosing Person with assurances reasonably satisfactory to the Disclosing Person that such breach shall not recur; and (3) provide sufficient information about the breach that the Disclosing Person can reasonably ascertain the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Disclosing Person or law enforcement in investigating any such security incident. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

18. <u>USE OF ARTIFICIAL INTELLIGENCE TOOLS AND SERVICES</u>. A Receiving Party may only use generative artificial intelligence tools, large language models, machine-learning models, or other artificial intelligence-enabled software or services (each an "AI Tool" and collectively "AI Tools") to assist in the processing, review, analysis, search, organization,

coding, translation, summarization, or management of Discovery Material, or otherwise in connection with the prosecution or defense of this Action, where an such use complies with this Stipulation and Order and the requirements of this Section.

18.1 A Receiving Party shall not input, upload, submit, transmit, or otherwise make any Discovery Material available, in whole or in part, to any public, consumer, or free-tier generative AI Tools, large language models, or similar applications (including, but not limited to: OpenAI, ChatGPT, Google Gemini, Meta Llama, Microsoft Copilot, Claude AI, Grammarly) or to any AI Tool whose applicable terms or configuration would permit Discovery Material to be used or disclosed in a manner inconsistent with this Stipulation and Order.

18.2 Before submitting Discovery Material to an AI Tool operated or provided by a third party, the Receiving Party shall exercise reasonable diligence to confirm that enforceable contractual terms, including any applicable data processing agreement or other binding terms governing the Receiving Party's use of the AI Tool, together with applicable technical and administrative safeguards, provide for the following:

(a) No Training or Model Improvement. The provider shall not use Discovery Material, any data derived therefrom, prompts, outputs, or other data that contain or reflect Discovery Material, to train, fine-tune, retrain, develop, test, evaluate, or otherwise improve any model, product, or service for the benefit of the provider or any third party, except to the extent necessary to provide the applicable service to the Receiving Party and in a manner that does not result in such information becoming available to other customers or users.

(b) Use and Purpose Limitation. The provider shall process Discovery Material solely as necessary to provide the applicable service to the Receiving

Party and shall not use Discovery Material for advertising, profiling, independent product development, or any other purpose unrelated to providing that service.

(c) Confidentiality and Limited Disclosure. The provider shall not disclose Discovery Material to any third party except to personnel, affiliates, sub-processors, or service providers whose access is reasonably necessary to provide or support the service and who are subject to confidentiality, use, and security obligations no less protective in material respects than those applicable to the provider. Discovery Material shall not be made available to other customers, users, or members of the public.

(d) Human Access. Access to Discovery Material by personnel of the provider or any sub-processor shall be limited to circumstances reasonably necessary to provide, maintain, secure, or support the service, or as otherwise required by law, and shall be subject to appropriate confidentiality and access controls.

(e) Security. The AI Tool shall maintain reasonable and appropriate administrative, technical, and organizational safeguards designed to protect Discovery Material against unauthorized access, use, disclosure, alteration, loss, or acquisition, consistent with the sensitivity of the Discovery Material and any other data-security requirements imposed by this Stipulation and Order.

(f) Retention and Deletion. The Receiving Party shall take commercially reasonable steps to ensure that Discovery Material submitted to an AI Tool is not retained by the provider longer than necessary to provide the applicable service, except as otherwise permitted by this Stipulation and Order. At the conclusion of the Action, Discovery Material submitted to or retained by an AI Tool, and any

information derived therefrom that is subject to this Stipulation and Order, shall be returned or destroyed in accordance with the Final Disposition provisions of this Stipulation and Order. Any Discovery Material or derived information that is not required to be returned or destroyed pursuant to those provisions shall remain subject to this Stipulation and Order.

(g) Integrations and Downstream Disclosure. The Receiving Party shall not enable or use any integration, plug-in, agent, external tool, or other functionality that causes Discovery Material to be transmitted or made available to another person or service unless that person or service is authorized to receive the Discovery Material under this Stipulation and Order and is subject to protections consistent with the requirements of this Section.

18.3 Any prompt, output, embedding, index, log, vector representation, or other artifact created through use of an AI Tool that contains, quotes, reflects, or would reasonably permit reconstruction of Discovery Material shall be treated as Discovery Material bearing the same level of confidentiality as the Discovery Material from which it was derived and shall be used solely for purposes permitted by this Stipulation and Order.

18.4 The Receiving Party shall retain written documentation reasonably sufficient to establish the basis for its determination that an AI Tool used to process Discovery Material satisfies the requirements of this Section, including the contractual terms or other binding commitments applicable to such use and their effective date. Nothing in this Section requires disclosure of privileged communications, attorney work product, or information protected from disclosure by applicable law.

18.5 For purposes of this Section, protections that exist solely as optional or user-configurable settings shall not, standing alone, satisfy a requirement that the provider be bound by an enforceable contractual obligation. A Receiving Party remains responsible for configuring and using an otherwise-permitted AI Tool in a manner consistent with this Stipulation and Order.

18.6 Nothing in this Section authorizes any Party or Receiving Party to use an AI Tool to create, fabricate, materially alter, reconstruct, or simulate any document, communication, image, recording, data, or other material for the purpose of presenting or representing such material as authentic evidence or Discovery Material. Any AI-generated or AI-modified material used in connection with this Action shall not be represented as an authentic reproduction of an underlying document, communication, event, or other evidence unless the Party making such representation has a good-faith basis, independent of the AI-generated or AI-modified material itself, for doing so. Nothing in this provision limits the use of AI Tools for permitted litigation-support purposes, including drafting, summarization, translation, organization, analysis, or demonstrative preparation, provided that such use does not misrepresent the authenticity, provenance, or contents of evidence.

18.7 For the avoidance of doubt, submission of Discovery Material to an AI Tool in violation of this Section constitutes an unauthorized disclosure of Discovery Material under this Stipulation and Order. Nothing in this Section expands the persons authorized to receive Discovery Material, modifies the permitted purposes for which Discovery Material may be used, or alters any heightened restrictions applicable to particular categories of Discovery Material under this Stipulation and Order.

19. USE AND DISCLOSURE OF OWN INFORMATION. Nothing in this

Stipulation and Order shall be construed to limit any Disclosing Person's use or disclosure of its own documents, materials, or information that have been designated as "Confidential" or "Highly Confidential" pursuant to this Stipulation and Order.

20. EFFECT ON OTHER AGREEMENTS. Nothing in this Stipulation and Order shall be construed to effect, amend, or modify any existing confidentiality agreements between, or protective orders applicable to, any of the parties hereto.

21. MODIFICATION. This Stipulation and Order may be changed only by agreement of the parties hereto or by an order of this Court. Except as provided herein, this Stipulation and Order shall not prejudice the right of any party or non-party hereto to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modification of this Stipulation and Order upon notice to all other Parties and affected non-parties.

22. NON-PARTY DISCOVERY. The Parties agree that, during the pendency of this Action (including any related appeals) they shall not disclose, disseminate, or otherwise share any Discovery Material produced by a non-party in response to a subpoena, or the contents thereof, with any member of the media, press, or news organization. A non-party producing Discovery Material in the Action may designate as "Confidential" any Discovery Material that contains protected health information, as that term is defined in 45 C.F.R. § 160.103, in accordance with the procedures set forth in this Stipulation and Order, and such non-party shall have the same rights and protections as a Disclosing Person with respect to such designated Discovery Material.

23. NEW PARTIES TO THE ACTION. In the event that additional persons or entities become parties to the Action, such parties shall not have access to Confidential or Highly

Confidential Discovery Material produced by or obtained from any Disclosing Person until the newly joined parties or their counsel endorse a copy of the Acknowledgment and file it with the Court.

24. COURT RETAINS JURISDICTION. The Court retains jurisdiction even after final disposition of this litigation to enforce this Stipulation and Order by the sanctions set forth in the relevant rules, such as Rule 37 of the Federal Rules of Civil Procedure, and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Stipulation and Order in contempt and to make such amendments, modifications, deletions, and additions to this Stipulation and Order as the Court may from time to time deem appropriate.

25. NO WAIVER. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Each Party reserves all rights as to arguments to be made at a later juncture in these proceedings.

26. GOVERNING LAW. Except to the extent that federal law may be applicable, this Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York, without regard to conflict of law principles.

27. EXECUTION. This Stipulation and Order may be executed in counterparts. This Stipulation and Order shall become effective as a stipulation as among the executing Parties immediately upon its execution by such executing Parties.

*[signature page follows]*

Chirayu Rana (Oct 27, 2026 16:15:38 EDT)

Chirayu Rana

Jon L. Norinsberg
Joseph & Norinsberg LLC
825 Third Avenue – Suite 210
New York, NY 10022
Jon@norinsberglaw.com
(212) 791-5396

*Attorneys for Chirayu Rana*

Signed by:
24DA6CF30B8142D...

Sam S. Shaulson
Melissa C. Rodriguez
Rebecca Hegazy
Morgan Lewis Bockius LLP
101 Park Avenue
sam.shaulson@morganlewis.com
melissa.rodriguez@morganlewis.com
rebecca.hegazy@morganlewis.com
(212) 309-6001

*Attorneys for Lorna Hajdini*

Cardelle B. Spangler (*admitted pro hac vice*)
Sarah N Kreger (*admitted pro hac vice*)
Winston Taylor
300 N. LaSalle Dr.
Chicago, Illinois 60654
Cardelle.spangler@winstontaylor.com
Sarah.kreger@winstontaylor.com
(312) 558-5600

Sophia G. Borne
Winston Taylor
200 Park Avenue
New York, New York 10166
Sophia.borne@winstontaylor.com
(212) 294-6700

*Attorneys for JPMorgan Chase Bank, N.A.*

Sylvia E. Simson
Lauren Rosenblatt
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Sylvia.Simson@gtlaw.com
Lauren.Rosenblatt@gtlaw.com

Kristine J. Feher
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Feherk@gtlaw.com
(973) 360-7900

*Attorneys for Jonathan Wolter, Brandon Graffeo, and Kelly Crowe*

****

IT IS SO ORDERED

Dated:

ORDER

__________________________
Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CHIRAYU S. RANA,**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**JPMORGAN CHASE BANK, N.A., ,et al.,**<br><br>**DEFENDANTS.** | **Case No.: 1:26-cv-06351-LAK** |

**ACKNOWLEDGMENT FOR ACCESS TO CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL**

I, _________________, state that:

1. My business address is ______________________________________________ .

2. My present employer is ______________________________________________.

3. My present occupation or job description is ____________________________________.

4. I have received a copy of the Stipulation and Order (the "Stipulation") entered in the above-caption action (the "Action") on ____________________.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Action, any Confidential or Highly Confidential Discovery Material that is disclosed to me.

8. At the conclusion of my work, testimony, or other role or involvement in this matter, I will return or destroy, to the extent permitted by law, all Confidential or Highly

Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Discovery Material.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation and Order in this Action.

Dated: _____________ By: ________________________________________