Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 30, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351 (LAK)
Letter-Motion for an Order Under Federal Rule of Evidence 502(d)

Dear Judge Kaplan:

We represent Plaintiff Chirayu S. Rana in the above-referenced matter. We write now to respectfully request that the Court issue an order under Federal Rule of Evidence 502(d) in connection with a recorded witness interview. As we noted in our reply brief in further support of the motion to withdraw, ECF No. 102 at 2 n.1, Plaintiff intends to submit, with his opposition to Defendants' pending motions for sanctions, the recording of a June 2025 interview of non-party Chandani Rana conducted by Plaintiff's former counsel, together with certified transcripts of that recording (the "Interview Materials"). Plaintiff will also produce the Interview Materials to Defendants in discovery. The requested order would provide that neither the production nor the submission of the Interview Materials waives work-product protection as to any other material, in this or any other federal or state proceeding.

**The June 2025 Interview of Chandani Rana**

In or about June 2025, Plaintiff's then-counsel, Gregory S. Chiarello of Outten & Golden LLP, interviewed Ms. Rana. Norinsberg Supp. Decl. (ECF No. 102-1) ¶ 11. The interview was recorded, and the recording has been transcribed and certified by Magna Legal Services. Defendants' sanctions motions rely substantially on Ms. Rana's October 22, 2026 declaration, which describes that interview, and Defendants characterize the interview in their papers without ever having heard it. *See* ECF No. 86 at 10; Hajdini Sanctions Br. 13. Plaintiff intends to submit the complete recording and the complete certified transcripts so that the Court can hear for itself the highly detailed factual information Ms. Rana provided during that interview.

**A Rule 502(d) Order Is Warranted**

Rule 502(d) provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court," and that, where it does, "the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). The submission of the Interview Materials is a disclosure "connected with the litigation pending before the court," and the order Plaintiff seeks falls squarely within the Rule.

The requested order is also consistent with the limits Rule 502(a) already places on the scope of any waiver. Subject-matter waiver "is reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary," and is "limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502 explanatory note (rev. Nov. 28, 2007) (subdivision (a)). Plaintiff is not making a selective disclosure. He is submitting the entire recording and the complete certified transcripts, in response to Defendants' characterization of an interview they have never heard.

An order is nonetheless warranted to remove uncertainty. Without one, Defendants may contend that the submission effects a subject-matter waiver reaching the work product of three successive law firms, Outten & Golden LLP, Kaiser Saurborn & Mair, P.C., and Joseph & Norinsberg, LLC. Rule 502 was adopted in part to address precisely the concern "that any disclosure (however innocent or minimal) will operate as a subject matter waiver of all protected communications or information." Fed. R. Evid. 502 explanatory note (rev. Nov. 28, 2007). The requested order would therefore provide that the production and submission waive no work-product protection as to any material other than the Interview Materials themselves, and that it does not require the Court to determine whether the Interview Materials are admissible.

**Defendants' Objections Are Untenable**

On October 29, 2026, counsel for JPMC wrote that the Interview Materials "are not protected by the attorney-client privilege, work-production [sic] doctrine, or any other similar doctrine," and that "[w]ithholding the materials on that basis . . . would be improper." Counsel for Ms. Hajdini joined that request the same evening. Those objections are untenable.

Plaintiff has never asserted that the Interview Materials are protected by the attorney-client privilege, and Defendants are correct that they are not. The Interview Materials are, however, attorney work product: they memorialize a fact-witness interview conducted by Plaintiff's counsel in anticipation of litigation. Plaintiff is nonetheless prepared to disclose them in full. He intends to place them before the Court and to produce them to Defendants upon entry of the requested order. What Plaintiff seeks to avoid is a claim that this voluntary and complete disclosure operates as a general waiver of work-product protection, opening the door to the other work product of Plaintiff's current and former counsel. Neither email addresses that question, and neither offers any reason why a Rule 502(d) order should not issue.

Defendants' own position supports the order. If, as Defendants contend, no protection applies, an order confirming that the disclosure waives nothing further costs Defendants nothing. And even assuming the disclosure constitutes a waiver as to the Interview Materials themselves, Rule 502(a) does not extend that waiver to other work product absent the exceptional

circumstances required for subject-matter waiver, circumstances plainly absent where Plaintiff is producing the complete recording and transcripts. Either way, the disclosure should not become a vehicle for demands into the other work product of Plaintiff's current and former counsel, including their notes, memoranda, drafts, and other witness interviews. The requested order simply confirms that result in advance.

The emails also confirm why the order is needed. Defendants are already disputing the scope of protection before any disclosure has occurred. The requested order will eliminate any collateral dispute over whether disclosure of the Interview Materials opens the door to other protected work product and will allow the Court and the parties to address the sanctions motions with the complete recording before them.

We thank the Court for its consideration of this request.

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: ______________________
Jon L. Norinsberg
Attorneys for Plaintiff

cc: All counsel of record (via ECF)