Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 30, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351 (LAK)

Dear Judge Kaplan:

Pending a motion to withdrawal, this firm is presently counsel of record for Plaintiff Chirayu S. Rana. We write in response to Defendant Lorna Hajdini's ("Defendant Hajdini") October 30, 2026 submission (ECF No. 108). That submission attaches, as an "exhibit," a fully argued "Sur-Reply in Opposition to Motion to Withdraw" (ECF No. 108-1). The Court should reject this tactic and disregard the sur-reply.

Neither the Federal Rules of Civil Procedure nor the Local Civil Rules authorize sur-replies. Accordingly, "the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion… [however, it] is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless colley of briefs.'" *Kapiti v. Kelly*, No. 07 Civ. 3782, 2008 U.S. Dist. LEXIS 20135, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) quoting *Byrom v. Delta Family Care - Disability and Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004) (internal quotation and citation omitted).

Further, filing a sur-reply without first being granted permission from the Court "contravenes the general principle that supplementary filings require leave of the court." *Sevilla v. Perez*, No. 15-CV-3528, 2016 U.S. Dist. LEXIS 131549, at *5-6, n 5 (E.D.N.Y. Sept. 26, 2016). As a result, a sur-reply filed without that leave "is not properly before the Court." *Rattray v. Cadavid*, No. 17 Civ. 8560 (PGG), 2019 U.S. Dist. LEXIS 155397, at *6 n.5 (S.D.N.Y. Sept. 9, 2019); *see also Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 Civ. 8060, 2016 U.S. Dist.

LEXIS, at *9 (S.D.N.Y. Apr. 29, 2016) (striking supplemental filing where the party "neither sought nor received permission from the court to file a [sur-reply]").

Defendant Hajdini's procedure turns this rule on its head. She publicly docketed her complete sur-reply – signed, filed, and containing argument, authorities, and a demand for relief – at the same moment she purports to request permission to file it. In doing so, she made for herself the very decision reserved for the Court. Whatever the Court rules on leave, her arguments are already before it. That does not request leave; it presumes leave. Labeling the brief an "exhibit" does not change what it is or what it does. Accordingly, the Court should deny leave and disregard ECF No. 108-1 in its entirety.

In any event, the sur-reply rests on two erroneous factual premises. First, Defendant Hajdini suggests that because this firm provided Plaintiff with his "case file," there is presumed impropriety (ECF No. 108-1 at 2). That is simply not the case, and Defendant Hajdini has no basis to make such a claim. Providing a client with his file does not mean counsel has given it up. This firm retains the "case file." Second, there is nothing improper about a rolling production. The Federal Rules expressly contemplate it. Production may be completed at "another reasonable time specified in the response," Fed. R. Civ. P. 34(b)(2)(B), and "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment. Reviewing and producing approximately 50,000 documents from four imaged devices in stages, as the review proceeds, is exactly what Rule 34 contemplates. It is not, as Defendant Hajdini contends, a failure to comply with the Court's Order.

For these reasons, we respectfully request that the Court disregard ECF No. 108-1 and grant the motion to withdraw.

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ________________________

Jon L. Norinsberg, Esq.
825 Third Ave., Suite 2100
New York, NY 10022
Tel.: (212) 227-5700
jon@norinsberglaw.com

*Attorneys for Plaintiff*