Case 1:26-cv-06351-LAK Document 55 Filed 10/14/26 Page 1 of 2

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIRAYU S. RANA,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,

Defendants.

26-cv-6351 (LAK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-2-26

## NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of the Motion to Withdraw as Counsel for Plaintiff, dated October 14, 2026, the Declaration of Jon L. Norinsberg, Esq., dated October 14, 2026, and all prior pleadings and proceedings had herein, Joseph & Norinsberg, LLC ("J&N"), counsel of record for Plaintiff Chirayu S. Rana ("Plaintiff"), will move this Court before the Honorable Lewis A. Kaplan, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 21B, on a date and at a time to be set by the Court, for an Order, pursuant to Local Civil Rule 1.4(b) of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 1.16(c) of the New York Rules of Professional Conduct, 22 N.Y.C.R.R. § 1200.0:

(i) granting J&N leave to withdraw as counsel of record for Plaintiff in the above-captioned action;

(ii) affording Plaintiff sixty (60) days from the date of the Court's Order to retain new counsel;

(iii) adjourning the deadlines set forth in the Revised Scheduling Order (Dkt. No. 49) and Plaintiff's time to respond to the Counterclaims (Dkt. No. 43), accordingly;

Memorandum Endorsement Rana v JPMorgan Chase Bank, N.A., 26-cv-6351 (LAK)

Jon L. Norinsberg, Bennitta L. Joseph, John J. Meehan, Monica A. Hincken, and Kassandra Vazquez of the firm of Joseph & Norinsberg, LLC (collectively "Withdrawing Counsel"), counsel of record for plaintiff and subjects of a pending motion for sanctions, seek leave to withdraw as counsel. Defendants oppose the motion unless certain conditions are satisfied.

The motion for sanctions is no obstacle to allowing the motion. Withdrawing Counsel have represented that they "consent[] to the Court's retention of jurisdiction over [them] for that purpose and will participate fully in the sanctions proceedings. Withdrawal therefore [would] deprive[] neither Defendants nor the Court of a single remedy."[1]

Defendants understandably have expressed concern that Withdrawing Counsel already have transferred plaintiff's "case file" and in any case should remain responsible for monitoring plaintiff's efforts to retain and produce requested documents until any withdrawal takes effect. Withdrawing Counsel have responded by asserting that they still "retain[] the 'case file.'"[2] Of course, as long as they remain plaintiff's counsel of record, they remain responsible for ensuring that requested documents are preserved and produced. Leave to withdraw will be appropriately conditioned.

Accordingly, the motion of Withdrawing Counsel for leave to withdraw (Dkt 55) is granted, effective November November 9, 2026, on the conditions that (a) no written objection to the Court's interpretation referred to in footnote 1 has been served or filed, and (b) Withdrawing Counsel have served and filed, on or before November 8, 2026, an affidavit or declaration, attesting that plaintiff's entire "case file" has been preserved and that all requested materials, including approximately 50,000 documents, forensic images and electronically stored information previously collected, either have been produced or remain intact and available following their withdrawal. It is otherwise denied.

SO ORDERED.

Dated: November 2, 2026

Lewis A. Kaplan
United States District Judge

---

1

Dkt 102, at 9. Counsel's withdrawal probably would have been no obstacle to the subsequent imposition of sanctions against them even absent their consent though the Court need not so decide given that consent. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir. 1999).

The subject of the quoted sentence is "J&N" which refers to the law firm. As the motion to withdraw was signed by filed on behalf of the five individual attorneys as well as the law firm (Dkt 55), the Court interprets the sentence as applying to all Withdrawing Counsel. Should any of the Withdrawing Counsel disagree with that interpretation, they shall serve and file a written objection on or before November 5, 2026 and thus in advance of the effective date of the withdrawal approved by this order.

2

Dkt 112, at 2.