USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11-2-26

Joseph & Norinsberg
Fighting for Employee Justice

MEMO ENDORSED

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

October 15, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 26-cv-6351 (LAK)**

Dear Judge Kaplan:

This firm represents Plaintiff Chirayu S. Rana in the above-referenced action. We write pursuant to Federal Rule of Civil Procedure 26(c), Local Civil Rule 7.1(d), and Your Honor's Individual Practices to respectfully request that the Court (i) stay all discovery pending resolution of the motion of Joseph & Norinsberg, LLC ("J&N") for leave to withdraw as counsel (Dkt. Nos. 55–57) (the "Motion to Withdraw") and, if that motion is granted, for the period the Court affords Mr. Rana to retain new counsel; and (ii) extend Plaintiff's time to respond to Defendant Lorna Hajdini's Counterclaims (Dkt. No. 43), currently due October 19, 2026.

On October 14, 2026, J&N moved for leave to withdraw. As set forth in the supporting declaration, professional considerations require J&N to terminate the representation: irreconcilable differences have arisen between J&N and Mr. Rana, and the attorney-client relationship has deteriorated to the point that it cannot be repaired. Dkt. No. 57-1 ("Norinsberg Decl.") ¶ 3. The Motion to Withdraw asks the Court to afford Mr. Rana sixty days to retain new counsel and to adjourn the deadlines in the October 6, 2026 Revised Scheduling Order (Dkt. No. 49) accordingly. Discovery, however, continues while that motion is pending. Defendant Lorna Hajdini and Defendant JPMorgan Chase Bank, N.A. ("JPMC") have served 153 and 93 requests for the production of documents, respectively, as well as interrogatories and numerous requests for admission, and Defendant Graffeo has served interrogatories.

Here, a brief stay of discovery is warranted. The Court has inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time

Memorandum Endorsement Rana v JPMorgan Chase Bank, N.A., 26-cv-6351 (LAK)

Plaintiff's current counsel of record, who today conditionally have been granted leave to withdraw effective November 9, 2026, first informed their client on October 9, 2026 of their intention to seek such leave and advised him to seek new counsel. Plaintiff did not object to their withdrawal. On October 22, 2026, new counsel appeared for plaintiff, but that counsel moved on the following day for leave to withdraw on the ground that "the circumstances [of the matter] materially differ from our initial understanding" – a motion that the Court promptly granted. (Dkt 81) The matter now is before the Court on plaintiff's motion, filed by current counsel of record on October 15, 2026, to stay discovery "for the period the Court affords Mr. Rana to retain new counsel" and to extend plaintiff's time within which to reply to a counterclaim. (Dkt 61).

Plaintiff already has had 23 days since current counsel indicated their intention to depart from the case and advised plaintiff to obtain new counsel. The conditional leave granted to plaintiff's current counsel to withdraw effective November 9, 2026 quite deliberately – in the unique and troubling circumstances of this unusual case – did not stay the obligation of plaintiff and his current counsel to proceed with document and electronic discovery in the interim. The Court declines at this point to vary from that determination. Nonetheless, it grants so much of plaintiff's application as seeks an extension of time within which to respond to the counterclaim until the earlier of November 30, 2026 and the 14th day following the appearance of new counsel for the plaintiff. In addition, it would consider afresh any application by new counsel for the plaintiff for an appropriate adjustment of the discovery schedule. The motion (Dkt 61) is denied in all other respects.

SO ORDERED.

Dated: November 2, 2026

Lewis A. Kaplan
United States District Judge