UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X
CHIRAYU S. RANA,

Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,

Defendants.
---------------------------------------------------- X

Case No. 16-cv-06351-LAK

**DEFENDANT/COUNTERCLAIM PLAINTIFF LORNA HAJDINI'S**
**SUR-REPLY IN OPPOSITION TO MOTION TO WITHDRAW**

Local Civil Rule 1.4 permits withdrawal "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal." Local Civ. R. 1.4(b). J&N still has not carried that burden. The reply provides additional detail about *when* the firm decided to withdraw, but remains silent about *why*. The reply also raises two concerns for the first time: (1) J&N claims it will begin "rolling" productions of long-overdue discovery; and (2) discloses that it has already transferred Plaintiff's case file while still counsel of record. The Court should deny J&N's withdrawal at this juncture.

***First,*** J&N remains obligated to complete the discovery the Court already ordered. The Court expressly preserved Plaintiff's "preexisting obligation" to produce already overdue documents. ECF No. 68. Yet J&N has produced nothing. It now says that "rolling" productions from four imaged devices and approximately 50,000 documents will begin today, October 30, while its review remains ongoing. ECF No. 102 at 10. Beginning a "rolling" production of long-overdue documents is not compliance with the Court's Order. At minimum, J&N should remain counsel until the production is fully complete. *See Dixon v. Reid,* 2025 WL 2379626, at *1

(S.D.N.Y. July 10, 2025) (conditioning withdrawal on counsel remaining "solely to ensure completion of outstanding discovery").

***Second***, J&N represents that it has already transferred Plaintiff's "case file," although it remains counsel of record. ECF No. 102-1 ¶ 13. That transfer raises preservation concerns, particularly given Plaintiff's documented false statements, fabricated "evidence" and the pending sanctions motions. Until withdrawal is authorized, J&N remains responsible for "monitoring the party's efforts to retain and produce the relevant documents." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004). The Court should therefore require J&N to confirm, before any withdrawal becomes effective, that Plaintiff's entire "case file" has been preserved and that all relevant materials, including the approximately 50,000 documents, forensic images and electronically stored information already collected, remain intact and available following transfer and their eventual withdrawal.

Ms. Hajdini respectfully requests that the Court deny Plaintiff's motion on this record.

Dated: October 30, 2026

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Melissa C. Rodriguez*

Sam S. Shaulson
Melissa C. Rodriguez
Rebecca Hegazy
101 Park Avenue
New York, New York 10178
Telephone: 212.309.6000
Fax: 212.309.6001
sam.shaulson@morganlewis.com
melissa.rodriguez@morganlewis.com
rebecca.hegazy@morganlewis.com

*Attorneys for Defendant Lorna Hajdini*

**CERTIFICATE OF SERVICE**

I, Melissa C. Rodriguez, hereby certify that I caused a copy of the foregoing to be electronically filed on October 30, 2026, via the Court's CM/ECF electronic filing system, which will provide notice of this filing to all counsel of record.

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez