WINSTON TAYLOR.

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 (312) 558-5600

**Cardelle B. Spangler**
Partner
+1 (312) 558-7541
Cardelle. Spangler@winstontaylor.com

November 2, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10055

**Re: *Chirayu Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351-LAK**

Dear Judge Kaplan:

We represent Defendant JPMorgan Chase Bank, N.A. ("JPMC") and write in opposition to Plaintiff's letter-motion (ECF No. 106, "Ltr.") for an order under Federal Rule of Evidence 502(d) that production of the recording and transcripts of Chandani Rana's June 2025 interview (the "Interview Materials") "waive(s) no work-product protection as to any material other than the Interview Materials themselves." Ltr. at 2. JPMC does not oppose production of the Interview Materials. It opposes a ruling that would limit the scope of any waiver associated with the production of those materials because (1) Plaintiff has not shown the Interview Materials are protected work product, (2) Plaintiff already waived any such protection by placing Ms. Rana's interview directly at issue, and (3) having affirmatively waived such protection, Plaintiff cannot invoke Rule 502(d) after-the-fact.

## I. Rule 502(d) Does Not Apply Because Plaintiff Has Not Shown the Materials Are Protected.

"Rule 502(d) is not applicable when the communications are not protected in the first place." *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 2865102, at *11 (S.D.N.Y. July 3, 2019). Plaintiff bears the burden of showing both that the work product protection exists and that it has not been waived. *See Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 169 (S.D.N.Y. 2002). Here, Plaintiff has not made the necessary showing that the Interview Materials are protected by any applicable privilege, including the work product doctrine. He offers only the conclusory assertion that the Interview Materials "memorialize a fact-witness interview conducted by Plaintiff's counsel in anticipation of litigation." Ltr. at 2. JPMC disputes that these materials are work product and reserves all arguments in this regard. Regardless, as it is Plaintiff's burden of proof and he neither provides any other factual basis for attempting to protect the materials nor cites any case law in support of his position, his request should be denied.[1]

[1] Plaintiff's argument that the order he seeks "costs Defendants nothing" if no work product protection actually applies (Ltr. at 2) entirely misses the point as he must make his showing in the first instance.

### II. Plaintiff Has Already Waived Any Protection by Placing the Interview at Issue.

Even if the Interview Materials were work product, Plaintiff has waived that protection by putting them at issue. *In re Actos Antitrust Litig.*, 628 F. Supp. 3d 524, 534 (S.D.N.Y. 2022). Work-product protection is waived "when a party possessing the documents seeks to selectively present the materials to prove a point, but then attempts to invoke the privilege to prevent an opponent from challenging the assertion." *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 587 (S.D.N.Y. 1989).

That is what Plaintiff has done. In Plaintiff's counsel's reply in support its motion to withdraw (ECF No. 102), Plaintiff invoked the interview's substance to rebut Ms. Rana's recantation, representing that during the interview she "described two separate encounters she personally witnessed between Plaintiff and Ms. Hajdini" and "repeatedly distinguished between what she personally observed, what she inferred, and what she could not recall with certainty." ECF No. 102 at 2; *see also id.* at 6, 8. He now proposes to use the Interview Materials as evidence against the pending sanctions motions. Ltr. at 1. That is affirmative use on the very issues in dispute.

Having put the substance of the interview at issue, Plaintiff cannot use Rule 502(d) to dictate the scope of the resulting waiver. That scope turns on "whether a party has made affirmative and selective use of privileged documents, as well as the underlying purposes for the work product doctrine," *McGrath v. Nassau Cnty. Health Care Corp.*, 204 F.R.D. 240, 245 (E.D.N.Y. 2001), and on fairness and prejudice, *see In re Actos*, 628 F. Supp. 3d at 534 (citing *Chase Manhattan Bank N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 163 (2d Cir. 1992)).

Rule 502(d) recognizes subject-matter waiver where a party "intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Ltr. at 2 (quoting Fed. R. Evid. 502 explanatory note). Producing the "entire recording," Ltr. at 2, does not cure the selectivity: the subject Plaintiff put at issue is Ms. Rana's account and how it was obtained—including that her original affirmation "was prepared by a lawyer," ECF No. 102 at 7—yet the order would shield counsel's and potentially Plaintiff's own related "notes, memoranda, drafts, and other witness interviews." Ltr. at 3. Such an order would unfairly prejudice JPMC's ability to further support that Ms. Rana's first affirmation was fraudulently obtained.

### III. Rule 502(d) Does Not Permit a Party to Waive First and Limit the Waiver Later.

Plaintiff disclosed the interview's substance first and sought this order second. ECF No. 102 at 2 & n.1. Rule 502(d) "contemplates enforcement of 'claw-back' and 'quick-peek' arrangements as a way to avoid excessive costs of pre-production review." Fed. R. Evid. 502(d) advisory committee's note; *see Winfield v. City of New York*, 2018 WL 2148435, at *4 (S.D.N.Y. May 10, 2018). The rule does not permit a party that has deliberately used alleged work product to secure, after the fact, a ruling capping the consequences, and Plaintiff cites no authority that it does.

For the reasons stated herein, the Court should deny Plaintiff's letter-motion and order Plaintiff to produce immediately to JPMC the Interview Materials and all related documents including his lawyers' or his own "notes, memoranda, drafts and other witness interviews" that relate to or were prepared in connection with the now-recanted July 28, 2025 affirmation of Chandani Rana.

WINSTON TAYLOR.



If the Court is inclined to grant Plaintiff's letter-motion in any respect, JPMC expressly reserves the right to argue that (i) the Interview Materials are not work product; and (ii) even if the Interview Materials were work product, Plaintiff has affirmatively waived any protections that would otherwise be afforded to those and any related materials.

Respectfully submitted,

/s/ *Cardelle B. Spangler*
Cardelle B. Spangler (*admitted pro hac vice*)
Sarah N Kreger (*admitted pro hac vice*)
Winston Taylor LLP
300 N. LaSalle Drive
Chicago, Illinois 60654
Cardelle.spangler@winstontaylor.com
Sarah.kreger@winstontaylor.com
(312) 558-5600

*Attorneys for JPMorgan Chase Bank, N.A.*

cc: All counsel of record (via ECF)