UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHIRAYU S. RANA,<br><br>Plaintiff,<br><br>-against-<br><br>JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,<br><br>Defendants. | Case No. 1:26-cv-06351-LAK |

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (ECF NO. 126) AND WITHDRAWAL OF MOTION UNDER FEDERAL RULE OF EVIDENCE 502(d) (ECF NO. 106)**

Plaintiff Chirayu S. Rana, by his counsel, Joseph & Norinsberg, LLC, respectfully submits this response to the Court's November 5, 2026 Order (ECF No. 126) concerning Plaintiff's motion under Federal Rule of Evidence 502(d) (ECF No. 106). The motion sought an order confirming that disclosure of the recording of the June 2025 interview of Plaintiff's sister, Chandani Rana, by Plaintiff's former counsel, together with the certified transcripts of that recording (the "Interview Materials"), would not waive work-product protection as to other materials.

Plaintiff brought the motion in the good-faith belief that the Interview Materials are attorney work product, a belief grounded in the circumstances in which the interview took place. On May 20, 2025, Plaintiff, through Outten & Golden LLP, submitted an internal complaint to Defendant JPMorgan Chase Bank, N.A. ("JPMC"). Mem. of Law in Supp. of Def. Lorna Hajdini's Mot. for Sanctions ("Hajdini Br.") at 5. Gregory S. Chiarello, the Outten & Golden partner representing Plaintiff in connection with that complaint, conducted the interview of Ms. Rana shortly afterward, in or about June 2025. *Id.* at 7; ECF No. 102-1 ¶ 11. JPMC itself acknowledges that the witness affirmations that followed were provided as part of Plaintiff's efforts to obtain a

settlement. Mem. in Supp. of JPMC's Mot. for Sanctions, ECF No. 86 ("JPMC Br."), at 3. Taken together, these circumstances suggested to Plaintiff's counsel that the interview was conducted in anticipation of litigation, which is why Plaintiff sought the protection of a Rule 502(d) order before disclosing the Interview Materials.

Plaintiff's present counsel, however, did not represent Plaintiff when the interview was conducted and therefore cannot independently provide the evidentiary showing contemplated by the Court's Order. Although the circumstances surrounding the interview arguably support the assertion of work-product protection, Plaintiff does not believe that further litigation of this collateral issue would serve the interests of judicial economy. Accordingly, Plaintiff hereby withdraws the motion (ECF No. 106) and respectfully requests that the Court accept this submission as its response to the November 5, 2026 Order.

Plaintiff respectfully submits that this withdrawal is limited to the Interview Materials. It is not intended to be a waiver of work-product protection as to any other material, including counsel's notes and memoranda of witness interviews, which Plaintiff will assert as appropriate with respect to particular documents. *See Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S. Ct. 385, 393–94 (1947).

Dated: New York, New York
November 6, 2026

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: /s/ Jon L. Norinsberg
Jon L. Norinsberg
825 Third Avenue, Suite 2100
New York, New York 10022
(212) 227-5700
jon@norinsberglaw.com
Attorneys for Plaintiff