UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHIRAYU S. RANA,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., LORNA HAJDINI, BRANDON GRAFFEO, JON WOLTER, and KELLY CROWE,

Defendants.

Case No. 1:26-cv-6351 (LAK)

**DECLARATION OF JON L. NORINSBERG, ESQ.**
**PURSUANT TO THE COURT'S NOVEMBER 2, 2026 ORDER**

JON L. NORINSBERG declares as follows pursuant to 28 U.S.C. § 1746:

1. I am a managing partner at Joseph & Norinsberg, LLC ("J&N"), counsel of record for Plaintiff Chirayu S. Rana ("Plaintiff") in this action. I submit this declaration on behalf of J&N and each of the attorneys identified in the Court's November 2, 2026 Order (the "Order") (Dkt. No. 118)—myself, Bennitta L. Joseph, John J. Meehan, Monica Hincken, and Kassandra Vazquez (collectively with J&N, "Withdrawing Counsel")—to satisfy condition (b) of the Order and to confirm that condition (a) has been satisfied.

2. The statements in this declaration are based on my personal knowledge; my review of J&N's files for this matter; my discussions with the J&N attorneys and staff who performed the discovery work described below; and communications with Empire Discovery (the "Vendor"), the e-discovery vendor retained in this matter.

3. Consistent with Withdrawing Counsel's obligations under Rule 1.6 of the New York Rules of Professional Conduct, and as explained in J&N's motion papers (Dkt. No. 56 at 4-

5), this declaration does not disclose privileged communications or other confidential information concerning Plaintiff. The attorney-client privilege belongs to Plaintiff, and nothing in this declaration is intended to waive it or any work-product protection. Should the Court require further detail on any matter addressed below, Withdrawing Counsel respectfully request leave to provide it *ex parte* and *in camera*.

4. In summary: (i) Plaintiff's entire case file has been preserved and remains in J&N's custody; (ii) all requested materials, including the approximately 50,000 documents that were forensically imaged from Plaintiff's four devices, and all other documents previously collected, have either been produced to Defendants or remain intact and available, and will remain so following Withdrawing Counsel's withdrawal; and (iii) J&N has delivered the complete case file to Plaintiff and will also deliver it to his successor counsel upon request.

## I. <u>PLAINTIFF'S CASE FILE HAS BEEN PRESERVED</u>

5. For purposes of this declaration, Plaintiff's "case file" consists of: the pleadings and other filings in this action; correspondence with the Court and with counsel for Defendants and nonparties; all discovery requests, responses, and objections served by or on Plaintiff; all documents and ESI received from Plaintiff or collected on his behalf; all documents produced by Plaintiff, Defendants, or nonparties; and J&N's attorney work product relating to this matter.

6. The case file is maintained on J&N's secure server and, with respect to the forensic images and processed ESI, on the Vendor's secure platform. To my knowledge, no portion of the case file has been altered in any way by Withdrawing Counsel or by anyone acting at their direction.

7. Withdrawing Counsel have not relinquished custody of the case file, and J&N continues to retain it, as previously represented to the Court (Dkt. No. 112 at 2).

8. The forensic images of Plaintiff's four devices are held by the Vendor. The Vendor has advised J&N that it can create a Relativity backup of all of the documents in its database, preserving the attorney work product, and place the backup on a hard drive.

9. J&N has arranged with the Vendor to continue to maintain all hosted data and forensic images, without deletion, and has authorized payment for continued hosting through November 30, 2026, or until those materials are transferred to Plaintiff's successor counsel. To the extent that Plaintiff has not retained a successor counsel by November 30, 2026, J&N has agreed to extend the Vendor's hosting for an additional 30 days, i.e., until December 30, 2026.

10. As stated in J&N's motion, J&N is not asserting a retaining lien (Dkt. No. 56 at 6). Accordingly, J&N will promptly deliver the complete case file—including the forensic images and hosted ESI, through a direct transfer from the Vendor if appropriate—to Plaintiff or his successor counsel upon request, and will cooperate to ensure a smooth transition. *See* Dkt. No. 56 at 6 n.1.

## II. COLLECTION, REVIEW, AND PRODUCTION OF DISCOVERY

11. Since this action was commenced on July 27, 2026, Withdrawing Counsel have devoted substantial time and resources to Plaintiff's discovery obligations.

12. As detailed herein, Withdrawing Counsel collected documents and ESI from four devices in addition to collecting documents in the direct possession of Plaintiff. In total, approximately 50,000 documents were collected. As Defendants are aware, the approximate 50,000 documents are the result of the initial imaging that we were able to collect prior to the attorney-client relationship being irretrievably broken. Everything collected remains preserved.

13. J&N attorneys and staff spent a significant amount of time reviewing materials for responsiveness, privilege, and confidentiality, and hired contract attorneys to ensure that J&N met its document production obligations. As of the date of this declaration, Plaintiff has produced

documents Bates-stamped PLAINTIFF_00000001-PLAINTIFF_00006072, which completes our review and production of responsive, non-privileged documents.

14. In addition, Plaintiff has served: (1) Initial Disclosures; (2) Supplemental Initial Disclosures; (3) Responses and Objections to Defendant JPMC's First Set of Interrogatories; (4) Responses and Objections to Defendant Hajdini's First Set of Interrogatories; (5) Supplemental Responses and Objections to Defendant JPMC's First Set of Interrogatories; (6) Supplemental Responses and Objections to Defendant Hajdini's First Set of Interrogatories; (7) Responses and Objections to Defendant JPMC's First Request for the Production of Documents; (8) Responses and Objections to Defendant Hajdini's First Request for the Production of Documents; (9) Supplemental Production of Documents in Response to Defendant JPMC's First Request for the Production of Documents; (10) Supplemental Production of Documents in Response to Defendant Hajdini's First Request for the Production of Documents; and (11) Responses and Objections to Defendant JPMC's First Request for Admissions.

15. The following discovery requests to Plaintiff remain outstanding: (1) Defendant Hajdini's Second Set of Interrogatories (served on October 19, 2026); (2) Defendant Graffeo's First Set of Interrogatories (served on October 2, 2026); (3) Defendant Hajdini's Second Request for the Production of Documents (served on October 19, 2026); and (4) Defendant Hajdini's First Request for Admissions (served on October 14, 2026). All of the Requests, other than Defendant Graffeo's, were served after Plaintiff was notified that J&N intended to withdraw as a result of the irretrievable breakdown of the attorney-client relationship. With respect to Defendant Graffeo's Interrogatories, the parties agreed to reciprocal extensions, and Plaintiff's responses are not yet due.

16. It is worth noting that not a single Defendant has produced a document in connection with any document request served by Plaintiff.

## III. THE ALLEGED DEFICIENCIES IN PRIOR RESPONSES

17. As J&N made clear in its Memorandum of Law in Support of the Motion to Withdraw (Dkt. No. 56 at 4; Declaration of Jon L. Norinsberg dated October 14, 2026, ¶¶ 3-5) and its Reply Memorandum of Law in Further Support of the Motion to Withdraw (Dkt. No. 102), on October 8, 2026, J&N notified Plaintiff that the firm intended to withdraw because the attorney-client relationship had irretrievably broken down. I cannot elaborate on the specifics of this breakdown in a public filing without disclosing confidential information.

18. Nonetheless, Defendants have continued to assert—even after the Court granted Withdrawing Counsel's motion to withdraw—that J&N must address specific purported deficiencies, all of which require substantive engagement between Plaintiff and his counsel. Interrogatory answers, for example, must be made by the party, under oath, and signed by him, Fed. R. Civ. P. 33(b)(1)(A), (b)(3), (b)(5), and counsel's signature on any supplemental response certifies that it rests on a reasonable inquiry, Fed. R. Civ. P. 26(g)(1). In light of the breakdown in the relationship, Withdrawing Counsel are not in a position to undertake that work in a manner consistent with those obligations.

19. Withdrawing Counsel take no position in this declaration on the merits of Defendants' asserted deficiencies, and nothing herein is a concession as to any of them. Those issues can be addressed most effectively by successor counsel, who will be able to consult with Plaintiff, evaluate the issues, and confer with Defendants. That is why J&N requested a 60-day period for Plaintiff to retain new counsel and a corresponding adjournment of deadlines (Dkt. No. 56 at 5-6).

## IV. CONDITION (a) AND THE SANCTIONS PROCEEDINGS

20. None of the Withdrawing Counsel has served or filed a written objection to the Court's interpretation set forth in footnote 1 of the Order. Each of the Withdrawing Counsel—J&N and each of the five individual attorneys—consents to the Court's retention of jurisdiction over them for purposes of the pending sanctions motion and will participate fully in those proceedings.

## V. CONCLUSION

21. Throughout this representation, Withdrawing Counsel have worked in good faith to meet Plaintiff's discovery obligations and to protect both Plaintiff's interests and the integrity of the record. Withdrawing Counsel have taken every reasonable step to ensure that their withdrawal will not result in the loss of any material and will not prejudice Defendants or Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 6, 2026
New York, New York

**JOSEPH & NORINSBERG, LLC**



Jon L. Norinsberg, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I caused a true and correct copy of the foregoing Declaration to be served upon Plaintiff Chirayu S. Rana by electronic mail, and upon all counsel of record via the Court's ECF system.

**JOSEPH & NORINSBERG, LLC**



Jon L. Norinsberg, Esq.