Joseph & Norinsberg
Fighting for Employee Justice

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, New York 10007

**Midtown Manhattan Office**
825 Third Avenue, Suite 2100
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Avenue, Suite 832
Winter Park, Florida 32790

November 10, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: *Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351 (LAK)**

Dear Judge Kaplan:

We write on behalf of Joseph & Norinsberg, LLC ("J&N"), former counsel for Plaintiff Chirayu S. Rana, in response to Defendants' Response to the Declaration of Jon L. Norinsberg (Dkt. No. 134) (the "Response"). Put simply, Defendants' demands are directed at the wrong party—the withdrawal of J&N and its attorneys is already effective. As of November 9, 2026, J&N no longer represents Plaintiff in connection with the above-referenced matter.

## I. Withdrawal Is Effective, and the Court's Retained Jurisdiction Is Limited to the Sanctions Motion

The Court granted withdrawal effective November 9, 2026, on two conditions: (a) no written objection to the Court's footnote 1 interpretation, and (b) a declaration, filed by November 8, attesting that the case file was preserved and that all requested materials "either have been produced or remain intact and available following their withdrawal." Dkt. No. 118 (the "Order"). No objection was filed, and the declaration was filed on November 6, 2026—two days before the court-ordered deadline. Dkt. No. 128. By the Order's express terms, withdrawal took effect yesterday, November 9, 2026.

Nevertheless, Defendants filed their Response the day after the withdrawal was effective, November 10, 2026, asking that J&N "continue as counsel of record." Response at 9. That is a

request to undo an Order that has already taken effect, and Defendants identify no basis for such an extraordinary request. The only jurisdiction the Court retains over J&N is the jurisdiction they expressly consented to: jurisdiction for purposes of the pending sanctions motion. Dkt. No. 118 at 2 & n.1; Dkt. No. 128 ¶ 20. That limited consent is not a vehicle for Defendants to require former counsel to litigate Plaintiff's discovery. In fact, Defendants conceded that "the Court has not expressly required that J&N complete Plaintiff's entire document production prior to withdrawal." Response at 4.

## II. <u>J&N Has Consistently Explained Why It Cannot Cure the Purported Deficiencies</u>

J&N has already addressed the purported deficiencies Defendants now repackage, and explained why they cannot cure them. Dkt. No. 128 ¶¶ 17–19. That position has never varied. In the October 14, 2026 motion papers (Dkt. No. 56 at 4; Norinsberg Decl. dated Oct. 14, 2026 ¶¶ 3–5), on reply (Dkt. No. 102), and in the declaration (Dkt. No. 128 ¶¶ 17–19), J&N explained to Defendants and the Court the same thing: the attorney-client relationship has irretrievably broken down, and the remaining discovery issues must be handled by successor counsel who can consult with Plaintiff. That is why J&N sought 60 days for Plaintiff to retain new counsel. Dkt. No. 56 at 5–6. And that path is now in motion: Tully Rinckey PLLC advised J&N yesterday that they have been retained by Plaintiff. Defendants' concerns squarely belong with Plaintiff and his new counsel, not with former counsel.

Against that consistent record, Defendants offer a single conclusory sentence: "None of this requires collaboration with Plaintiff." Response at 5. Defendants' own list of demands, however, refutes that conclusory statement. They want J&N to explain whether documents were deleted and, if so, "when, why, and by whom." <u>Id.</u> Only Plaintiff can supply that information. They want a privilege log, but the privilege belongs to Plaintiff, and decisions about asserting or waiving it are his and that legal strategy is left to his new counsel. Dkt. No. 128 ¶ 3. They want supplemental and new interrogatory answers, but interrogatories must be answered by the party, under oath, and signed by him. Fed. R. Civ. P. 33(b)(1)(A), (b)(3), (b)(5). They want further supplemental disclosures and responses, but those must be signed by "an attorney of record," which J&N no longer is, certifying a reasonable inquiry that cannot be made without the client. Fed. R. Civ. P. 26(g)(1).

Most tellingly, Defendants ask the Court to "order Plaintiff to cooperate fully in that process." Response at 7. Defendants cannot simultaneously insist that no collaboration with Plaintiff is required and ask the Court to compel Plaintiff's collaboration. And convenience (Response at 5) is no basis to compel former counsel, who cannot consult their former client and remain bound by confidentiality, to make representations on Plaintiff's behalf.

## III. **Conclusion**

The case file has been preserved and delivered to Plaintiff, and will be delivered to successor counsel on request. Dkt. No. 128 ¶¶ 4, 9–10. Nothing in the Order requires former counsel to fund open-ended hosting nor continue to expend substantial attorney resources. Therefore, we respectfully request that the Court deny Defendants' Response in its entirety as to J&N.

We thank the Court for its attention to this matter.

Respectfully submitted,

Jon L. Norinsberg, Esq.
Joseph & Norinsberg, LLC
*Former Counsel for Plaintiff*

cc: All counsel of record (via ECF)
Plaintiff Chirayu S. Rana (via electronic mail)