Morgan Lewis

**Melissa Rodriguez**
+1.212.309.6394
melissa.rodriguez@morganlewis.com

November 10, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10055

**Re: *Chirayu Rana v. JPMorgan Chase Bank, N.A., et al.,* Case No. 26-cv-06351**

Your Honor:

Defendant/Counterclaim Plaintiff Lorna Hajdini ("Ms. Hajdini") respectfully submits this letter motion to request an order authorizing alternative means of service upon Allan Flott ("Mr. Flott"). Specifically, Ms. Hajdini requests authorization to serve Mr. Flott by: (1) emailing the relevant service documents to Johanna Berta, Esq. ("Ms. Berta"), at johanna.berta@qpwblaw.com, with service deemed complete upon transmission of the email to Ms. Berta; and (2) sending the same materials by certified and first-class mail to Mr. Flott's last known residential address—his parents' residence—with service deemed complete upon deposit in the United States mail, postage prepaid.

Ms. Hajdini has made three unsuccessful attempts to serve a subpoena upon Mr. Flott personally—once at his last known residence and twice at his last known business addresses—and Ms. Berta, counsel for Mr. Flott, has declined to provide an updated address for Mr. Flott or accept service on his behalf.[1] Alternative service is warranted to secure documents and testimony directly relevant to this case, including concerning Mr. Flott's perjured affirmation in support of Plaintiff's false allegations about Ms. Hajdini. In addition to seeking his testimony through discovery with the subpoena, Ms. Hajdini intends to name Mr. Flott as a defendant in her Amended Counterclaims based on, *inter alia,* his fabricated affirmation in support of Plaintiff's fraudulent allegations against Ms. Hajdini.

**Relevant Procedural History:** Mr. Flott is currently a non-party in this action. On July 29, 2025, Mr. Flott signed a sworn affirmation purporting to independently corroborate Plaintiff's false sexual assault claims against Ms. Hajdini. NYSCEF No. 5.[2] Mr. Flott's affirmation depicted an explicit sequence. At a September 13, 2024 concert, he swore that a woman was "handsy" with Plaintiff, touching his lap, back, and legs as Plaintiff appeared uncomfortable. *Id.* ¶¶ 2-6. Mr. Flott also claimed that, later that month, at the apartment of Chandani Rana (Plaintiff's sister), a loudly intoxicated

[1] Although Plaintiff listed Mr. Flott, Plaintiff's longtime friend, as a witness in his Initial Disclosures, he provided only a telephone number, and no address, for him.

[2] Plaintiff's state court action was filed in the Supreme Court of the State of New York, County of New York, and is captioned *Chirayu Rana v. JPMorgan Chase & Co. and Lorna Hajdini*, Index No. 155620/2026. State court pleadings are cited herein as "NYSCEF No.___."

woman—Ms. Hajdini—arrived with Plaintiff, emerged from the bedroom "completely naked," sat beside Mr. Flott, lit a cigarette, and repeatedly demanded that he "come join" them. *Id.* ¶¶ 8-11. Per Mr. Flott, Ms. Hajdini allegedly declared, "I own Chirayu, so you'd better come join." *Id.* ¶ 11. Mr. Flott further swore that, through the closed bedroom door, he heard Plaintiff pleading, "no, no, no, you have to leave" and "Please stop," and that Plaintiff afterward said Ms. Hajdini had raped him.

Plaintiff submitted Mr. Flott's affirmation in support of his internal complaint to Defendant JPMorgan Chase Bank, N.A. ("JPMC") and to bolster his efforts to extract a substantial financial settlement from JPMC and Ms. Hajdini. Plaintiff then submitted Mr. Flott's affirmation in the New York state court action, using the same purported eyewitness account to lend credibility to his fabricated allegations and obtain judicial relief. Plaintiff has continued to rely on the allegations in Mr. Flott's affirmation in his pleadings in this Court and statements to the press.

As Your Honor is aware, Chandani Rana has recanted her own sworn affirmation that she signed in July 2025 supporting Plaintiff's allegations (ECF No. 94-8)—including confirming that Plaintiff did not visit and did not have access to her apartment in 2024, which necessarily means that Mr. Flott's statements in his affirmation are also false. Indeed, in discussions with Ms. Berta, counsel for Mr. Flott, and Patrick Selvey, counsel for Chandani Rana, in October 2026, they indicated that statements in Mr. Flott's and Chandani Rana's affirmations were false and that they both intended to recant them. *See* Sarah R. Kreger's Declaration in support of Defendant JPMorgan Chase Bank, N.A.'s Response in Opposition to Motion to Withdraw as Counsel for Plaintiff (ECF No. 77); Declaration of Melissa C. Rodriguez (ECF No. 74-1).[3] Mr. Flott's testimony and documents are therefore directly relevant to material factual issues in dispute, including the accuracy and circumstances of his prior sworn affirmation, including the genesis and creation thereof, and any correction to his earlier account.

**Alternative Means of Service on Mr. Flott Should Be Permitted:** Ms. Hajdini has made reasonable efforts to effectuate personal service of the subpoena on Mr. Flott. A process server attempted service at Mr. Flott's last known residential address on October 14, 2026; Mr. Flott's father answered and stated that Mr. Flott no longer resides there, refused to accept the subpoena, and did not provide an alternate address. On November 6, 2026, a process server attempted to serve Mr. Flott at two addresses where Mr. Flott did business,[4] again without success. The business address for the headquarters of Mr. Flott's company, FFDW Corp, in Sewickley, Pennsylvania, as listed on the West Virginia Secretary of State's website, was vacant and for sale. The process server left the subpoena with an employee at the business address listed on LinkedIn for N'RICH, Mr. Flott's other company, in Arlington, Virginia on November 9; that employee later called the undersigned and stated that she was not authorized to accept service for Mr. Flott. The undersigned also contacted Ms. Berta on October 23 and October 26, again requesting an updated service address or agreement to accept service electronically. Ms. Berta did not respond to either request. Thus, Ms. Hajdini has been unable to accomplish service on Mr. Flott through the addresses presently available or through Ms. Berta, or even obtain his current address for service. What is clear, however, is that Plaintiff failed to disclose an address for his longtime friend Mr. Flott, despite identifying him as a witness; efforts to serve Mr. Flott at his last known residence and business addresses have been unsuccessful;

---

[3] During those discussions, the undersigned asked Ms. Berta to accept service of Ms. Hajdini's subpoena on Mr. Flott or provide his address for service of same. Ms. Berta responded that she was not authorized to do either at the time.

[4] Mr. Flott lists FFDW Corp and N'RICH as his current companies on his LinkedIn page.

and Ms. Berta, who has communicated on Mr. Flott's behalf, has declined both to accept service and to provide an address where he may be served. Under these circumstances, Mr. Flott should not be permitted to remain beyond the reach of discovery while Plaintiff continues to rely on his now-discredited sworn affirmation. Alternative service is plainly warranted.

Rule 45(b)(1) requires delivery of a subpoena to the person named, but courts in this District have recognized that the Rule does not categorically require personal service. *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116 (PGG), 2009 WL 1313259, at *2–3 (S.D.N.Y. May 11, 2009); *SEC v. Pence*, 322 F.R.D. 450, 453–54 (S.D.N.Y. 2017). Alternative service may be authorized where, as here, the serving party has diligently attempted personal service and the proposed method is reasonably calculated to provide timely actual notice and an opportunity to object. *Kenyon v. Simon & Schuster, Inc.*, No. 16-MC-327 (JFK), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016). Most recently, in *Keep On Kicking Music, Inc. v. Universal Music Group, Inc.*, No. 23 Civ. 4400 (JPO) (BCM), ECF No. 153, at 2–4 (S.D.N.Y. July 10, 2025), the court authorized service of nonparty discovery subpoenas by certified mail and registered email after unsuccessful personal-service attempts. The court granted relief even though an attorney known to represent the witness had advised that the attorney was not authorized to accept service.

Separately, Rule 4(e)(1) permits service of a summons and complaint in accordance with applicable state law. Under CPLR 308(5), a court may authorize alternative service where traditional methods are impracticable, provided that the selected method is reasonably calculated to give notice and an opportunity to respond. *See Doe v. Hyassat*, 337 F.R.D. 12, 15–16 (S.D.N.Y. 2020); *Miller v. Naithani*, No. 25 Civ. 8384, ECF No. 19 (S.D.N.Y. 2026) (authorizing email service under Rule 4(e)(1) and CPLR 308(5) upon a showing that the defendant was likely to receive communications at the designated addresses).

The same considerations support allowing the alternative means of service sought here. First, Ms. Hajdini has attempted personal service at both Mr. Flott's last known residence and business addresses and sought Ms. Berta's assistance in arranging service, without success. Further attempts through the same channels would impose additional expense and delay without a demonstrated likelihood of success. Second, the proposed methods are reasonably calculated to provide actual notice. Service through multiple independent channels, including via email to Ms. Berta (who represented Mr. Flott in discussions with counsel about recanting his affirmation), and mail to Mr. Flott's last known residence (his parents' residence), would provide reasonable assurance that the subpoena and Amended Counterclaims reach Mr. Flott. *See JPMorgan Chase*, 2009 WL 1313259, at *3; *Keep On Kicking Music*, ECF No. 153, at 3–4; *Naithani*, ECF No. 19.

Moreover, the requested discovery is unquestionably relevant and discoverable. Mr. Flott previously supplied a sworn affirmation supporting Plaintiff's allegations but has since indicated that—as confirmed by Chandani Rana's own recanting affirmation—his affirmation contains false information. Ms. Hajdini is entitled to investigate the fabrication of evidence and fraud upon the Court through appropriate discovery. The proposed alternative service would facilitate Mr. Flott's deposition and document production on these crucial topics and at this critical juncture, when there is a case-terminating sanctions motion pending. It will also allow Ms. Hajdini to pursue counterclaims against Mr. Flott for his involvement in fabricating false evidence concerning Plaintiff's allegations about her. Accordingly, Ms. Hajdini respectfully requests an order authorizing service of the subpoena and, upon the filing of authorized Amended Counterclaims and issuance of a summons, the summons and Amended Counterclaims, by the following methods: transmission to johanna.berta@qpwblaw.com,

with service deemed complete upon sending the email; and mail to Mr. Flott's parents' residence, with service deemed complete upon deposit in the United States mail.

Ms. Hajdini further requests that each method independently constitute effective service under Rules 4 and 45, as applicable, subject to compliance with the remaining requirements of those Rules.

Respectfully submitted,

*/s/ Melissa C. Rodriguez*
Melissa C. Rodriguez

cc: All counsel of record (via ECF)