USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

CHIRAYU S. RANA,

Plaintiff,

-against-

26-cv-6351 (LAK)

JPMORGAN CHASE BANK, N.A., *et al.*,

Defendants.

---------------------------------------- x

**MEMORANDUM AND ORDER**
**ON MOTIONS FOR SANCTIONS**

LEWIS A. KAPLAN, *District Judge.*

Defendants JP Morgan Chase Bank, N.A. ("JPMC") and Lorna Hajdini move to dismiss the action and for other relief as sanctions for alleged fraud on the Court by plaintiff and at least one of the law firms that previously represented him. The centerpiece (although not exclusive basis) of the motions is the claim that plaintiff deliberately procured

> " and use[d] . . . false sworn testimony to manufacture his claims. [He] scripted an eyewitness account for his own sister knowing he fabricated her account, coached her on her false statements while she spoke with his attorney, and induced her to sign the resulting false affirmation under penalty of perjury by assuring her that it would never be filed in court. He procured a second false affirmation from a friend recounting another event Plaintiff knew never happened. Plaintiff used these fabricated accounts to attempt to induce Defendant JPMorgan Chase Bank, N.A. . . . to settle with him before he filed a lawsuit, presented them to the New York Supreme Court as purported corroboration for his made-up claims, and constructed his pleadings in this Court around their falsehoods."[1]

The proof of these accusations is said to be this:

---

1 JPMC Mem. (Dkt 85) at 1.

> "Plaintiff's sister, Chandani Rana, has recanted her false affirmation under oath, declaring that she 'did not see' the events attributed to her, 'was not present for any of the events' described, and signed the affirmation only after Plaintiff 'told [her] what to say and wrote it down for [her] beforehand.' She confirmed that Plaintiff passed her notes and whispered instructions during her interview with his attorney, and that Plaintiff knew she had not witnessed the purported events about which he asked her to attest. Contemporaneous text messages establish that Plaintiff fed his sister false information for inclusion in the affirmation. Counsel for Ms. Rana has stated that the second affiant, family friend Allan Flott, was likewise 'led astray' by Plaintiff and convinced to execute a false affirmation. This is corroborated by Ms. Rana's October 22, 2026 declaration wherein she admits that Plaintiff had never even been to her apartment in 2024, which is where Mr. Flott falsely claimed to have witnessed an assault on Plaintiff."[2]

Defendants' attack is unsurprising. This controversy has been fought in part as a public relations battle.[3] And the sensational nature of defendants' motions – like the plaintiff's claims – is of a piece. Indeed, it brings to mind the dramatic cross examination of Marlene Dietrich (playing Frau Helm) by Charles Laughton (playing barrister Sir Wilfred Robarts) in *Witness for the Prosecution* – "The question is, Frau Helm, were you lying then, are you lying now, or are you not in fact a chronic and habitual LIAR!"[4]

---

2 *Id.* at 1-2 (footnote omitted).

3 *See, e.g.*, Alexander Saeedy and Ashley Wong, *The JPMorgan Banker Behind the Sexual-Assault Suit Captivating Wall Street,* WALL STREET JOURNAL, May 8, 2026 (available at https://www.wsj.com/business/jpmorgan-banker-chirayu-rana-sexual-assault-lorna-hajdini-179b67b3?mod=Searchresults&pos=4&page=1) (last visited Nov. 17, 2026); Alexander Saeedy, *JPMorgan Banker Says Sex-Assault Allegations Have Ruined Her Life*, May 20, 2026 (available at https://www.wsj.com/finance/jpmorgan-banker-says-sex-assault-allegations-have-ruined-her-life-effea199?mod=Searchresults&pos=3&page=1) (last visited Nov. 17, 2026).

4 Notwithstanding the question's appeal as a dramatic device, it has been suggested that it would not have been an advisable impeachment technique in a real trial. Jules M. Epstein, *Were You Lying Then Or... A "Devastating" Method of Cross-Examination* (available at https://law.temple.edu/aer/2022/03/14/were-you-lying-then-or-a-devastating-method-of-cross-examination/) (last visited Nov. 18, 2026).

But once the P.R. appeal of media attention is put to one side, there is a fundamental difficulty with these motions. Even assuming (purely for the sake of discussion) that Ms. Rana's "recantation" and her original account were utterly irreconcilable – i.e., that one of the two accounts must be entirely false or inaccurate in material respects – the would not reliably inform the Court as to which story is fraudulent.

Sanctions ultimately may or may not prove to be appropriate on defendants' theory or something like it. But this is not the time to decide that. Questions of who is telling the truth about what if anything really happened between the litigants normally are better put to juries than being made into subjects for time consuming and distracting mini-trials before judges on sanctions motions. The parties would be best advised to devote their energies to preparing for trial or, should it prove to be appropriate, summary judgment on the merits.

The sanctions motions (Dkt 84 and 90) are denied without prejudice to renewal after the entry of judgment or at such earlier time, if any, as the Court may permit. This ruling should not be construed as expressing any opinion about whether and to what extent evidence concerning the subject of these motions might be admissible at trial.

SO ORDERED.

Dated: November 18, 2026

Lewis A. Kaplan
United States District Judge