WINSTON TAYLOR.

300 N. LaSalle Dr.
Suite 4400
Chicago, IL 60654-3406
+1 (312) 558-5600

**CARDELLE B. SPANGLER**
Managing Partner, Internal Affairs
(312) 558-7541
cardelle.spangler@winstontaylor.com

November 23, 2026

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

**Re: *Chirayu Rana v. JPMorgan Chase Bank, N.A., et al.*, No. 1:26-cv-06351-LAK**

Dear Judge Kaplan:

We write on behalf of Defendant JPMorgan Chase Bank, N.A. ("JPMC"), with the consent of Defendants Kelly Crowe, Brandon Graffeo, Lorna Hajdini, and Jonathan Wolter, in response to Plaintiff Chirayu Rana's letter motion to revise the case schedule (ECF No. 154, the "Letter").

Defendants do not oppose adjusting the case schedule to account for the fact that counsel Aaron H. Pierce Esq. of Pierce & Kwok LLP was only recently retained. The schedule proposed by Plaintiff, however, is in part unworkable. Plaintiff's proposal would allow only two weeks between the deadline to complete Plaintiff's deposition (January 29, 2027) and the submission of expert disclosures (February 16, 2027). This would not leave sufficient time for the experts to use Plaintiff's testimony to prepare their reports or conduct an Independent Medical Examination, to which Defendants are entitled under Fed. R. Civ. P. 35. Assuming that Plaintiff's document production is completed by no later than January 8, 2026, as he stated to the Court in his Letter, Defendants propose that the Revised Scheduling Order (ECF No. 49) be amended as follows:

| Deadline | Current Date | Plaintiff's Proposal | Defendants' Position |
|---|---|---|---|
| Plaintiff's response to counterclaims | November 30, 2026 | December 30, 2026 | No objection |
| Plaintiff's response to Defendant Graffeo's Interrogatories | November 11, 2026 | December 18, 2026 | No objection |
| Responses to Defendants Graffeo, Crowe, and Wolter's First Requests for Production | December 9, 2026 | January 8, 2027 | No objection |
| Plaintiff's deposition | Noticed for December 14, 15, and 17, 2026 | Before January 29, 2027 | No objection |
| Expert disclosures | January 15, 2027 | February 16, 2027 | March 30, 2027 |
| Rebuttal expert disclosures | February 8, 2027 | March 10, 2027 | April 23, 2027 |

| | | | |
|---|---|---|---|
| Close of discovery | | April 7, 2027 | May 24, 2027 |
| Joint pretrial order and summary judgment motions | | May 10, 2027 | June 28, 2027 |
| Oppositions | | May 24, 2027 | July 28, 2027 |
| Replies | | June 1, 2027 | August 18, 2027 |
| Trial | June 1, 2027 | A date convenient to the Court on or after July 6, 2027 | A date convenient to the Court and to the parties on or after October 4, 2027 |

Plaintiff also requests that his deposition proceed on a "single, coordinated date after he has completed his document production." ECF No. 154 at 2. As Plaintiff notes in his Letter, Defendants have noticed Plaintiff's deposition to occur on December 14, 15, and 17, 2026. Good cause exists for an expansion of Fed. R. Civ. P. 30(d)'s limit on the duration of Plaintiff's deposition, given that Plaintiff asserts twenty-one distinct causes of action against five Defendants in his 317-paragraph Amended Complaint (ECF No. 53)[1] and Ms. Hajdini is pursuing counterclaims against Plaintiff (ECF No. 82). There is no dispute presently ripe for this Court's consideration, however, as the parties have not yet met and conferred regarding Plaintiff's deposition. Counsel for Defendants have requested a conferral with counsel for Plaintiff on this issue, and if a dispute arises that requires this Court's intervention, Defendants will revert in due course consistent with Your Honor's practices on discovery disputes.

Respectfully submitted,

/s/ *Cardelle B. Spangler*
Cardelle B. Spangler (*admitted pro hac vice*)
Sarah N Kreger (*admitted pro hac vice*)
Winston Taylor LLP
300 N. LaSalle Drive
Chicago, Illinois 60654
Cardelle.spangler@winstontaylor.com
Sarah.kreger@winstontaylor.com
(312) 558-5600

*Attorneys for JPMorgan Chase Bank, N.A.*

cc: All counsel of record (via ECF)

[1] Indeed, this Court has previously acknowledged that Plaintiff filed "one of the longest employment complaints I have ever read" which "goes into endless unnecessary detail." *See* ECF No. 50, Oct. 6, 2026 Hr'g Tr. 16:19–21.